# EXHIBIT A



USA    VIETNAM    PHILIPPINES    SINGAPORE

7755 Center Avenue | Suite 1225 | Huntington Beach, CA 92647
+1 949-523-3333 | www.skt.law

February 17, 2026

Nicholas O. Kennedy, Esq.       VIA EMAIL
Baker & McKenzie       nicholas.kennedy@bakermckenzie.com
1900 North Pearl Street, Suite 1500
Dallas, TX 75201

Re: Coronitas Holdings, LLC et. al. v. 1023 Monterey Investors, LLC et. al.
U.S. Dist. Court Case No. 2:25-cv-11946-JFW-SK
(Rule 7-3 Conference Outline of Defendants John E. King and Carole D. King as trustees of the John and Carole King Family Trust dated April 20, 2006)

Dear Counsel,

This letter shall serve as an outline of the issues to be discussed in our upcoming Rule 7-3 Conference concerning the Motion to Dismiss to be filed by Defendants John E. King and Carole D. King as trustees of the John and Carole King Family Trust dated April 20, 2006 ("John E. King Trustee Defendants")[1]

Plaintiffs have filed an action against the John E. King Trustee Defendants and John and Carole King Family Trust dated April 20, 2006 ("the John E. King Trust") for violation of 18 U.S.C. § 1962(c) ("Civil RICO Violation-Count One") and 18 U.S.C. § 1962(d) ("Civil RICO Conspiracy-Count Two") ("the Action").

In response, the John E. King Trustee Defendants intend to file on or before February 27, 2026, a Motion to Dismiss under FRCP rules 9(b), 12(b)(1), 12(b)(6), 12(b)(7) and 17(b) based on the following grounds:

<u>12(b)(6) Dismissal - Count One</u>

Initially, it is important to note, that the Complaint contains materially inconsistent allegations. While Ex.11, p. 171 to the Complaint identifies the John E. King Trustee Defendants and the John E. King Trust as having made the deed of trust, ¶ 158 of the Complaint identifies the "Debtors" as having made the deed of trust. The "Debtors" are defined by the Complaint as the John E. King and Carole King individually. (¶ 3) This material conflict in the racketeering allegations is sufficient in and of itself to defeat Count One.

Notwithstanding, dismissal of Count One will be sought under 12(b)(6) because the Plaintiffs have failed to allege each of the requisite elements of a RICO violation as to each of the John E. King Trustee Defendants.

---

[1] Since John E. King and Carole D. King, individually, together with Black Chaps, LLC intend to file a separate motion, we will provide a Separate Rule 7-3 Conference Letter Outline for their Motion. Lana Lucas and Michael Nelson will also be filing separate motions and thus separate Rule 7-3 Conference Letter Outlines.

February 17, 2026
Re: Coronitas Holdings, v. 1023 Monterey Investors,
Rule 7-3 Conference - John E. King and Carole D. King as trustees of the John and Carole King Family Trust
Page 2 of 4

    First, to demonstrate a "pattern of racketeering activity," a civil RICO plaintiff must allege as to each defendant at least two qualifying predicate acts within a ten-year period that are related and either amount to, or pose a threat of, continuing criminal activity. Isolated completed acts of purported racketeering do not constitute a pattern. As such, the 2009 completed single isolated act by the John E. King Trustee Defendants and John E. King Trust of giving Lana Lucas a deed of trust in the John E. Trust's Maui Vacation Condo as consideration for Lana Lucas' loan of $525,000 does not establish a pattern of racketeering as to the John E. King Trustee Defendants. Nor have the Plaintiffs applied the heightened pleading requirements mandated by Rule 9(b) to the alleged predicate act of recording the deed of trust. Instead, Plaintiffs have lumped the trustees and trust together without attributing the alleged recording of the deed of trust to any one of these defendants and/or explaining their role in the fraud, including an intent to defraud. Plaintiffs' allegation that the John E. King Trustee Defendants' alleged non-payment of an expired and – as admitted by Plaintiffs - **unrelated** Wells Fargo Judgment "foreshadows the fraudulent scheme later carried out through the enterprise" does not identify any predicate acts and/or establish a pattern of racketeering. Similarly, the **generally** alleged participation of the John E. King Trustee Defendants and the John E. King Trust in the operation and management of the alleged "enterprise," through their alleged service as a repository for "fraudulently transferred and shielded assets," "deliberate violation of this Court's charging and assignment orders," and transfer of funds or interest for the purpose of "hindering, delaying and defrauding Plaintiffs" ("General Allegations") do not attribute any predicate acts to the John E. King Trustee Defendants and/or comply with the Rule 9(b) heightened pleading requirements. Nor do these general allegations establish a pattern of racketeering.

    Second, Plaintiffs have failed to allege that the John E. King Trustee Defendants were acting as part of an "enterprise". Notably, the Plaintiffs have not specifically identified the trustees John E. King and Carole D. King as participants in the "Enterprise" as necessary to sustain a RICO claim against them, instead identifying only the John E. King Trust and "various family and living trusts.

    Nor do Plaintiffs allege by their Complaint a common purpose by each of the John E. King Trustee Defendants of engaging in a course of conduct beyond ordinary trustee activities - the making of the 2009 deed of trust as security against trust property and passively holding assets and funds as repository.

    Third, the Plaintiffs have not alleged, as necessary to sustain a civil RICO claim (Count One), that the John E. King Trustee Defendants' making of the 2009 deed of trust was the "but for" and "proximate cause" of the alleged damage to Plaintiffs. What Plaintiffs allegations do establish is that they have a chronological problem: How can the making by trustees of a deed of trust roughly 10 years prior to the entry of the subject judgments and more than 10 years prior to Plaintiffs acquiring the EWB and/or ICW Judgments at a bargain have caused Plaintiff – assignees of the EWB and ICW Judgments – any damage? Similarly, how can the 2009 making of a deed of trust violate the subsequently created Satisfaction Agreement, **2012** charging and assignment orders, or **2022** charging orders, held respectively by: Textron, OKRA, and AKRO - and not Plaintiffs - be the "but for" and "proximate cause" of damage to Plaintiffs? It is a temporal impossibility. Plaintiffs also lack standing to assert violations of orders and an agreement in which they have no interest as an assignee or otherwise. Additionally, no damage can result to Plaintiffs from the John E. King Trustee Defendants' alleged non-payment of the expired Wells Fargo Judgment, which Plaintiffs admit is "unrelated." (¶¶ 79-82) By Plaintiffs' own characterization, the Wells Fargo judgment merely "foreshadows" a later scheme – it is

February 17, 2026
Re: Coronitas Holdings, v. 1023 Monterey Investors,
Rule 7-3 Conference - John E. King and Carole D. King as trustees of the John and Carole King Family Trust
Page 3 of 4

not itself a predicate act of racketeering. The General allegations similarly fail to establish the requisite "but for" and "proximate cause" of Plaintiffs' alleged damage.

In addition to Plaintiffs having failed to allege each of the requisite RICO elements as to each of the John E. King Trustee Defendants, the RICO claim is barred by the 4-year statute of limitations. Wolverine and Coronitas took upon assignment of the ICW and EWB Judgments subject to the statute of limitations bar.

<u>12(b)(6) Dismissal - Count Two</u>

Dismissal of Count Two will be requested. Since Plaintiffs have failed to allege the substantive claim for a RICO violation by Count One, the Second Count for civil RICO conspiracy fails as a matter of law.[2]

<u>12(b)(1) and 12(b)(6) Dismissal of Complaint</u>

Dismissal will further be sought under FRCP 12(b)(1) and 12(b)(6) on the grounds that Plaintiffs lack standing to maintain the civil RICO and RICO Conspiracy claims based primarily on alleged injuries sustained by EWB and ICW because ICW and EWB did not expressly assign these RICO claims to the Plaintiffs. *In re WellPoint, Inc. Out-Of-Network "UCR" Rates Litig.*, 903 F. Supp. 2d 880, 897-898 (CD Cal 2012) (citing *Lerman v. Joyce Intern., Inc.*, 10 F.3d 106, 112 (3d Cir.1993)) Plaintiffs have merely assigned the 'rights, title and interest' in the judgment as opposed to conveying 'all of' the assignor's 'causes of action...claims and demands of whatsoever nature as necessary to assign ICW and EWB's respective RICO claims.

<u>12(b)(6) and 17(b) Dismissal of Complaint as to the John E. King Trust</u>

Dismissal of the Complaint as against the Trust will also be sought by the John E. Trustee Defendants under FRCP 12(b)(6) and FRCP 17(b) because the John E. King Trust lacks capacity to be sued. [3]

<u>12(b)(7) Dismissal of Complaint</u>

Dismissal of the Complaint, and each cause of action alleged therein, also is appropriate under 12(b)(7) because the Plaintiffs have failed to name the indispensable party Textron Financial Corporation despite Plaintiffs alleging it was complicit in the alleged fraudulent scheme underlying the RICO violations.[4]

We look forward to discussing these issues with you and working together to prepare the required joint statement.

Very truly yours,

---

[2] The Ninth Circuit has held that "the failure to adequately plead a substantive violation of **RICO** precludes a claim for conspiracy." *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000)
[3] The trust is named as a defendant at ¶ 35.
[4] Plaintiffs allege Textron was "acting in tandem with the King Family." (¶ 100), "Despite Textron having received the full benefit of the bargain under the Textron Satisfaction Agreement, no satisfactions were filed with this Court, rather assignments of two fully satisfied judgments were filed."(¶ 107)

February 17, 2026
Re: Coronitas Holdings, v. 1023 Monterey Investors,
Rule 7-3 Conference - John E. King and Carole D. King as trustees of the John and Carole King Family Trust
Page 4 of 4


Eliot F. Krieger
SKT Law



USA        VIETNAM        PHILIPPINES        SINGAPORE

7755 Center Avenue | Suite 1225 | Huntington Beach, CA 92647
+1 949-523-3333 | www.skt.law

February 17, 2026

Nicholas O. Kennedy, Esq.                                    VIA EMAIL
Baker & McKenzie                                             nicholas.kennedy@bakermckenzie.com
1900 North Pearl Street, Suite 1500
Dallas, TX 75201

    Re:   Coronitas Holdings, LLC et. al. v. 1023 Monterey Investors, LLC et. al.
             U.S. Dist. Court Case No. 2:25-cv-11946-JFW-SK
             (Rule 7-3 Conference Outline of Defendants John E. King and Carole D. King and Black Chaps, LLC)

Dear Counsel,

       This letter shall serve as an outline of the issues to be discussed in our upcoming Rule 7-3 Conference concerning the Motion to Dismiss to be filed by the individual Defendants John E. King and Carole D. King – through Guardian ad Litem - and Defendant Black Chaps, LLC (together, the "John E. King Defendants").[1]

       Plaintiffs have filed an action against the John E. King Defendants for violation of 18 U.S.C. § 1962(c) ("Civil RICO Violation-Count One") and 18 U.S.C. § 1962(d) ("Civil RICO Conspiracy-Count Two") ("the Action").

       In response, the John E. King Defendants intend to file on or before February 27, 2026, a Motion to Dismiss under FRCP rules 9(b), 12(b)(1), 12(b)(6), 12(b)(7) and 17(b) based on the following grounds:

    12(b)(6) Dismissal - Count One

       Initially, it is important to note, that the Complaint contains materially inconsistent allegations. While Ex. 11, p. 171 to the Complaint identifies the John E. Trustee Defendants and the Trust as having made the deed of trust, ¶ 158 of the Complaint identifies the "Debtors" as having made the deed of trust. The "Debtors" are defined by the Complaint as the John E. King and Carole D. King, individually. This material conflict in the racketeering allegations is sufficient in and of itself to defeat Count One.

       Notwithstanding, dismissal of Count One will be sought under 12(b)(6) because the Plaintiffs have failed to allege each of the requisite elements of a RICO violation as to each of the John E. King Defendants.

---

[1] Since Defendants John E. King and Carole D. King as trustees of the John and Carole King Family Trust dated April 20, 2006 (the "John E. King Trustee Defendants") intend to file a separate motion, we will provide a separate Rule 7-3 Conference Letter Outline for their Motion. Lana Lucas and Michael Nelson will also be filing separate motions and thus separate Rule 7-3 Conference Letter Outlines.

February 17, 2026
Re: Coronitas Holdings, v. 1023 Monterey Investors,
Rule 7-3 Conference - John E. King and Carole D. King and Black Chaps, LLC
Page 2 of 4

  First, to demonstrate a "pattern of racketeering activity," a civil RICO plaintiff must allege as to each defendant at least two qualifying predicate acts within a ten-year period that are related and either amount to, or pose a threat of, continuing criminal activity. Isolated completed acts of purported racketeering do not constitute a pattern. With respect to Black Chaps, LLC ("Black Chaps"), the sole challenge by Plaintiffs is that Black Chaps made payments for the benefit of John E. King and Carol D. King as individuals, which Plaintiffs contend should have been applied to the Textron Satisfaction Amount, and which otherwise violated the 2012 and 2022 charging orders. Put simply: Plaintiffs have no rights to enforce the Satisfaction Agreement and/or the 2012 and 2022 charging orders, and therefore this Count One fails as to Black Chaps.

  With respect to Carole D. King, Plaintiffs group Carole D. King with individual John E. King in the recitation of General Allegations, but Plaintiff's also have attached Ms. King's Responses to Requests for Admission which establish she suffers from advanced Alzheimer's. Ms. King's lack of capacity wholly negates any required intent for alleged predicate acts like mail and wire fraud.

  Nor have the Plaintiffs applied the heightened pleading requirements mandated by Rule 9(b) to the alleged predicate acts of mail and wire fraud. For instance, again, Plaintiffs combine the individuals, trustees and Trust without attributing the alleged recording of the 2009 deed of trust to any one of these defendants and/or explaining any role in the fraud, including an intent to defraud. Plaintiffs' allegation that the John E. King's' alleged non-payment of an expired and – as admitted by Plaintiffs - **unrelated** Wells Fargo Judgment "foreshadows the fraudulent scheme later carried out through the enterprise" also does not identify any predicate acts and/or establish a pattern of racketeering with the requisite standard of pleading. Similarly, the **generally** alleged participation of the John E. King Defendants in the operation and management of the alleged "enterprise," through transfer of funds or interest for the purpose of "hindering, delaying and defrauding Plaintiffs" ("General Allegations") do not attribute any predicate acts to Black Chaps, the incapacitated Ms. King, and/or comply with the Rule 9(b) heightened pleading requirements required for any of the John E. King Defendants. Nor do these general allegations establish a pattern of racketeering. Likewise, the individuals John E. King and Carole D. King's receipt of payments for personal expenses allegedly in violation of the Satisfaction Agreement, 2012 charging orders and 2022 charging orders, does not establish a pattern of racketeering because the Plaintiffs have no standing to enforce an agreement and orders which were held respectively by Textron, OKRA and AKRO, not the Plaintiffs herein.

  The allegations of obstruction of justice in Carole D. King and John E. King defense of the involuntary bankruptcy proceedings, likewise, fails to establish a pattern of racketeering, because the record reflects that Carole D. King and John E. King successfully defended the involuntary bankruptcy filed by Wolverine, ICW and EWB.

  Further, as to the remaining alleged obstruction of justice, wire and mail fraud relating to Carole and John E. King's litigation efforts to defend against Plaintiffs collection efforts, the courts are reluctant to expand RICO liability to run-of-the mill litigation disputes. Otherwise, every legal dispute could be asserted as a basis for RICO liability. And as with the other alleged predicate acts, the Plaintiffs have failed to attribute the predicate act to Carole and/or John E. King. Nor have Plaintiffs applied the heightened Rule 9(b) requirements to these allegations.

  Plaintiffs' obstruction of justice allegations also give rise to the application of the *Noerr-Pennington* doctrine, Under the *Noerr-Pennington* doctrine, those who petition any department of the government for redress are generally immune from liability.

Page 2 of 4

February 17, 2026
Re: Coronitas Holdings, v. 1023 Monterey Investors,
Rule 7-3 Conference - John E. King and Carole D. King and Black Chaps, LLC
Page 3 of 4

    Second, the Plaintiffs have not alleged, as necessary to sustain a civil RICO claim (Count One), that the John E. King Defendants' conduct was the "but for" and "proximate cause" of the alleged damage to Plaintiffs. What Plaintiffs allegations do establish is that they have a chronological problem: How can the conduct by any of the John E. King Defendants prior to the entry of the subject judgments and prior to Plaintiffs acquiring the EWB and/or ICW Judgments at a bargain have caused Plaintiff – assignees of the EWB and ICW Judgments – any damage? Similarly, how can the 2009 making of a deed of trust and the alleged improper receipt of payments violate the subsequently created Satisfaction Agreement, **2012** charging and assignment orders, or **2022** charging orders, held respectively by: Textron, OKRA, and AKRO - and not Plaintiffs – be the "but for" and "proximate cause" of damage to Plaintiffs? It is a temporal impossibility. As stated above, Plaintiffs also lack standing to assert violations of orders and an agreement in which they have no interest as an assignee or otherwise. Additionally, no damage can result to Plaintiffs from John E. King's alleged non-payment of the expired Wells Fargo Judgment, which Plaintiffs admit is "unrelated." (¶¶ 79-82) By Plaintiffs' own characterization, the Wells Fargo judgment merely "foreshadows" a later scheme – it is not itself a predicate act of racketeering. The general allegations similarly fail to establish the requisite "but for" and "proximate cause" of Plaintiffs' alleged damage.

    Third, Plaintiffs have failed to allege that the John E. King Defendants were acting as part of an "enterprise." Plaintiffs do not allege by their Complaint a common purpose by each of the John E. King Defendants of engaging in a course of conduct beyond ordinary business activities.

    In addition to Plaintiffs having failed to allege each of the requisite RICO elements as to each of the John E. King Defendants, the RICO claim is barred by the 4-year statute of limitations. The alleged injury Wolverine and Coronitas rely on for their RICO claim is subject to the statute of limitations bar.

<u>12(b)(6) Dismissal - Count Two</u>

    Since Plaintiffs have failed to allege the substantive claim for a RICO violation by Count One, the Second Count for civil RICO conspiracy fails as a matter of law.[2] Accordingly, the John E. King Defendants will also be seeking dismissal of Count Two.

<u>12(b)(1) and 12(b)(6) Dismissal of Complaint</u>

    Dismissal will further be sought under FRCP 12(b)(1) and 12(b)(6) on the grounds that Plaintiffs lack standing to maintain the civil RICO and RICO Conspiracy claims based primarily on alleged injuries sustained by EWB and ICW because ICW and EWB did not expressly assign these RICO claims to the Plaintiffs. *In re WellPoint, Inc. Out-Of-Network "UCR" Rates Litig.*, 903 F. Supp. 2d 880, 897-898 (CD Cal 2012) (citing *Lerman v. Joyce Intern., Inc.*, 10 F.3d 106, 112 (3d Cir.1993)) Plaintiffs have merely assigned the 'rights, title and interest' in the judgment as opposed to conveying 'all of' the assignor's 'causes of action...claims and demands of whatsoever nature as necessary to assign ICW and EWB's respective RICO claims.

<u>12(b)(7) Dismissal of Complaint</u>

    Dismissal of the Complaint, and each cause of action alleged therein, also is appropriate under 12(b)(7) because the Plaintiffs have failed to name the indispensable party Textron Financial

---

[2] The Ninth Circuit has held that "the failure to adequately plead a substantive violation of **RICO** precludes a claim for conspiracy." *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000)

February 17, 2026
Re: Coronitas Holdings, v. 1023 Monterey Investors,
Rule 7-3 Conference - John E. King and Carole D. King and Black Chaps, LLC
Page 4 of 4

Corporation despite Plaintiffs alleging it was complicit in the alleged fraudulent scheme underlying the RICO violations.[3]

      We look forward to discussing these issues with you and working together to prepare the required joint statement.

Very truly yours,

Eliot F. Krieger
SKT Law

---

[3] Plaintiffs allege Textron was "acting in tandem with the King Family." (¶ 100), "Despite Textron having received the full benefit of the bargain under the Textron Satisfaction Agreement, no satisfactions were filed with this Court, rather assignments of two fully satisfied judgments were filed."(¶ 107)



USA    VIETNAM    PHILIPPINES    SINGAPORE

7755 Center Avenue | Suite 1225 | Huntington Beach, CA 92647
+1 949-523-3333 | www.skt.law

February 17, 2026

Nicholas O. Kennedy, Esq.  
Baker & McKenzie  
1900 North Pearl Street, Suite 1500  
Dallas, TX 75201

VIA EMAIL  
nicholas.kennedy@bakermckenzie.com

Re:  Coronitas Holdings, LLC et. al. v. 1023 Monterey Investors, LLC et. al.  
U.S. Dist. Court Case No. 2:25-cv-11946-JFW-SK  
(Rule 7-3 Conference Outline of Defendant Michael Nelson)

Dear Counsel,

This letter shall serve as an outline of the issues to be discussed in our upcoming Rule 7-3 Conference concerning the Motion to Dismiss to be filed by Defendant Michael Nelson.[1]

Plaintiffs have filed an action against Michael Nelson for violation of 18 U.S.C. § 1962(c) ("Civil RICO Violation-Count One") and 18 U.S.C. § 1962(d) ("Civil RICO Conspiracy-Count Two") ("the Action").

In response, Michael Nelson intends to file on or before February 27, 2026, a Motion to Dismiss under FRCP rules 9(b), 12(b)(1), 12(b)(6) and 12(b)(7) based on the following grounds:

12(b)(6) Dismissal - Count One

Dismissal of Count One will be sought under 12(b)(6) because the Plaintiffs have failed to allege each of the requisite elements of a RICO violation as to Michael Nelson.

First, to demonstrate a "pattern of racketeering activity," a civil RICO plaintiff must allege as to each defendant, including Michael Nelson, at least two qualifying predicate acts within a ten-year period that are related and either amount to, or pose a threat of, continuing criminal activity. Isolated completed acts of purported racketeering do not constitute a pattern. Michael Nelson's acquisition from the First Bank of Beverley Hills of the Sydney Street Deed of Trust occurred on September 11, 2012 more than 10 years prior to his alleged assignment of the Sydney Street Deed of Trust on July 14, 2025. Neither isolated act spanning more than 10 years establishes a pattern of racketeering as to Michael Nelson. Nor have the Plaintiffs applied the heightened pleading requirements mandated by Rule 9(b) to the alleged predicate acts of making and recording the assignment of the deed of trust through the use of US mail, internet and email (¶ 157). Instead, Plaintiffs have lumped Michael Nelson together with other defendants (¶¶ 155, 157, Ex. 11, p. 181) without attributing the alleged predicate acts to any one of these defendants and/or explaining their role in the fraud, including an intent to defraud. Plaintiffs also allege

---

[1] Since John E. King and Carole D. King, individually, together with Black Chaps, LLC intend to file a separate motion, we will provide a Separate Rule 7-3 Conference Outline Letter for their Motion. John E. King and Carole D. King as trustees of the John and Carole King Family Trust dated April 20, 2006 and Lana Lucas will each also be filing separate motions and thus separate Rule 7-3 Conference Outline Letter Outlines.

February 17, 2026
Re: Coronitas Holdings, v. 1023 Monterey Investors,
Rule 7-3 Conference – Michael Nelson
Page 2 of 3

that Mr. Nelson, an alleged longtime friend and business associate of the Kings, wrongfully held the Sydney Street Deed of Trust for 13 years without ever demanding a payment or otherwise seeking foreclosure (¶ 156) Holding a deed of trust does not qualify as a predicate act. Nor does Michael Nelson's joint account with Carole King qualify as a predicate act. (¶ 155) Finally, the Plaintiffs have failed to allege that these isolated acts pose a threat by Mr. Nelson of continued criminal activity. He no longer holds the deed of trust on the Sydney Street property.

Second, Plaintiffs have failed to sufficiently allege that Mr. Nelson was acting as part of an "enterprise." Plaintiffs do not allege by their Complaint a common purpose by Mr. Nelson of engaging in a course of conduct beyond his own personal business activities. That his business activities may have also benefited the Kings does not make them illegal and/or otherwise satisfy the requirement of an enterprise.

Third, the Plaintiffs have not alleged, as necessary to sustain a civil RICO claim (Count One), that Michael Nelson's rightful acquisition of the Sydney Street Deed of Trust in 2012 and assignment of it to JGK Construction in 2025 was the "but for" and "proximate cause" of the alleged damage to Plaintiffs. Plaintiffs also lack standing to assert that Mr. Nelson's acquisition in 2012 of the Sydney Street Deed of Trust and assignment thereof approximately 13 years later violated the Satisfaction Agreement and the 2012 and 2022 charging orders thereby causing Plaintiffs damage when Plaintiffs have no interest as an assignee or otherwise in the agreement and/or orders.

In addition to Plaintiffs having failed to allege each of the requisite RICO elements as to Michael Nelson, the RICO claim is barred by the 4-year statute of limitations.

### 12(b)(6) Dismissal - Count Two

Since Plaintiffs have failed to allege the substantive claim for a RICO violation by Count One, the Second Count for civil RICO conspiracy fails as a matter of law.[2] Michael Nelson therefore will also seek dismissal of Count Two.

### 12(b)(1) and 12(b)(6) Dismissal of Complaint

Dismissal will further be sought under FRCP 12(b)(1) and 12(b)(6) on the grounds that Plaintiffs lack standing to maintain the civil RICO and RICO Conspiracy claims based primarily on alleged injuries sustained by EWB and ICW because ICW and EWB did not expressly assign these RICO claims to the Plaintiffs. *In re WellPoint, Inc. Out-Of-Network "UCR" Rates Litig.*, 903 F. Supp. 2d 880, 897-898 (CD Cal 2012) (citing *Lerman v. Joyce Intern., Inc*., 10 F.3d 106, 112 (3d Cir.1993)) Plaintiffs have merely assigned the 'rights, title and interest' in the judgment as opposed to conveying 'all of' the assignor's 'causes of action...claims and demands of whatsoever nature as necessary to assign ICW and EWB's respective RICO claims.

### 12(b)(7) Dismissal of Complaint

Dismissal of the Complaint, and each cause of action alleged therein, also is appropriate under 12(b)(7) because the Plaintiffs have failed to name the indispensable party Textron Financial

---

[2] The Ninth Circuit has held that "the failure to adequately plead a substantive violation of **RICO** precludes a claim for conspiracy." *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000)

Page 2 of 3

February 17, 2026
Re: Coronitas Holdings, v. 1023 Monterey Investors,
Rule 7-3 Conference – Michael Nelson
Page 3 of 3

Corporation despite Plaintiffs alleging it was complicit in the alleged fraudulent scheme underlying the RICO violations.[3]

      We look forward to discussing these issues with you and working together to prepare the required joint statement.

Very truly yours,

Eliot F. Krieger
SKT Law

---

[3] Plaintiffs allege Textron was "acting in tandem with the King Family." (¶ 100), "Despite Textron having received the full benefit of the bargain under the Textron Satisfaction Agreement, no satisfactions were filed with this Court, rather assignments of two fully satisfied judgments were filed."(¶ 107)



USA    VIETNAM    PHILIPPINES    SINGAPORE

7755 Center Avenue | Suite 1225 | Huntington Beach, CA 92647
+1 949-523-3333 | www.skt.law

February 17, 2026

Nicholas O. Kennedy, Esq.  VIA EMAIL
Baker & McKenzie  nicholas.kennedy@bakermckenzie.com
1900 North Pearl Street, Suite 1500
Dallas, TX 75201

    Re:   Coronitas Holdings, LLC et. al. v. 1023 Monterey Investors, LLC et. al.
            U.S. Dist. Court Case No. 2:25-cv-11946-JFW-SK
            (Rule 7-3 Conference Outline of Defendant Lana Lucas)

Dear Counsel,

    This letter shall serve as an outline of the issues to be discussed in our upcoming Rule 7-3 Conference concerning the Motion to Dismiss to be filed by Defendant Lana Lucas.[1]

    Plaintiffs have filed an action against Lana Lucas for violation of 18 U.S.C. § 1962(c) ("Civil RICO Violation-Count One") and 18 U.S.C. § 1962(d) ("Civil RICO Conspiracy-Count Two") ("the Action").

    In response, Lana Lucas intends to file on or before February 27, 2026, a Motion to Dismiss under FRCP rules 9(b), 12(b)(1), 12(b)(6) and 12(b)(7) based on the following grounds:

<u>12(b)(6) Dismissal - Count One</u>

    Dismissal of Count One will be sought under 12(b)(6) because the Plaintiffs have failed to allege each of the requisite elements of a RICO violation as to Lana Lucas.

    First, to demonstrate a "pattern of racketeering activity," a civil RICO plaintiff must allege as to each defendant, including Lana Lucas, at least two qualifying predicate acts within a ten-year period that are related and either amount to, or pose a threat of, continuing criminal activity. Isolated completed acts of purported racketeering do not constitute a pattern. As such, the 2009 completed single isolated act by Lana Lucas of receiving in 2009 a deed of trust in the John E. Trust's Maui Vacation Condo as consideration for her loan of $525,000 does not establish a pattern of racketeering as to Lana Lucas. Nor have the Plaintiffs applied the heightened pleading requirements mandated by Rule 9(b) to the alleged predicate acts of making and recording the deed of trust through the use of US mail, internet and email (¶ 158, Ex. 11, p. 171). Instead, Plaintiffs have lumped Lana Lucas together with other defendants

---

[1] Since John E. King and Carole D. King, individually, together with Black Chaps, LLC intend to file a separate motion, we will provide a Separate Rule 7-3 Conference Outline Letter for their Motion. John E. King and Carole D. King as trustees of the John and Carole King Family Trust dated April 20, 2006 and Michael Nelson will each also be filing separate motions and thus separate Rule 7-3 Conference Outline Letter Outlines.

February 17, 2026
Re: Coronitas Holdings, v. 1023 Monterey Investors,
Rule 7-3 Conference – Lana Lucas
Page 2 of 3

(¶ 158, Ex. 11, p. 171) without attributing the alleged predicate acts to any one of these defendants and/or explaining their role in the fraud, including an intent to defraud.

Second, Plaintiffs have failed to allege that Lana Lucas was acting as part of an "enterprise." Plaintiffs do not allege by their Complaint a common purpose by Lana Lucas of engaging in a course of conduct beyond her own personal business activities - the making of a $525,000 loan in consideration of a security interest in the Maui Vacation Condo.

Third, the Plaintiffs have not alleged, as necessary to sustain a civil RICO claim (Count One), that Lana Lucas' receipt and retention of the 2009 deed of trust was the "but for" and "proximate cause" of the alleged damage to Plaintiffs. What Plaintiffs allegations do establish is that they have a chronological problem: How can the making by trustees of a deed of trust roughly 10 years prior to the entry of the subject judgments and more than 10 years prior to Plaintiffs acquiring the EWB and/or ICW Judgments at a bargain have caused Plaintiff – assignees of the EWB and ICW Judgments – any damage? Similarly, how can the 2009 receipt of a deed of trust violate the subsequently created Satisfaction Agreement, **2012** charging and assignment orders, or **2022** charging orders, held respectively by: Textron, OKRA, and AKRO - and not Plaintiffs -be the "but for" and "proximate cause" of damage to Plaintiffs? It is a temporal impossibility. Plaintiffs also lack standing to assert violations of orders and an agreement in which they have no interest as an assignee or otherwise.

In addition to Plaintiffs having failed to allege each of the requisite RICO elements as to Lana Lucas, the RICO claim is barred by the 4-year statute of limitations. Wolverine and Coronitas took subject to the statute of limitations bar upon assignment of the ICW and EWB Judgments to them.

<u>12(b)(6) Dismissal - Count Two</u>

Since Plaintiffs have failed to allege the substantive claim for a RICO violation by Count One, the Second Count for civil RICO conspiracy fails as a matter of law.[2] Dismissal of Count Two will therefore also be requested by the motion.

<u>12(b)(1) and 12(b)(6) Dismissal of Complaint</u>

Dismissal will further be sought under FRCP 12(b)(1) and 12(b)(6) on the grounds that Plaintiffs lack standing to maintain the civil RICO and RICO Conspiracy claims based primarily on alleged injuries sustained by EWB and ICW because ICW and EWB did not expressly assign these RICO claims to the Plaintiffs. *In re WellPoint, Inc. Out-Of-Network "UCR" Rates Litig.*, 903 F. Supp. 2d 880, 897-898 (CD Cal 2012) (citing *Lerman v. Joyce Intern., Inc*., 10 F.3d 106, 112 (3d Cir.1993)) Plaintiffs have merely assigned the 'rights, title and interest' in the judgment as opposed to conveying 'all of' the assignor's 'causes of action...claims and demands of whatsoever nature as necessary to assign ICW and EWB's respective RICO claims.

<u>12(b)(7) Dismissal of Complaint</u>

Dismissal of the Complaint, and each cause of action alleged therein, also is appropriate under 12(b)(7) because the Plaintiffs have failed to name the indispensable party Textron Financial

---

[2] The Ninth Circuit has held that "the failure to adequately plead a substantive violation of **RICO** precludes a claim for conspiracy." *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000)

February 17, 2026
Re: Coronitas Holdings, v. 1023 Monterey Investors,
Rule 7-3 Conference – Lana Lucas
Page 3 of 3

Corporation despite Plaintiffs alleging it was complicit in the alleged fraudulent scheme underlying the RICO violations.[3]

      We look forward to discussing these issues with you and working together to prepare the required joint statement.

Very truly yours,

Eliot F. Krieger
SKT Law

---

[3] Plaintiffs allege Textron was "acting in tandem with the King Family." (¶ 100), "Despite Textron having received the full benefit of the bargain under the Textron Satisfaction Agreement, no satisfactions were filed with this Court, rather assignments of two fully satisfied judgments were filed."(¶ 107)