# EXHIBIT A



767 S. Alameda Street    p (213) 394-7979
Suite 270    f (213) 529-1027
Los Angeles, CA 90021    umklaw.com

February 25, 2026

**VIA EMAIL**

Nicholas O. Kennedy
nicholas.kennedy@bakermckenzie.com
Baker & McKenzie LLP
1900 N. Pearl St., Ste. 1500
Dallas, TX 75201

Annasofia A. Roig
annasofia.roig@bakermckenzie.com
Baker & McKenzie LLP
830 Brickell Plaza, Ste. 3100
Miami, FL 33131

Armen Manasserian
armen@ml-apc.com
Manasserian Law, APC
35 Hugus Alley, Ste. 210
Pasadena, CA 91103

Re:    <u>Coronitas Holdings, LLC et. al. v. 1023 Monterey Investors, LLC et. al.</u>, 2:25-cv-11946-JFW-SK – Local Rule 7-3 Conference Outline of Defendants Robin L. Rossi, individually and as trustee of Trustee of The Robin L. Rossi Living Trust UDT October 19, 1990 a/k/a Robin L. Rossi Living Trust; ORKA Real Estate Partners LLC, and Apple Farm Collections-SLO, Inc.'s Motion to Dismiss

Dear Counsel:

This letter serves as an outline of the issues to be discussed in our upcoming Local Rule 7-3 Conference concerning the motion to dismiss to be filed by Defendants Robin L. Rossi, individually and as trustee of Trustee of The Robin L. Rossi Livin Trust UDT October 19, 1990 a/k/a Robin L. Rossi Living Trust; ORKA Real Estate Partners LLC, and Apple Farm Collections-SLO, Inc. ("Rossi Defendants").

First, all claims must be dismissed because Plaintiffs lack standing to bring them. Plaintiffs are not the original judgment creditors, while they have purchased the judgments themselves, there is no allegation that they were expressly assigned a RICO claim. "A RICO claim can be assigned only through an express assignment" and dismissal is proper where a plaintiff "did not attach copies of the assignments" to the complaint. <u>Brown v. Bank of Amer., N.A.</u>, No. ED CV 12-02009 TJH, 2014 WL 12707378, at *1 (C.D. Cal. Feb. 24, 2014) <u>aff'd</u> 660 F. App'x 506, 509 (9th Cir. 2016).

Second, Plaintiffs' claims are barred by the statute of limitations. "The statute of limitations for civil RICO actions is four years." Pincay v. Andrews, 238 F.3d 1106, 1008 (9th Cir. 2001). The civil RICO limitations period begins to run when a plaintiff knew or should have known of the injury that underlies the action. Plaintiffs allege a so-called asset protection scheme that has operated "for more than a decade" to "unlawfully control and shield millions of dollars in assets from lawful collection." (Compl. ¶¶ 1, 4.) Plaintiffs further allege that when the original creditors sought to collect their judgments, they "ran headlong into the Textron-derived liens now held by ORKA." (Compl. ¶ 108.) These judgments were entered in 2011, 2016, and 2017 – all well more than four years before the filing of the complaint on December 17, 2025. Because the original judgment creditors knew of their alleged injuries before December 17, 2021, the claims are time barred by the statute of limitations.

Third, Count I must be dismissed because Plaintiffs fail to adequately allege a RICO violation. "Where RICO is asserted against multiple defendants, a plaintiff must allege at least two predicate acts by *each* defendant." In re Wellpoint, Inc. Out-of-Network UCR Rates Litig., 865 F.Supp.2d 1002, 1035 (C.D. Cal. 2011) (emphasis added). Plaintiffs fail to do so.

Regarding obstruction of justice, Plaintiffs fail to identify which obstruction statute they allege was violated. Plaintiffs fail to allege any acts related to any legal proceedings by Apple Farm or the Rossi Trust and fail to allege any specific statement or act by Mr. Rossi or ORKA. The Complaint further fails to allege the requisite intent for obstruction.

Regarding money laundering, mail fraud, and wire fraud, the Complaint fails to allege with particularity any act of mail or wire fraud by the Rossi Defendants, much less the requisite two acts for each defendant.

Furthermore, because Plaintiffs fail to allege predicate acts of mail and wire fraud against the Rossi Defendants based on the allegedly fraudulent payments, the only remaining allegations are those pertaining to litigation related activity, which cannot form the basis of Plaintiffs' RICO claims. "Litigation activity, standing alone, is insufficient to state a RICO claim in the Ninth Circuit." Aiwohi v. Bank of America, N.A., No. 22-00312 JAO-RT, 2024 WL 3152636, at *7 (D. Haw. Mar. 28, 2024) (citing United States v. Koziol, 993 F.3d 1160, 1174 (9th Cir. 2021)). Further, the Noerr-Pennington doctrine protects this activity as it shields from liability "those who petition any department of the government for redress." Sosa v. DirecTV, Inc., 437 F.3d 923, 929 (9th Cir. 2006). Plaintiffs do not sufficiently allege that any Noerr-Pennington sham exception applies.

The Complaint fails to allege a RICO enterprise. The allegations regarding the Rossi Defendants are that Rossi incorporated Defendant ORKA, purchased judgments, and engaged in litigation-related conduct to collect on those judgments. The acquisition of a judgment, formation of an entity, and then pursuit of collection through litigation is routine business conduct, which cannot form the basis of a RICO enterprise. See Comm. To Protect Our Agric. Water v. Occidental Oil & Gas Corp., 235 F. Supp. 3d 1132, 1173-74 (E.D. Cal. 2017). ("A common purpose requires a showing that 'the group engaged in enterprise conduct distinct from their own affairs.'"). As to

Apple Farm and the Rossi Trust, the complaint alleges only that Apple Farm transferred money twice and that the trust held assets, which is also routine commercial activity.

Fourth, Count II must be dismissed because the Complaint fails to allege a violation of RICO to support the conspiracy claim. Turner v. Cook, 362 F.3d 1219, 1231 n.17 (9th Cir. 2004) ("Because appellants failed to allege the requisite substantive elements of a RICO claim under 18 U.S.C. § 1962(c), appellants' claim under 18 U.S.C. § 1962(d) . . . also fails.").

Fifth, the Complaint must be dismissed because Plaintiffs failed to join an indispensable party. Plaintiffs allege that Textron Financial Corporation was complicit in the alleged scheme underlying the RICO violations but failed to name Textron as a party. (Compl. ¶¶ 100; 107.)

We look forward to discussing these issues with you.

Very truly yours,

Margaret E. Dayton

/med