SKT LAW, P.C.
Eliot F. Krieger (SBN 159647) ekrieger@skt.law
Heidi Stilb Lewis, (SBN 98046) hlewis@skt.law
Maren B. Hufton (SBN 235445) mhufton@skt.law
7755 Center Avenue, Suite 1225
Huntington Beach, CA 92647
(949) 523-3333 Telephone | (949) 523-3003 Facsimile

Attorneys for Defendants John E. King and Carole D. King, individually and as trustees of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Michael Nelson, and Lana Lucas

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CORONITAS HOLDINGS, LLC, a Wyoming limited liability company; and WOLVERINE ENDEAVORS VIII, LLC, a California limited liability company,<br><br>       Plaintiff,<br><br>vs.<br><br>1023 MONTEREY INVESTORS LLC, a California limited liability company; 1035 MONTEREY INVESTORS LLC, a California limited liability company; A.J. SPURS, INC., BUELLTON, a California corporation; ADDIE STREET LAND GROUP LP, a California limited partnership; AKRO REAL ESTATE PARTNERS LLC, a California limited liability company; APPLE FARM COLLECTIONS-SLO, INC., a California corporation; BLACK CHAPS LLC, a California limited liability company; BOUTIQUE HOTEL COLLECTION, INC., a California corporation; DISTINCTIVE RESORTS, INC., a California corporation; CLIFFS RESORT LLC, a California limited liability company; FERNWOOD RESORT, LLC, a California limited liability | CASE NO.  2:25-cv-11946-JFW-SK<br><br>**DEFENDANTS JOHN E. KING, CAROLE D. KING BY GUARDIAN AD LITEM AND BLACK CHAPS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with Proposed Order; Request for Judicial Notice]*<br><br>Date: June 1, 2026<br>Time: 1:30 p.m.<br>Location: United States Courthouse Courtroom 7A, 7th Floor<br>First Street U.S. Courthouse<br>350 W 1st Street, Suite 4322<br>Los Angeles, CA 90012<br><br>Complaint Filed: December 19, 2025<br><br>Trial Date: None Set |

i



SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

1  company; HIGUERA BREW LLC,
   a California limited liability
2  company; JGK CONSTRUCTION
   LLC, a California limited liability
3  company; CAROLE D. KING, an
   individual; CAROLE D. KING, as
4  Trustee of the JOHN AND
   CAROLE KING FAMILY TRUST,
5  DATED APRIL 20, 2006; JOHN G.
   KING, an individual; JOHN G.
6  KING, as Trustee of the JG KING
   LIVING TRUST, DATED
7  FEBRUARY 25, 2021; JOHN E.
   KING, an individual; JOHN E.
8  KING, as Trustee of the JOHN
   AND CAROLE KING FAMILY
9  TRUST, DATED APRIL 20, 2006;
   LANA LUCAS, an individual; LOS
10 LOBOS INVESTMENTS LLC, a
   California limited liability
11 company; PAUL G. METCHIK, an
   individual; MISSION GROVE
12 ASSOCIATES, a California general
   partnership; MONTALBAN
13 STREET GROUP, a California
   general partnership; MICHAEL
14 NELSON, an individual; ORKA
   REAL ESTATE PARTNERS LLC,
15 a California limited liability
   company; ROBIN L. ROSSI, an
16 individual; ROBIN L. ROSSI as
   Trustee of THE ROBIN L. ROSSI
17 LIVING TRUST U/D/T
   OCTOBER 19, 1990 a/k/a ROBIN
18 L. ROSSI LIVING TRUST;
   SPANISH VINEYARDS LLC, a
19 California limited liability
   company; SYCAMORE MINERAL
20 SPRINGS LLC, a California limited
   liability company; THE
21 SEAVENTURE RESORT, LLC, a
   California limited liability
22 company; THE VINEYARDS AT
   SPANISH SPRINGS, LLC, a
23 California limited liability
   company; and DOES 1-100,
24 inclusive,

25        Defendants.

26 ────────────────────

27

28

ii

John E. King, Carole D. King by Guardian Ad Litem and Black Chaps LLC's Rule
12(b)(1) and Rule 12(b)(6) Motion to Dismiss

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 1, 2026 at 1:30 p.m., or as soon after as the matter may be heard in Courtroom 7A of the above-referenced court, which is located at 350 W 1st Street, Suite 4322, Los Angeles, CA 90012, Defendants John E. King and Carole D. King – by her Guardian Ad Litem – individually, and Black Chaps, LLC (the "John E. King Defendants") will and hereby do move this Court for an order dismissing with prejudice the First and Second Claims for Relief asserted by plaintiffs Coronitas Holdings, LLC and Wolverine Endeavors VIII, LLC ("Plaintiffs"), and each of them, in their Complaint for Violation of RICO (see at Dkt. No. 1[1]) (the "Complaint"), against the John E. King Defendants, and each of them, under Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(6).

The John E. King Defendants (also the "Moving Parties") bring this motion to dismiss (the "Motion") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that Plaintiffs lack standing to maintain the civil RICO and RICO Conspiracy claims against the Moving Parties based on alleged damages sustained by ICW and EWB because ICW and EWB did not expressly assign the alleged RICO claims to the Plaintiffs, and each of them.

The Motion is made on the further grounds that the Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) because the allegations are barred by the Noerr-Pennington doctrine. Plaintiffs' claims are barred because they are premised on constitutionally protected petitioning activity, including court filings, enforcement efforts, litigation strategy and bankruptcy defenses.

The Motion is made based on Federal Rules of Civil Procedure 9(b) and 12(b)(6) on the grounds the Complaint and each claim alleged therein fails to state a claim upon which relief can be granted against the John E. King Defendants.

---

[1] All references to "Dkt. No." are to the Docket in this Action.

John E. King, Carole D. King by Guardian Ad Litem and Black Chaps LLC's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss

1    This Motion is also made under Federal Rules of Civil Procedure 12(b)(6)

2    on the further grounds that the Complaint and each claim for relief alleged therein

3    is based by the four-year statute of limitations.

4    This Motion is based on this Notice of Motion and Motion; the

5    Memorandum of Points and Authorities below; the Request for Judicial Notice; the

6    Docket in this action; the Moving Parties; Reply Brief; the Proposed Order

7    submitted in support of this Motion; the Complaint, together with the exhibits

8    attached hereto; and such other and further papers, evidence, and argument as may

9    be submitted in connection with this Motion.

10    This Motion is made following the conference of counsel pursuant to L.R. 7-

11    3, which conference took place telephonically on February 18, 2026 at

12    approximately 1:00 p.m. PST, based upon which a Joint Statement as required by

13    this Court's Standing Order was filed with the Court.

14

15

16    Dated: February 27, 2026          By: _____

17                                      SKT LAW, P.C.
                                        Eliot F. Krieger
18                                      Attorneys for Defendants John E.
                                        King and Carole D. King, individually
19                                      and as trustees of the John and Carole
                                        King Family Trust dated April 20,
20                                      2006, the John and Carole King
                                        Family Trust dated April 20, 2006,
21                                      Black Chaps, LLC, Michael Nelson,
                                        and Lana Lucas

22

23

24

25

26

27

28

John E. King, Carole D. King by Guardian Ad Litem and Black Chaps LLC's Rule
12(b)(1) and Rule 12(b)(6) Motion to Dismiss

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................. 1

II.  SUMMARY OF RELEVANT ALLEGATIONS AND FILINGS ................ 6

   A.  Wolverine Purchases EWB Judgment for $1,000 in 2021 ................. 6

   B.  Coronitas Purchases ICW Judgment ...................................... 6

   C.  Textron Judgments, Orders, Liens and Satisfaction Agreement and Alleged Violations Thereof That Predate Plaintiffs' Acquisition of the EWB and ICW Judgments ................................... 7

   D.  Plaintiffs Have No Interest .................................................. 8

   E.  Assignments to OKRA and Violations Predate Plaintiffs' Acquisition of the EWB and ICW Judgments ................................... 8

   F.  OKRA Assignments to AKRO Predate Plaintiffs' Acquisition of the EWB and ICW Judgments ................................... 8

   G.  AKRO's 2022 Charging Order Predates Coronitas' Acquisition of the ICW Judgment ................................... 8

   H.  Filing of the RICO Action ..................................................... 9

      1.  Petitioning Activity ..................................................... 9

      2.  Expired and Unrelated Wells Fargo Judgment ........................ 10

      3.  Limited Allegations Against Black Chaps ............................ 10

      4.  Allegations Against the Incapacitated Carole D. King ............ 10

      5.  2009 Deed of Trust ..................................................... 10

   I.  Alleged Damages .............................................................. 11

III. LEGAL STANDARD ........................................................................... 11

   A.  12(b)(1) ............................................................................ 11

   B.  12(b)(6) ............................................................................ 11

IV.  LEGAL ARGUMENT ......................................................................... 12

v

John E. King, Carole D. King by Guardian Ad Litem and Black Chaps LLC's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss

A.  Dismissal of the Complaint is Proper Under FRCP 12(b)(1) and
    12(b)(6) Because Plaintiffs Lack Standing to Maintain RICO
    Claims That Were Not Expressly Assigned to Them ........................ 12

B.  As to Count One Plaintiffs Have Failed to State A Claim for
    Violation of the RICO Statute 18 U.S.C. 1962(c) Against Each
    of the Moving Parties ..................................................................... 12

    1.  Plaintiffs' Claims Are Barred By the Noerr-Pennington
        Doctrine ................................................................................. 13

        a)  The Noerr–Pennington Doctrine Protects
            Litigation and Related Petitioning Activity ................. 13

        b)  Plaintiffs' Alleged Predicate Acts Consist of
            Protected Petitioning Activity ...................................... 14

        c)  Plaintiffs' RICO Theory Directly Burdens
            Petitioning Activity ...................................................... 14

            (1)  The Alleged Conduct Is Protected
                 Petitioning as a Matter of Law ............................ 14

            (2)  The Narrow "Sham Litigation" Exception
                 Does Not Apply .................................................... 15

            (3)  RICO Must Be Construed to Avoid
                 Burdening Petitioning Rights ................................ 16

    2.  The Requirements of a Civil RICO Claim ................................ 16

    3.  Plaintiffs Have Failed to Allege the Existence of an
        "Enterprise" in Which the Moving Parties Were
        Participants ............................................................................ 17

        a)  Plaintiffs' "Enterprise" Is Defined Solely by the
            Alleged Wrongdoing ..................................................... 17

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

vi

|   |   | b) | Ordinary Business Relationships and Coordinated Litigation Activity Do Not Constitute a RICO Enterprise.........................................................18 |
|   |   | c) | Plaintiffs Fail to Allege That the Moving Defendants Participated in the "Operation or Management" of an Enterprise.......................................19 |
|   | 4. |   | No Pattern of Racketeering Activity Is Properly Alleged........19 |
|   |   | a) | Rule 9(b) Is Not Satisfied................................................20 |
|   |   |   | (1) Two Or More Predicate Acts Have Not Been Attributed To Each Moving Party and No Specific Fraudulent Intent Is Alleged ...........20 |
|   |   |   | (2) No Required Specific Fraudulent Intent ..............21 |
|   |   | b) | No Established Pattern of Racketeering.......................22 |
|   |   |   | (1) Plaintiffs Lack Standing Under 18. U.S.C. 1964(c) ................................................................23 |
|   | 5. |   | Plaintiffs' Civil RICO Claim Under 18 U.S.C. 1962(c) is Barred by the Four-Year Statute of Limitations.......................24 |
|   | 6. |   | Civil RICO Conspiracy Count Fails as a Matter of Law .........25 |
| II. | CONCLUSION | | ................................................................................25 |

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

John E. King, Carole D. King by Guardian Ad Litem and Black Chaps LLC's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss

# TABLE OF AUTHORITIES

**Cases**

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) ................. 11

*Canyon Cnty. v. Syngenta Seeds*, Inc., 519 F.3d 969, 972 (9th Cir. 2008) ............. 23

*Chang v. Chen*, 80 F.3d 1293, 1299 (9th Cir. 1996) ......................................... 17, 18

*Chang v. Noh*, 787 F. App'x 466, 467 (9th Cir. 2019) ....................................... 25

*Deanco Healthcare, LLC v. Becerra*, 365 F. Supp. 3d 1029, 1034-1035 (C.D. Cal. 2019 ....................................................................................................................... 11

*Dorian v. Harich Tahoe Dev*., No. C-94-3387 DLJ, 1996 WL 925859, at *2 (N.D. Cal. Jan. 16, 1996) .......................................................................................... 16

*Eastern R.R. Presidents Conf. v. Noerr Motor Freight, Inc.,* 365 U.S. 127 (1961); ........................................................................................................................... 13

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 994 (9th Cir. 2014) ................................................................................................................ 16, 21

*Edwards v. Marin Park, Inc.* 356 F.3d 1058, 1065-66 (9th Cir. 2004 ................... 20

*First Capital Asset Mgm't, Inc. v. Brickellbush, Inc.*, 218 F. Supp. 2d 369, 381 (S.D.N.Y. 2002) ........................................................................................ 24

*Freeman v. Lasky, Haas & Cohler,* 410 F.3d 1180, 1184 (9th Cir. 2005) ....... 13, 14

*Gardner v. Starkist Co.*, 418 F. Supp. 3d 443, 461 (N.D. Cal. 2019) .................... 19

*H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237-39, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989 .......................................................................................................... 20

*Harmoni Int'l Spice, Inc. v. Hume*, 914 F.3d 648, 651 (9th Cir. 2019 .................. 23

*Hicks v. PGA Tour, Inc.* 897 F.3d 1109, 1117 (9th Cir 2018). ............................. 12

*Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) ............................ 25

*In re Toyota Motor Corp. Unintended Acceleration Mktg.,* 826 F. Supp. 2d 1180, 1201 (C.D. Cal. 2011) ................................................................................... 19, 20

*In re WellPoint, Inc. Out-Of-Network "UCR" Rates Litig*., 903 F. Supp. 2d 880, 894 (C.D. Cal. 2016) .................................................................................... 11, 12

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

John E. King, Carole D. King by Guardian Ad Litem and Black Chaps LLC's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss

*Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 644 (9th Cir. 2009) ......13, 14, 16

*Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) ....................................................................................................20

*Lerman v. Joyce Intern., Inc.*, 10 F.3d 106, 112 (3d Cir. 1993)............................12

*Living Designs, Inc. v. E.I. Dupont de Numours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005)............................................................................................................16

*Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).......17, 21

*Nat. Res. Council v. Mohla*, 944 F.2d 531, 533 (9th Cir. 1991). ...........................15

*Odom v. Microsoft Corp.*, 486 F.3d 541, 548-9 (9th Cir. 2007) ...........................17

Omni Res. Dev. Corp. v. Conoco, Inc., 739 F.2d 1412, 1414 (9th Cir. 1984) .......15

*Poulos v. Caesars World, Inc.,* 379 F.3d 654, 664 (9th Cir. 2004)........................23

*Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993) ("PREI"). ................................................................................................15

*Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 366 (9th Cir. 1992). .............22

*Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). ..............................................19

*Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) .................11

*Rotella v. Wood*, 528 U.S. 549, 552, 120 S. Ct. 1075, 145 L. Ed. 2d 1047 (2000). ..............................................................................................................17, 24

*Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1399 (9th Cir. 1986)). ...................................................................................................21

*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 n.14, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985); ....................................................................................................20

*Shaw v. Nissan N. Am., Inc.,* 220 F. Supp. 3d 1046, 1052 (CD Cal. 2016).18, 20, 23

*Sosa v. DIRECTV, Inc.,* 437 F.3d 923, 929 (9th Cir. 2006). ................13, 14, 15, 16

*Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191-94 (9th Cir. 1987)...........20

*Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)................................19, 20

*Tan v. Quick Box, LLC*, No. 3:20-CV-01082-H-DEB, 2020 U.S. Dist. LEXIS 230427, 2020 WL 7226440, at *23 (S.D. Cal. Dec. 8, 2020); ...........................18

ix

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

*Thomas v. Baca*, 308 Fed. Appx. 87, 88 (9th Cir. 2009)..........................................24

*Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004)....................................20, 22

*United Mine Workers v. Pennington,* 381 U.S. 657 (1965). ...............................13

*United States v. Turkette*, 452 U.S. 576, 583, 101 S. Ct. 2524, 69 L. Ed. 2d 246 (1981................................................................................................................17

*White v. Lee,* 227 F.3d 1214, 1231 (9th Cir. 2000) ............................................13

**Statutes**

18 U.S.C. § 1961......................................................................................16, 19

18 U.S.C. § 1962(c)....................................................................................passim

18 U.S.C. § 1962(d)......................................................................................9, 25

18 U.S.C. § 1964(c)...........................................................................................23

**Rules**

FRCP 12(b)(1) ........................................................................vi, 2, 11, 12

FRCP 12(b)(6) ............................................................................................passim

FRCP 9(b).....................................................................................................passim

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

x

John E. King, Carole D. King by Guardian Ad Litem and Black Chaps LLC's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

The parties in this case are strangers. Plaintiffs never did business with or made any loan to any defendant in this action. Instead, Plaintiffs became junior judgment creditor assignees by purchasing two judgments – heavily discounted for pennies on the dollar.

First, on **May 17, 2021, for $1,000**, (RJN[2] 1) Plaintiff Wolverine Endeavors, LLC ("Wolverine") became the assignee (¶[3] 87, Ex.[4] 5, pp. 122-124) of the East West Bank ("EWB") Judgment entered on September 14, 2011 in the Superior Court of the State of California for the County of San Francisco Case No. CGC-10-505989 captioned *East West Bank vs. John E. King, et al.*, against John E. King and Carole D. King individually in the principal amount of $5,434,547.68 plus interest, attorneys' fees and costs ("EWB Judgment"). The EWB Judgment now allegedly exceeds $10 million. (¶ 87)

Then, on **July 22, 2025**, Plaintiff Coronitas Holdings, LLC ("Coronitas") became the assignee (Ex 4, pp. 111-114) of the Insurance Company of the West ("ICW") Judgment entered September 14, 2017 in the Superior Court of California for the County of San Luis Obispo Case No 16CV0058 captioned *Ins. Co. of the West vs. Spanish Springs LLC, et al.*, against Spanish Springs, LLC, John E. King and Carole D. King, individually, and in the principal amount of $5,842,224.68 plus interest and costs ("ICW Judgment"). The ICW Judgment allegedly exceeds $11 Million. (¶ 97) (together with the "EWB Judgment" the "Judgments")

The filed Acknowledgments of Assignment of Judgment for the EWB and the ICW Judgments each reflect the assignment of the "rights, title and interest" in

---

[2] All references to "RJN" are to the Request for Judicial Notice filed in support of this Motion.
[3] All references herein to "¶" are to a paragraph in the Complaint unless otherwise noted.
[4] All references to "Ex." are to the exhibits attached to the Complaint filed in this Action.

1

1  each judgment. These assignments do not convey to Plaintiffs any RICO rights of

2  action that EWB and ICW may have had at the time of the judgment assignments

3  to Plaintiffs. (Ex. 4, pp. 111-113; Ex. 5, pp. 122-124; RJN 2 and 3)

4      Notwithstanding, Plaintiffs now seek treble damages, including damages

5  allegedly sustained by EWB and ICW, against the moving parties herein John E.

6  King and Carole D. King – by her Guardian ad Litem – individually, Black Chaps

7  LLC ("Black Chaps") (together, the "John E. King Defendants" or the "Moving

8  Parties"), and others, based on alleged violations of RICO under 18 U.S.C.

9  § 1962(c) ("Count One") and a Conspiracy to Violate RICO under 18 U.S.C.

10  § 1962(d) ("Count Two") (the "Action"). By the Action, Plaintiffs maintain that

11  the defendants' constitutionally protected petitioning activity, and long-standing

12  businesses and relationships, were actually an illegal enterprise that defendants

13  used – through predicate criminal acts – to avoid and prevent the future

14  enforcement of the Judgments by Plaintiffs against the former assets of John E.

15  King and Carole D. King.

16      The John E. King Defendants seek by this motion the dismissal of the

17  Complaint in its entirety under, respectively, Federal Rules of Civil Procedure

18  9(b), 12(b)(1) and 12(b)(6) based on the following grounds:

19      <u>12(b)(1) and 12(b)(6) Dismissal of Complaint</u>

20      Dismissal of the Complaint in its entirety is appropriate under FRCP

21  12(b)(1) and 12(b)(6) because Plaintiffs lack standing to maintain the alleged civil

22  RICO and RICO Conspiracy claims based on alleged damages sustained by EWB

23  and ICW because ICW and EWB did not expressly assign their RICO claims, if

24  any, to the Plaintiffs.

25      <u>12(b)(6) Dismissal–Count One</u>

26      Dismissal of Count One is appropriate under 12(b)(6) because Plaintiffs'

27  claims are barred by the Noerr-Pennington doctrine. The predicate acts alleged in

28  the Complaint consist primarily of protected petitioning activity — including filing

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

2

1  motions, recording liens, defending bankruptcy proceedings, seeking writs, and

2  coordinating litigation strategy. Success on Plaintiffs' RICO claims would impose

3  treble damages liability for these court filings and enforcement proceedings,

4  thereby burdening the John E. King Defendants' Petition Clause rights. The First

5  Amendment prohibits imposing RICO liability for such conduct.

6      Even if the claims were not barred – and the claims are barred – Plaintiffs

7  also have failed to allege each of the requisite elements of a RICO violation as to

8  each of the John E. King Defendants.

9      First, Plaintiffs have failed to allege that the John E. King Trustee

10  Defendants were acting as part of an "enterprise." The Plaintiffs have not identified

11  the John E. King Defendants as participants in the "enterprise" as necessary to

12  sustain a RICO claim against them. Further, Plaintiffs have failed to identify any

13  decision-making structure, hierarchy, or organizational frameworks separate from

14  the ordinary business activity. The "enterprise" is simply a label applied by

15  Plaintiffs to pre-existing family and business relationships.

16      Second, Plaintiffs have failed to demonstrate a "pattern of racketeering

17  activity" because they have not attributed as to each of the John E. King

18  Defendants at least two qualifying predicate acts within a ten-year period that are

19  related and either amount to, or pose a threat of, continuing criminal activity. Nor

20  have the Plaintiffs applied the heightened pleading requirement mandated by Rule

21  9(b) to explaining each of their roles in the alleged fraud, including the requisite

22  specific fraudulent intent. (Ex. 11, p. 171)

23      With respect to Black Chaps, the sole challenge by Plaintiffs is that Black

24  Chaps made payments for the benefit of John E. King and Carol D. King as

25  individuals, which Plaintiffs contend should have been applied to the Textron

26  Satisfaction Amount, and which otherwise violated the 2012 and 2022 charging

27  orders. Plaintiffs have no rights to enforce the Textron Satisfaction Agreement

28  and/or the 2012 and 2022 charging orders, and therefore this Count One fails as to

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

3

John E. King, Carole D. King by Guardian Ad Litem and Black Chaps LLC's Rule
12(b)(1) and Rule 12(b)(6) Motion to Dismiss

1   Black Chaps.

2       With respect to Carole D. King, Plaintiffs group Carole D. King with

3   individual John E. King in the recitation of general allegations, but Plaintiff's also

4   have attached to the Complaint Ms. King's Responses to Requests for Admission,

5   together with the doctor's letter, which establish she suffers from advanced

6   Alzheimer's. (Ex. 18, pp. 226-237.) Ms. King's lack of capacity wholly negates

7   any required intent for alleged predicate acts.

8       Nor have the Plaintiffs applied the heightened pleading requirements

9   mandated by Rule 9(b) to the alleged predicate acts of mail and wire fraud. For

10  instance, Plaintiffs combine by ¶ 158 the individual Kings as the "Debtors" with

11  other defendants, without attributing alleged predicate act(s) relating to the 2009

12  deed of trust to any single defendant and/or explaining any role in the fraud,

13  including an intent to defraud.

14      Plaintiffs' allegation that John E. King's alleged non-payment of an expired

15  and – as admitted by Plaintiffs – **unrelated** Wells Fargo Judgment "foreshadows

16  the fraudulent scheme later carried out through the enterprise" also does not

17  identify any predicate acts and/or establish a pattern of racketeering with the

18  requisite standard of pleading. Similarly, the **generally** alleged participation of the

19  John E. King Defendants in the operation and management of the alleged

20  "enterprise" through transfer of funds or interest for the purpose of "hindering,

21  delaying and defrauding Plaintiffs" (the "General Allegations") do not attribute

22  any predicate acts to Black Chaps, Mr. King, the incapacitated Ms. King, and/or

23  comply with the Rule 9(b) heightened pleading requirements required for any of

24  the John E. King Defendants. Nor do these General Allegations establish a pattern

25  of racketeering. Likewise, the individuals John E. King and Carole D. King's

26  receipt of payments for personal expenses allegedly in violation of the Satisfaction

27  Agreement, 2012 charging orders and 2022 charging orders, does not establish a

28  pattern of racketeering because the Plaintiffs have no standing to enforce an

4

agreement and orders which were held respectively by Textron, OKRA and AKRO, not the Plaintiffs herein.

Third, Plaintiffs have not alleged, as necessary to sustain a civil RICO claim (Count One), that the John E. King Defendants' conduct was the "but for" and "proximate cause" of the alleged damage to Plaintiffs. What Plaintiffs allegations do establish is that they have a chronological problem: How can the conduct by any of the John E. King Defendants prior to the entry of the subject judgments and prior to Plaintiffs acquiring the EWB and/or ICW Judgments at a bargain have caused Plaintiff – assignees of the EWB and ICW Judgments – any damage? Similarly, how can the 2009 making of a deed of trust – by someone – and the alleged improper receipt of payments violate the subsequently created Satisfaction Agreement, **2012** charging and assignment orders, or **2022** charging orders, held respectively by: Textron, OKRA, and AKRO–and not Plaintiffs – be the "but for" and "proximate cause" of damage to Plaintiffs? It is a temporal impossibility. Plaintiffs also lack standing to assert violations of orders and an agreement in which they have no interest as an assignee or otherwise. Additionally, no damage can result to Plaintiffs from John E. King's alleged non-payment of the expired Wells Fargo Judgment, which Plaintiffs admit is "unrelated" and "foreshadows" a later scheme. (¶¶ 79-82) The General Allegations similarly fail to establish the requisite "but for" and "proximate cause" of Plaintiffs' alleged damage.

In addition, dismissal of Count One is appropriate under Rule 12(b)(6) because the RICO claim is barred by the 4-year statute of limitations.

12(b)(6) Dismissal–Count Two

Since Plaintiffs have failed to allege the substantive claim for a RICO violation by Count One, the Second Count for civil RICO conspiracy fails as a matter of law.

For these reasons and those hereinafter set forth, the Motion should be granted in its entirety and the Complaint dismissed with prejudice as against the

5

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

John E. King Defendants.

## II.    SUMMARY OF RELEVANT ALLEGATIONS AND FILINGS

### A.    Wolverine Purchases EWB Judgment for $1,000 in 2021

On **September 14, 2011**, East West Bank ("EWB") obtained a judgment against John E. King and Carole D. King, individually (the "Debtors") in the principal amount of $5,434,547.68 plus interest, attorneys' fees and costs ("EWB Judgment"). (¶ 85, Ex. 5, pp.120-128) The EWB Judgment now allegedly exceeds $10 Million. (¶ 87). Wolverine Endeavors VIII, LLC ("Wolverine") purchased the EWB Judgment from EWB on or about **May 17, 2021**, for $1,000. (¶ 87, Ex. 5, pp. 122-124; RJN 1, Involuntary Bankruptcy Petition Ex.2-Agreement for Sale and Purchase of Judgment.) The filed Acknowledgement of Assignment of Judgment for the EWB Judgment reflects the assignment of the "rights, title and interest" in the judgment to Wolverine. (Ex. 5, pp. 122-124; RJN 2)

### B.    Coronitas Purchases ICW Judgment

On **September 14, 2017**, the Insurance Company of the West ("ICW") obtained a judgment against Spanish Springs, LLC, John E. King and Carole D. King, individually in the principal amount of $5,434,547 plus interest, attorney fees and costs. ("ICW Judgment") (Ex.4, pp.104-117) The ICW Judgment allegedly exceeds $11 Million. (¶ 97). Recently, on **July 22, 2025**[5], Coronitas Holdings, LLC ( "Coronitas") purchased the ICW Judgment. The ICW Judgment now allegedly exceeds $11 Million. (¶ 97) The filed Acknowledgement of Assignment of Judgment for the ICW Judgment reflects the assignment of the "rights, title and interest" in the judgment to Coronitas. (Ex.4, pp. 111-114; RJN 3)

---

[5] Note, that while the assignment attached as Exhibit 4 to the Complaint reflects an assignment on July 22, 2025, the Plaintiffs allege by their Complaint – seemingly erroneously–the assignment of the ICW Judgment to Coronitas on May 13, 2021.

John E. King, Carole D. King by Guardian Ad Litem and Black Chaps LLC's Rule
12(b)(1) and Rule 12(b)(6) Motion to Dismiss

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

C.    **Textron Judgments, Orders, Liens and Satisfaction Agreement and Alleged Violations Thereof That Predate Plaintiffs' Acquisition of the EWB and ICW Judgments**

The Plaintiffs have identified in their RICO Action as a basis for their claims of damage the Textron Financial Corporation ("Textron") judgments, orders, liens and an agreement, all of which **predate** Plaintiff's acquisition of the EWB and ICW Judgments.

- January 19, 2010, Textron v. Spanish Springs, LLC et al. Judgment (¶ 72, Ex. 8, pp. 149-150) ("Spanish Springs Judgment")

- December 29, 2009 Textron v. Vaquero De Los Lobos et al. Judgment ("Vaquero Judgment") (¶ 72, Ex. 6, pp. 129-130)

- December 22, 2010, Agreement of Satisfaction of Judgments and Release ("Satisfaction Agreement") entered into by Textron and Carole D. King, John E. King, Palm Dunes, LLC, Spanish Springs and Vaquero requiring John E. King and Carole D. King to pay $4 Million over ten years to satisfy the Vaquero Judgment and the Spanish Springs Judgment (¶¶ 98-99)

- February 28, 2011, April 20, 2012, May 15, 2012, and June 21, 2012, respectively, charging and assignment orders against the interests of John E. King and Carole D. King, individually, allegedly obtained by Textron ("2012 Charging Orders") (¶¶ 99-103)

- 2010 abstracts of the Vaquero Judgment and the Spanish Spring's Judgment recorded by Textron in counties of San Francisco, San Luis Obispo and Santa Barbara in of the State of California, and also recorded in 2010 in the states of Texas and Hawaii ("Textron Abstracts" or "Liens") (¶ 76)

Plaintiffs also allege defendants' violation of the 2012 Charging Orders commencing in 2012, leaving the assigned Textron Judgments unsatisfied and

7

1  obstructing Plaintiffs collection of the ICW and EWB Judgments. (¶¶ 105-112)

2  **D.**   **Plaintiffs Have No Interest**

3  The face of the Complaint does not establish that the Plaintiffs hold any

4  right, title and/or interest in the Textron Judgments, Orders, Liens and Satisfaction

5  Agreement as an assignee or otherwise. (¶¶ 1-66)

6  **E.**   **Assignments to OKRA and Violations Predate Plaintiffs'**

7         **Acquisition of the EWB and ICW Judgments**

8  On or about **January 11, 2016**, upon filing of the Notice and

9  Acknowledgement of Assignment, Textron assigned all of its legal and equitable

10  rights, title, and interest in and to the Vaquero Judgment and Spanish Springs

11  Judgment, and the proceeds thereof, together with all Textron's rights under the

12  Satisfaction Agreement in favor of ORKA Real Estate Partners LLC, a

13  California limited liability company ("OKRA") and its successors and assigns.

14  (Ex. 8, pp. 161-163; Ex. 6, pp. 112-134) OKRA's alleged violations of the

15  assigned Textron judgments, liens and orders causing damage to Plaintiffs predate

16  the assignment of the judgments to Plaintiffs in 2017 and 2025. (¶¶ 107-113)

17  **F.**   **OKRA Assignments to AKRO Predate Plaintiffs' Acquisition of**

18         **the EWB and ICW Judgments**

19  On or about June 5, 2020, by Notice and Acknowledgement of Assignment,

20  ORKA assigned all of its legal and/or equitable right, title, and interest in and to

21  the Textron Judgments and proceeds thereof in favor of AKRO Real Estate

22  Partners, LLC ("AKRO"). (Ex. 8, pp. 161-164; Ex. 6, pp. 141-302).

23  **G.**   **AKRO's 2022 Charging Order Predates Coronitas' Acquisition of**

24         **the ICW Judgment**

25  On April 28, 2022, this Court issued an Order granting AKRO's "Assignee

26  Judgment Creditor's Motion "for order charging payment of the sum of

27  $1,151,413.90 against John E. King and Carole King's interests" ("2022 Charging

28  Order"). (¶¶ 140-149) The 2022 Charging Order was issued before the assignment

8

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

on July 22, 2025, of the ICW Judgment to Coronitas.

## H.    Filing of the RICO Action

On December 19, 2025, Plaintiffs filed the Action against the King Debtors and others, including the John E. King Defendants (¶¶ 35-37), whereby Plaintiffs seek treble damages against each of them based on alleged civil Violation of RICO under 18 U.S.C. § 1962(c) and Conspiracy to Violate RICO under 18 U.S.C. § 1962(d). (¶¶ 1-66), based, in part, on the following allegations:

### 1.    Petitioning Activity

Throughou the Complaint, Plaintiffs' describe petitioning activity by defendants: "manipulating courts" (¶ 4), seeking writs of execution from courts (¶ 11), renewing judgments (¶ 12), filing assignments and acknowledgements of assignment (¶ 13), filing motions for enforcement (¶ 14), directing "fraudulent" filings (¶ 52), filing assignments of judgments (¶ 107), filing requests for writs of execution (¶ 136), seeking a levy (¶ 137), filing actions to enforcement judgments (¶ 138), filing applications for order of appearance and examination (¶ 139), filing for charging orders (¶ 140), filing a motion for leave to intervene (¶ 152), appealing post-judgment orders and orders to disclose tax returns and filing a petition for writ of mandate (¶ 153), filing motions to quash (¶ 154), filing motions to dismiss involuntary bankruptcy petitions (¶ 172), filing for damages against Plaintiffs for filing the dismissed bankruptcy petitions (¶ 182), coordinated litigation strategy( ¶ 190), filing ex parte applications to extend liens (¶ 217), and seeking to intervene in enforcement actions (¶ 221g).

Wolverine also filed involuntary bankruptcy petitions against Carole D. King and John E. King in the United States Bankruptcy Court. The Bankruptcy Court dismissed the involuntary petition against Carole D. King, and that dismissal was affirmed on appeal. (¶ 185) Following dismissal, Carole D. King filed a pending motion seeking damages arising from the involuntary filing.

The Bankruptcy Court also approved the stipulated dismissal of the

9

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

involuntary petition against John E. King, after which he filed a motion seeking damages arising from the filing. (RJN 4)

ICW and EWB filed joinders in the involuntary bankruptcy proceedings. The Bankruptcy Court dismissed those joinders. Thereafter, the Bankruptcy Court approved stipulated compromises resolving the matters, pursuant to which ICW agreed to pay $30,000 and EWB agreed to pay $35,000. (RJN 5 and 6)

In addition, ICW voluntarily dismissed its fraudulent conveyance action filed in the San Luis Obispo Superior Court (Case No. 24CV-0780) on May 14, 2025, prior to its assignment of the ICW Judgment to Coronitas. (RJN 7)

### 2.    Expired and Unrelated Wells Fargo Judgment

Plaintiffs allege ¶¶ 79-82 the entry as against John E. King of a Wells Fargo stipulated judgment which expired in 2021. In the allegations concerning the Wells Fargo Judgment, the Plaintiffs make the following acknowledgment by ¶ 82, "**Although unrelated to Plaintiffs' judgments**, the Wells Fargo Judgment… *foreshadows* **the fraudulent schemes later carried out through the Enterprise**." (Emphasis and italics added.)

### 3.    Limited Allegations Against Black Chaps

The entirety of Plaintiff's allegations against Black Chaps include that transfers made through Defendant Black Chaps were allegedly for the expenses of Carole D. King and John E. King. (¶ 114; ¶ 149). Plaintiffs allege that Black Chaps paid over $3,690,356 for personal expenses that should have been credited towards the Textron Satisfaction Amount. (¶ 149).

### 4.    Allegations Against the Incapacitated Carole D. King

With respect to Carole D. King, Plaintiffs group Carole D. King with individual John E. King in the recitation of General Allegations, but Plaintiff's also have attached to the Complaint Ms. King's Responses to Requests for Admission which establish she suffers from advanced Alzheimer's. (Ex. 18, pp. 226-237.)

### 5.    2009 Deed of Trust

10

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

By ¶ 158, the Plaintiffs allege that the John E. King Defendants as "Debtors" issued in May of 2009 to Lana Lucas a $525,000 fictitious deed of trust recorded against the trust's Maui Vacation Condo generally referencing several predicate acts. The Plaintiffs do not attribute any predicate act to any specific defendant.

## I.    <u>Alleged Damages</u>

Plaintiffs maintain that these alleged RICO violations not only have impaired the value of each of the Judgments purchased by Plaintiffs but also frustrated collection of the Judgments and caused them unnecessary attorney fees and costs. (¶ 233)

## III.    LEGAL STANDARD

### A.    <u>12(b)(1)</u>

Dismissal of a complaint is also appropriate under FRCP 12(b)(1) for lack of jurisdiction since standing is a jurisdictional prerequisite to a federal court's consideration of any claim. *In re WellPoint, Inc. Out-Of-Network "UCR" Rates Litig.*, 903 F. Supp. 2d 880, 894 (C.D. Cal. 2016).

### B.    <u>12(b)(6)</u>

A complaint may be dismissed under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts to support a cognizable legal theory. *Deanco Healthcare, LLC v. Becerra*, 365 F. Supp. 3d 1029, 1034-1035 (C.D. Cal. 2019) (*citing Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

A district court also may grant a motion to dismiss a complaint based on an affirmative defense, such as a statute of limitations, when the "defense is obvious on the face of a complaint." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013).

In ruling on the FRCP 12(b) motion, the Court may consider exhibits attached to the Complaint or matters properly subject to judicial notice. The Court also may consider documents whose contents are alleged in a Complaint and whose authenticity no party questions, but which are not physically attached to the

11

plaintiff's pleading. *Hicks v. PGA Tour, Inc*. 897 F.3d 1109, 1117 (9th Cir 2018).

## IV.    LEGAL ARGUMENT

### A.    Dismissal of the Complaint is Proper Under FRCP 12(b)(1) and 12(b)(6) Because Plaintiffs Lack Standing to Maintain RICO Claims That Were Not Expressly Assigned to Them

Here, Plaintiffs assert standing based on the assignments of the EWB and ICW Judgments. (¶¶ 19, 20, 87, 97 Ex. 5, pp. 122-124; Ex. 4, pp. 111-114; RJN 3-4) A **RICO claim** can be assigned only through an express assignment. *See Lerman v. Joyce Intern., Inc*., 10 F.3d 106, 112 (3d Cir. 1993). The assignment attached to the Complaint for Coronitas reflects the assignment by ICW of "all of ICW's **right, title, and interest,** in and to the Judgment…" (Ex. 4, pp. 111-113) The assignment attached to the Complaint for Wolverine reflects the assignment "of East West Banks' **right, title and interest**, in the Judgment" to Wolverine. (Ex. 5, pp. 122-124) (Emphasis added.)

". . .[A]ssignments conveying 'all of' the assignor's 'causes of action ,...claims and demands of whatsoever nature,' have been held sufficient, while those that merely assign the '**rights, title and interest**' in the subject of the agreement have been **held deficient**. *See In re WellPoint, Inc. Out-Of-Network "UCR" Rates Litig*., 903 F. Supp. 2d 880, 897-898 (C.D. Cal. 2012) (citing *Lerman* supra) wherein the Court held ". . .[B]ecause the CTAC does not allege that the Provider Plaintiffs obtained "express" assignments to pursue antitrust and RICO claims on behalf of their patients, the Providers lack standing to assert these claims via assignment, and these claims, too, are DISMISSED." (Emphasis added.)

Dismissal of the Complaint in its entirety with prejudice for lack of standing is therefore proper under FRCP 12(b)(1) and 12(b)(6).

### B.    As to Count One Plaintiffs Have Failed to State A Claim for Violation of the RICO Statute 18 U.S.C. 1962(c) Against Each of the Moving Parties

12

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

1.    **Plaintiffs' Claims Are Barred By the Noerr-Pennington
    Doctrine**

    a)    **The Noerr–Pennington Doctrine Protects Litigation
    and Related Petitioning Activity**

The Noerr–Pennington doctrine safeguards the First Amendment right "to
petition the Government for a redress of grievances." U.S. Const. amend. I;
*Eastern R.R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961);
*United Mine Workers v. Pennington*, 381 U.S. 657 (1965). Under the doctrine,
those who petition the government are "generally immune from statutory liability
for their petitioning conduct." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir.
2006).

The right to petition extends to "all departments of the government,"
including courts, and includes the filing of lawsuits, motions, pleadings, appeals,
and enforcement applications. *Id.* at 929–30; *Kearney v. Foley & Lardner, LLP*,
590 F.3d 638, 644 (9th Cir. 2009). The doctrine applies with full force outside the
antitrust context, including to civil RICO claims. *Sosa*, 437 F.3d at 932 (affirming
dismissal of RICO claim based on Noerr–Pennington immunity); *White v. Lee*, 227
F.3d 1214, 1231 (9th Cir. 2000).

Noerr–Pennington protection extends not only to filings made in court, but
also to: motions and applications for writs, recording of liens and abstracts,
Charging order proceedings, Bankruptcy petitions and defenses, appeals,
settlement agreements, and conduct "incidental to the prosecution of the suit."
*Sosa*, 437 F.3d at 934–35; *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184
(9th Cir. 2005). It also protects communications between private parties that are
sufficiently related to litigation. *Sosa*, 437 F.3d at 935. In short, the doctrine
immunizes precisely the type of court-related conduct that forms the basis of
Plaintiffs' RICO theory.

13

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

**b)** **Plaintiffs' Alleged Predicate Acts Consist of Protected Petitioning Activity**

Under the Ninth Circuit's framework, courts must determine whether the lawsuit burdens petitioning rights, whether the challenged conduct constitutes protected petitioning activity; and whether the statute at issue may be construed to avoid that burden. *Kearney*, 590 F.3d at 644.

**c)** **Plaintiffs' RICO Theory Directly Burdens Petitioning Activity**

The Complaint expressly treats litigation conduct as racketeering activity. Among the alleged "predicate acts" are: filing motions and pleadings in state and federal court (¶ 4); seeking writs of execution (¶ 136); recording abstracts and liens (¶ 217); obtaining and enforcing charging orders (¶ 140); filing and defending bankruptcy proceedings (¶ 182); appealing adverse rulings (¶ 153); and coordinating litigation strategy among defendants (¶ 190). Because success on Plaintiffs' claims would penalize defendants for filing motions, defending bankruptcy proceedings, recording liens, and enforcing judgments, the action directly burdens the right to petition. *Kearney*, 590 F.3d at 645 (the relevant question is whether success of the suit would burden petitioning rights).

**(1)** **The Alleged Conduct Is Protected Petitioning as a Matter of Law**

The filing of lawsuits, motions, writ applications, enforcement proceedings, appeals, and bankruptcy defenses constitutes protected petitioning activity. *Freeman*, 410 F.3d at 1184; *Sosa*, 437 F.3d at 934. Even if Plaintiffs characterize such filings as "fraudulent" or "obstructive," that does not remove them from constitutional protection. The Ninth Circuit has expressly rejected attempts to avoid Noerr–Pennington by labeling litigation conduct as misconduct. *Kearney*, 590 F.3d at 646.

Likewise, communications and coordination relating to litigation strategy are

14

protected if sufficiently related to petitioning activity. *Sosa*, 437 F.3d at 935. Because Plaintiffs' alleged predicate acts consist overwhelmingly of litigation filings, enforcement efforts, and bankruptcy proceedings, they fall squarely within Noerr–Pennington protection.

### (2) The Narrow "Sham Litigation" Exception Does Not Apply

The sham exception to this bar is "narrow" and applies only in limited circumstances. *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993) ("PREI"). To invoke PREI, Plaintiffs must plausibly allege that: the challenged litigation was objectively baseless — meaning "no reasonable litigant could realistically expect success on the merits"; and the litigation was brought with a subjective intent to interfere improperly. *Id.* at 60–61. If the challenged petitioning activity is not objectively baseless, the inquiry ends. *Id.*

Plaintiffs do not plausibly allege that any specific filing, enforcement action, charging order, bankruptcy defense, or appeal was objectively baseless. They do not identify: a motion that lacked legal foundation, a writ that lacked statutory support, a charging order obtained without judicial authority, or a bankruptcy defense that was frivolous. Instead, Plaintiffs offer conclusory allegations that certain filings were "fraudulent" or "misleading." But conclusory accusations of misrepresentation are insufficient to defeat Noerr–Pennington immunity. *Or. Nat. Res. Council v. Mohla*, 944 F.2d 531, 533 (9th Cir. 1991). A plaintiff may not simply recast disputed litigation issues as fraud. *Id*. Nor is an allegation that filings were "false" sufficient, standing alone, to invoke the sham exception. *Omni Res. Dev. Corp. v. Conoco, Inc*., 739 F.2d 1412, 1414 (9th Cir. 1984).

Plaintiffs also fail to plead facts showing a "policy of filing lawsuits without regard to the merits," as required for a serial-sham theory. *Sosa*, 437 F.3d at 938. Because Plaintiffs do not plausibly allege objectively baseless litigation or knowing fraud that deprived any proceeding of legitimacy, the sham exception

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

15

does not apply.

### (3)    RICO Must Be Construed to Avoid Burdening Petitioning Rights

The Ninth Circuit has made clear that courts must construe federal statutes, including RICO, to avoid burdening protected petitioning activity unless Congress has clearly indicated otherwise. *Kearney*, 590 F.3d at 644; *Sosa*, 437 F.3d at 942. There is no indication that Congress intended RICO to impose treble damages for routine litigation filings, enforcement proceedings, and bankruptcy defenses. Accordingly, RICO cannot be interpreted to authorize the claims asserted here.

Plaintiffs' RICO theory seeks to impose treble damages for filing court motions, recording liens, enforcing judgments, defending bankruptcy proceedings, and coordinating litigation strategy. The First Amendment forbids such liability. Because the Complaint is premised on protected petitioning activity and Plaintiffs have not plausibly alleged facts bringing this case within the narrow sham exception, Noerr–Pennington immunity bars the claims as a matter of law.

### 2.    The Requirements of a Civil RICO Claim

Plaintiffs allege that the John E. King Defendants violated 18 U.S.C. § 1962(c). To recover under Section 1962(c), a plaintiff must allege and prove: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts" as defined by 18 U.S.C. § 1961), (5) causing injury to the plaintiff's "business or property" by the conduct constituting the violation. *Living Designs, Inc. v. E.I. Dupont de Numours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005); see also *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 994 (9th Cir. 2014) (*citing* 18 U.S.C. § 1962(c).

**Each of the requirements of § 1962(c) must be established as to each individual defendant.** *Dorian v. Harich Tahoe Dev.*, No. C-94-3387 DLJ, 1996 WL 925859, at *2 (N.D. Cal. Jan. 16, 1996) ("A RICO pleading must attribute specific conduct to each defendant in the scheme." [citing *Moore v. Kayport*

16

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

1    *Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)]).

2         Additionally, a four-year statute of limitations governs civil RICO claims.

3    *Rotella v. Wood*, 528 U.S. 549, 552, 120 S. Ct. 1075, 145 L. Ed. 2d 1047 (2000).

4         As demonstrated below, Plaintiffs have failed to state a claim for civil

5    Violation of RICO under 18 U.S.C. 1962(c) as against the John E. King

6    Defendants, and each of them, as necessary to sustain Count One.

7    **3.    Plaintiffs Have Failed to Allege the Existence of an**

8    **"Enterprise" in Which the Moving Parties Were**

9    **Participants**

10        To state a claim under 18 U.S.C. § 1962(c), Plaintiffs must plausibly allege

11   the existence of an "enterprise" that is distinct from the alleged racketeering

12   conduct and from the RICO "persons" themselves. *Odom v. Microsoft Corp.*, 486

13   F.3d 541, 548-9 (9th Cir. 2007) (quoting *United States v. Turkette*, 452 U.S. 576,

14   583, 101 S. Ct. 2524, 69 L. Ed. 2d 246 (1981)). Plaintiffs purport to allege an

15   associated-in-fact RICO enterprise. (¶ 208)

16        To adequately plead an associated-in-fact RICO enterprise, a plaintiff must:

17   (1) describe a "group of persons associated together for a common purpose of

18   engaging in a course of conduct," (2) provide "evidence of an ongoing

19   organization, formal or informal," and (3) provide "evidence that the various

20   associates function as a continuing unit." *Odom v. Microsoft Corp.*, 486 F.3d 541,

21   549 (9th Cir. 2007) (quoting *United States v. Turkette*, 452 U.S. 576, 583, 101 S.

22   Ct. 2524, 69 L. Ed. 2d 246 (1981)). A RICO plaintiff must allege a structure for the

23   making of decisions separate and apart from the alleged racketeering activities,

24   because "the existence of an **enterprise** at all times remains a separate element

25   which must be proved." *Chang v. Chen*, 80 F.3d 1293, 1299 (9th Cir. 1996)

26   (citing *U.S. v. Turkette*, 452 U.S. 576, 69 L. Ed. 2d 246, 101 S. Ct. 2524 (1981)).

27   **a)    Plaintiffs' "Enterprise" Is Defined Solely by the**

28   **Alleged Wrongdoing**

17

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

The Complaint defines the "Enterprise" as a collection of family members long-standing business affiliated, and related entities who allegedly acted "to shield the assets of the King Family from collection efforts." (Compl. ¶¶ 208, 214.) That formulation simply repackages the alleged misconduct as the enterprise itself.

Courts consistently reject RICO claims where the alleged enterprise is nothing more than a grouping of defendants carrying out the challenged conduct. *See Chang v. Chen*, 80 F.3d 1293, 1299 (9th Cir. 1996) (enterprise must have structure separate from racketeering activity); *Shaw v. Nissan N. Am., Inc.*, 220 F. Supp. 3d 1046, 1057 (C.D. Cal. 2016) (no enterprise where allegations merely demonstrate parties associated in manner directly related to ordinary business).

Here, Plaintiffs identify no decision-making structure, hierarchy, or organizational framework separate from ordinary business and litigation activity. The "enterprise" is simply a label applied to pre-existing family and business relationships which is insufficient as a matter of law.

### b) Ordinary Business Relationships and Coordinated Litigation Activity Do Not Constitute a RICO Enterprise.

The Complaint describes: long-standing business partners, family members, shared offices, shared counsel, coordinated defense of litigation, and the enforcement of senior judgments. In sum, these allegations describe routine commercial relationship and joint litigation strategy protected by Noerr-Pennington – not a criminal enterprise.

**Courts routinely dismiss RICO claims "containing allegations of ordinary business transactions" or coordinated corporate conduct.** *Tan v. Quick Box, LLC*, No. 3:20-CV-01082-H-DEB, 2020 U.S. Dist. LEXIS 230427, 2020 WL 7226440, at *23 (S.D. Cal. Dec. 8, 2020); *see also, e.g., Shaw v. Nissan North America, Inc.*, 220 F. Supp. 3d at 1057 **(allegations that "only demonstrate that the parties are associated in a manner directly related to their own**

18

---

**primary business activities" are insufficient to establish common purpose**
(quotation marks omitted)); *Gardner v. Starkist Co.*, 418 F. Supp. 3d 443, 461
(N.D. Cal. 2019) (dismissing RICO claim where plaintiff "failed to plausibly
allege facts that show [defendants] committed acts towards" alleged common
purpose); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs.,
& Prods. Liab. Litig.*, 826 F. Supp. 2d 1180, 1202-03 (C.D. Cal. 2011)
(dismissing RICO claim where plaintiff alleged that defendants' "primary business
activity . . . was conducted fraudulently"). (Emphasis added.)

That multiple related parties may have aligned interests in protecting assets
or enforcing judgments does not transform those relationships into a racketeering
enterprise. RICO does not federalize debtor-creditor disputes.

  c)  **Plaintiffs Fail to Allege That the Moving Defendants
Participated in the "Operation or Management" of an
Enterprise**

Section 1962(c) requires participation in the "operation or management" of
the enterprise. *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). A defendant
must have "some part in directing the enterprise's affairs." *Id*.

The Complaint contains no factual allegations showing that: Black Chaps
directed any enterprise affairs; Carole D. King, who is alleged to suffer from
advanced Alzheimer's, exercised operational control; or that Black Chaps did
anything other than allegedly make payments. Conclusory assertions that entities
"served as repositories" or "transferred funds" do not satisfy *Reves*. *See Swartz v.
KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (group pleading insufficient).

Plaintiffs fail to plead a legally cognizable enterprise as to these Moving
Defendants. Count One fails on that basis alone.

  4. <u>**No Pattern of Racketeering Activity Is Properly Alleged.**</u>

To plead a pattern of racketeering activity, a plaintiff must allege **at least
two predicate acts within a ten-year period**. 18 U.S.C. § 1961(5); *Sedima,*

19

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

*S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 n.14, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985); *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191-94 (9th Cir. 1987); *Shaw v. Nissan N. Am., Inc.,* 220 F. Supp. 3d 1046, 1052 (CD Cal. 2016). "[W]hile two predicate acts are required under the [RICO] Act, they are not necessarily sufficient" because "[**a] pattern of racketeering activity also requires proof that the racketeering predicates <u>are related</u> and that they <u>amount to or pose a threat of continued criminal activity</u>.**" *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004) (citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237-39, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989)) (internal quotation marks omitted). (Emphasis added.)

Further, where, as here, the alleged predicate acts of racketeering activity are acts of mail fraud or wire fraud, the pleading requirements of Rule 9(b) apply to the alleged predicate acts. *In re Toyota Motor Corp. Unintended Acceleration Mktg.,* 826 F. Supp. 2d 1180, 1201 (C.D. Cal. 2011) (citing *Edwards v. Marin Park, Inc.* 356 F.3d 1058, 1065-66 (9th Cir. 2004) (Rule 9(b) "applies to civil RICO fraud claims.")

### a) Rule 9(b) Is Not Satisfied.

#### (1) Two Or More Predicate Acts Have Not Been Attributed To Each Moving Party and No Specific Fraudulent Intent Is Alleged

". . .In the context of RICO, Rule 9(b) requires that the Plaintiffs 'detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) **A plaintiff may not simply lump together multiple defendants without specifying the role of each defendant in the fraud**. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)." *In re Toyota Motor Corp. Unintended Acceleration Mktg.,* 826 F. Supp. 2d at 1201) (dismissal

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

John E. King, Carole D. King by Guardian Ad Litem and Black Chaps LLC's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

1   proper because of Plaintiffs' "failure **to ascribe any predicate act to a particular**
2   **Defendant.")** (Emphasis added.)

3        Plaintiffs rely on impermissible group pleading, lumping Ms. King together
4   with John E. King. Under Rule 9(b), that is insufficient. *Moore v. Kayport Package*
5   *Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).

6        Plaintiffs also have lumped together John E. King and Carole D. King
7   individually with other defendants. There is no specific allegation that Black Chaps
8   or Carole D. King made any false statement, or that any Moving Party used the
9   mails or wires to convey a false statement directed at Plaintiffs.

10       Disputes over judgment balances, lien priority, and enforcement rights are
11  legal disputes—not fraud. Plaintiffs' attempt to convert contested legal positions
12  into mail and wire fraud is legally insufficient.

13       Here, the Complaint itself attaches documentation establishing that Carole
14  D. King suffers from advanced Alzheimer's disease and was medically unable to
15  participate in legal proceedings. (Complaint Ex. 18, pp. 226-237) Plaintiffs allege
16  that her cognitive impairment was sufficiently severe that she could not
17  meaningfully respond to discovery or deposition.

18                    **(2)    No Required Specific Fraudulent Intent**

19       As to each predicate act, the Plaintiffs must allege and prove "(A) the
20  formation of a scheme to defraud, (B) the use of the mails or wires in furtherance
21  of that scheme, and (C) the **specific intent to defraud**." *Eclectic Props., East, LLC*
22  *v. Marcus & Millichap Co.,* 751 F. 3d 990, 997 (citing *Schreiber Distrib. Co. v.*
23  *Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1399 (9th Cir. 1986)). (Emphasis
24  added.) Specific intent is lacking as to John E. King.

25       Further, the Complaint itself attaches documentation establishing that Carole
26  D. King suffers from advanced Alzheimer's disease and was medically unable to
27  participate in legal proceedings. (Complaint Ex. 18, pp. 226-237) Plaintiffs allege
28  that her cognitive impairment was sufficiently severe that she could not

John E. King, Carole D. King by Guardian Ad Litem and Black Chaps LLC's Rule
12(b)(1) and Rule 12(b)(6) Motion to Dismiss

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

1    meaningfully respond to discovery or deposition.

2        These allegations directly undermine any plausible inference that Ms. King

3    formed the specific intent necessary to commit mail fraud, wire fraud, or

4    obstruction of justice. Notably, the Complaint does not allege: any specific

5    misrepresentation personally made by Ms. King; any communication authored or

6    transmitted by her; any factual basis showing she knowingly directed any alleged

7    scheme; or any facts showing she understood or participated in the alleged

8    racketeering conduct.

9        Where a complaint's own allegations demonstrate cognitive incapacity, it

10   cannot simultaneously sustain a plausible inference of specific fraudulent intent.

11   9(b) requires more than speculative conclusions. This is a pleading defect and not a

12   medical conclusion, and Count One fails as a matter of law as to Carole D. King.

13       Plaintiffs also did not become assignee judgment creditors until more than

14   10 years after the making and recordation of the 2009 Maui Vacation Condo deed

15   of trust. Therefore, it is legally impossible for the Moving Parties to have engaged

16   in the alleged racketeering activity with specific intent to defraud future assignees

17   who did not yet exist as creditors in 2009. Plaintiffs' theory requires retroactive

18   fraudulent intent directed at unknown future assignees. Nor is the requisite intent

19   alleged by the Wells Fargo Judgment and the General Allegations.

20                      **b)    No Established Pattern of Racketeering**

21       Moreover, these alleged isolated completed acts do not reflect a pattern of

22   racketeering because: 1. the acts **are not related**, and 2. **the acts do not amount**

23   **to or pose a threat of continued criminal activity and thus fail as a matter of**

24   **law** to sustain Count One. *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004) ("a

25   RICO plaintiff must charge a form of predicate misconduct that 'by its nature

26   projects into the future with a threat of repetition.') (citing *Religious Tech. Ctr. v.*

27   *Wollersheim*, 971 F.2d 364, 366 (9th Cir. 1992).

28       Plaintiffs' RICO claim fails as to each of the John E. King Defendants because

22

John E. King, Carole D. King by Guardian Ad Litem and Black Chaps LLC's Rule
12(b)(1) and Rule 12(b)(6) Motion to Dismiss

Plaintiffs have not as to each of them attributed at least two qualifying related predicate acts, performed within a 10-year period with specific intent to defraud and which pose a threat of continuing criminal activity.

### (1) Plaintiffs Lack Standing Under 18. U.S.C. 1964(c)

A person "injured in [their] business or property by reason of a violation of the [RICO] statute" may bring a civil cause of action under RICO. *Harmoni Int'l Spice, Inc. v. Hume*, 914 F.3d 648, 651 (9th Cir. 2019); *see also* 18 U.S.C. § 1964(c). "Causation lies at the heart of a civil RICO claim." *Poulos v. Caesars World, Inc.,* 379 F.3d 654, 664 (9th Cir. 2004). Therefore, "[t]o have standing under § 1964(c), a civil RICO plaintiff must show: (1) that [the plaintiff's] alleged harm qualifies as injury to [their] business or property; and (2) that [the plaintiff's] **harm was 'by reason of' the RICO violation**, **which requires the plaintiff to establish proximate causation**." *Canyon Cnty. v. Syngenta Seeds*, Inc., 519 F.3d 969, 972 (9th Cir. 2008). (Emphasis added.) Importantly, the conduct must be both the "but for" and "proximate cause" of the alleged damage to the Plaintiffs. *Shaw v. Nissan N. Am., Inc.,* 220 F. Supp. 3d at 1053 "Where the violation is not itself the immediate cause of the plaintiff's injury, proximate cause may be lacking." *Canyon County v. Syngenta Seeds, Inc*., 519 F.3d at 981.

The Plaintiffs have failed to establish by their allegations that the generally alleged predicate act(s) performed by the "but for" and "proximate cause" of any of the alleged damage as to Plaintiffs as junior judgment assignees. (Ex. 11, p. 171) Moreover, the assigned ICW and EWB Judgments did not even exist in 2009 as necessary to establish the 2009 deed trust interference therewith. Causation is therefore a temporal impossibility.

Plaintiffs' General Allegations that the John E. King Defendants violated the 2012 Charging Orders and the 2022 Charging Orders did not cause Plaintiffs damage since the face of the pleading reflects that Plaintiffs did not obtain these

23

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

orders nor hold any interest in these orders by assignment or otherwise. Plaintiffs simply lack standing to claim damage from the alleged violation of the orders that were obtained and/or held respectively only by Textron, OKRA and AKRO. This is also at the time of the generally referenced predicate acts.

Plaintiffs' allegation that an expired unsatisfied Wells Fargo Judgment against John E. King that is admittedly "unrelated to Plaintiffs' judgments," certainly does not cause damage. Similarly, the General Allegations do not establish the required "but for" and "proximate cause."

Plaintiffs have not alleged damage as a "but for" and "proximate cause" of a predicate act attributed to the John E. King Defendants and each of them. *See First Capital Asset Mgm't, Inc. v. Brickellbush, Inc.*, 218 F. Supp. 2d 369, 381 (S.D.N.Y. 2002) (proximate cause element not satisfied where the plaintiffs did not "allege that collection of the amounts owed on the state court judgments has been 'successfully frustrated,' much less how any such ultimate frustration was a proximate consequence of any of defendants' predicate acts").

Additionally, the Ninth Circuit has declined to recognize legal fees as a form of injury to business or property. *Thomas v. Baca*, 308 Fed. Appx. 87, 88 (9th Cir. 2009) ("This court has not recognized the incurred of legal fees as an injury cognizable under RICO, and we decline to do so here").

Plaintiffs therefore lack standing under 18 U.S.C. 1964(c) to maintain their alleged civil RICO claim against the John E. King Defendants.

### 5. Plaintiffs' Civil RICO Claim Under 18 U.S.C. 1962(c) is Barred by the Four-Year Statute of Limitations

The statute of limitations applicable to bringing a civil RICO claim is four years. *Rotella v. Wood*, 528 U.S. 549, 552, 120 S. Ct. 1075, 145 L. Ed. 2d 1047 (2000). The John E. King Defendants incorporate by reference the arguments set forth by in the Memorandum of Points and Authorities filed by Defendants John E. King, and Carole D. King as Trustees of the John and Carole King Family Trust,

24

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

1   dated April 2026 (the "Trust") and the Trust In Support of Motion to Dismiss

2   Pursuant to Rule 12(b)(1), Rule 12(b)(6), Rule 12(b)(7), and Rule 17(b) that with

3   constructive knowledge, ICW and EWB and their assignees, each would have been

4   aware of the alleged damage, if any caused thereby, to the Judgments.

5           Count One is thus barred by the statute of limitations as to each Plaintiff.

6   ## 6.    Civil RICO Conspiracy Count Fails as a Matter of Law

7           The Plaintiffs also have alleged a Second Count against the John E. King

8   Defendants Conspiracy to Violate RICO under 18 U.S.C. § 1962(d). The Ninth

9   Circuit has held that "the failure to adequately plead a substantive violation

10  of **RICO** precludes a claim for conspiracy." *Howard v. Am. Online Inc.*, 208 F.3d

11  741, 751 (9th Cir. 2000); *Chang v. Noh*, 787 F. App'x 466, 467 (9th Cir. 2019)

12  ("Because [plaintiff] failed to state a substantive **RICO** claim, his claim for

13  conspiracy to violate **RICO** fails too."). As established herein, Plaintiffs have

14  failed to allege by Count One a substantive violation of RICO. As such Count Two

15  for Conspiracy to Violate RICO fails as a matter of law.

16  ## II.    CONCLUSION

17          For the reasons stated herein, the John E. King Defendants respectfully

18  request that this Motion to Dismiss be granted, and that Plaintiffs' RICO claims be

19  dismissed with prejudice.

20

21  Dated: February 27, 2026            By: _____

22                                           SKT LAW, P.C.
23                                           Eliot F. Krieger
                                             Attorneys for Defendants John E.
24                                           King and Carole D. King, individually
                                             and as trustees of the John and Carole
25                                           King Family Trust dated April 20,
                                             2006, the John and Carole King
26                                           Family Trust dated April 20, 2006,
                                             Black Chaps, LLC, Michael Nelson,
27                                           and Lana Lucas
28

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

25