SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CORONITAS HOLDINGS, LLC, a Wyoming limited liability company; and WOLVERINE ENDEAVORS VIII, LLC, a California limited liability company,<br><br>　　　Plaintiff,<br><br>vs.<br><br>1023 MONTEREY INVESTORS LLC, a California limited liability company; 1035 MONTEREY INVESTORS LLC, a California limited liability company; A.J. SPURS, INC., BUELLTON, a California corporation; ADDIE STREET LAND GROUP LP, a California limited partnership; AKRO REAL ESTATE PARTNERS LLC, a California limited liability company; APPLE FARM COLLECTIONS-SLO, INC., a California corporation; BLACK CHAPS LLC, a California limited liability company; BOUTIQUE HOTEL COLLECTION, INC., a California corporation; DISTINCTIVE RESORTS, INC., a California corporation; CLIFFS RESORT LLC, a California limited liability company; FERNWOOD RESORT, LLC, a California limited liability | CASE NO.  2:25-cv-11946-JFW-SK<br><br>Judge: John F. Walter<br>Courtroom: 7A<br><br>**(PROPOSED) STATEMENT OF DECISION GRANTING DEFENDANTS JOHN E. KING, AND CAROLE D. KING AS TRUSTEES OF JOHN AND CAROLE KING FAMILY TRUST, DATED APRIL 20, 2006 AND THE JOHN AND CAROLE KING FAMILY TRUST DATED APRIL 20, 2006 AMENDED MOTION TO DISMISS PURSUANT TO RULE 12(b)(1), RULE 12(b)(6), RULE 12(b)(7) AND RULE 17(b)**<br><br>Complaint Filed: December 19, 2025<br><br>Trial Date: None Set |

(Proposed) Statement of Decision Granting John E. King and Carole D. King as Trustees of the John and Carole King Family Trust dated April 20, 2006, and the John and Carole King Family Trust dated April 20, 2006, Motion to Dismiss

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

company; HIGUERA BREW LLC, a California limited liability company; JGK CONSTRUCTION LLC, a California limited liability company; CAROLE D. KING, an individual; CAROLE D. KING, as Trustee of the JOHN AND CAROLE KING FAMILY TRUST, DATED APRIL 20, 2006; JOHN G. KING, an individual; JOHN G. KING, as Trustee of the JG KING LIVING TRUST, DATED FEBRUARY 25, 2021; JOHN E. KING, an individual; JOHN E. KING, as Trustee of the JOHN AND CAROLE KING FAMILY TRUST, DATED APRIL 20, 2006; LANA LUCAS, an individual; LOS LOBOS INVESTMENTS LLC, a California limited liability company; PAUL G. METCHIK, an individual; MISSION GROVE ASSOCIATES, a California general partnership; MONTALBAN STREET GROUP, a California general partnership; MICHAEL NELSON, an individual; ORKA REAL ESTATE PARTNERS LLC, a California limited liability company; ROBIN L. ROSSI, an individual; ROBIN L. ROSSI as Trustee of THE ROBIN L. ROSSI LIVING TRUST U/D/T OCTOBER 19, 1990 a/k/a ROBIN L. ROSSI LIVING TRUST; SPANISH VINEYARDS LLC, a California limited liability company; SYCAMORE MINERAL SPRINGS LLC, a California limited liability company; THE SEAVENTURE RESORT, LLC, a California limited liability company; THE VINEYARDS AT SPANISH SPRINGS, LLC, a California limited liability company; and DOES 1-100, inclusive,

   Defendants.

          )
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2

## I.    PROCEDURAL POSTURE

Plaintiffs Coronitas Holdings, LLC ("Coronitas") and Wolverine Endeavors VIII, LLC ("Wolverine") (collectively "Plaintiffs") filed this action on December 19, 2025, seeking treble damages for alleged violations of RICO and RICO Conspiracy. Defendants John E. King and Carole D. King as Trustees of the John and Carole King Family Trust dated April 20, 2006 and the John and Carole King Family Trust dated April 20, 2006 (the "Trust Defendants") filed their Motion to Dismiss pursuant to Rule 12(b)(1), 12(b)(6), Rule 12(b)(7) and Rule 17(b) on February 27, 2026, amending it on April 13, 2026 to add hyperlinks (Document 107) ("the Motion"). Defendants filed a Notice of Joinder in the Motions to Dismiss filed by each of the other Defendants on March 18, 2026 (Document 103). Plaintiffs filed their Opposition on March 27, 2026 (Document 114). Defendants filed their Reply on May 18, 2026 (Document 129). After considering the moving, opposing, and reply papers, and arguments therein, the Court rules as follows:

## II.    SUMMARY OF RELEVANT ALLEGATIONS AND FILINGS

### A.    2009 Deed of Trust Recorded against the Trust's Maui Condo

On or about February 26, 2009, Lana Lucas allegedly loaned $525,000 in exchange for a deed of trust recorded against the John and Carole King Family Trust dated April 20, 2006 ("Trust") Maui Vacation Condo on May 22, 2009 ("2009 Deed of Trust") (Complaint ("Compl.") ¶ 158) Lana Lucas allegedly continues to hold the 2009 Deed of Trust. (Compl. ¶ 158)

### B.    EWB's September 14, 2011, Judgment

On September 14, 2011, East West Bank ("EWB") obtained a judgment against John E. King and Carole D. King, individually (the "Debtors") in the principal amount of $5,434,547.68 plus interest, attorneys' fees and costs ("EWB Judgment"). (Compl. ¶ 85, Ex. 5, pp. 120-128) The EWB Judgment now allegedly exceeds $10 Million. (Compl. ¶ 87)

3

(Proposed) Statement of Decision Granting John E. King and Carole D. King as Trustees of the John and Carole King Family Trust dated April 20, 2006, and the John and Carole King Family Trust dated April 20, 2006, Motion to Dismiss

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

### C.      ICW's September 14, 2017, Judgment

On September 14, 2017, the Insurance Company of the West ("ICW") obtained a judgment against Spanish Springs, LLC and the Debtors in the principal amount of $5,434,547 plus interest, attorney fees and costs, ("ICW Judgment") (Ex. 4, pp. 104-117) The ICW Judgment allegedly exceeds $11 Million. (Compl. ¶ 97)

### D.      Wolverine Purchases EWB Judgment for $1,000 in 2021

Wolverine Endeavors VIII, LLC ("Wolverine") purchased the EWB Judgment from EWB on or about May 17, 2021, for a mere $1,000. (Compl. ¶ 87, Ex. 5, pp. 122-124; RJN 1, Involuntary Bankruptcy Petition Ex. 2–Agreement for Sale and Purchase of Judgment) The filed Acknowledgement of Assignment of Judgment for the EWB Judgment reflects the assignment of the 'rights, title and interest' in the judgment to Wolverine. The assignment includes no express assignment of any RICO claim. (Compl. Ex. 5, pp. 122-124; RJN 3)

### E.      Coronitas Purchases ICW Judgment in 2025

On July 22, 2025[1], Coronitas Holdings, LLC ("Coronitas") purchased the ICW Judgment. The filed Acknowledgement of Assignment of Judgment for the ICW Judgment reflects the assignment of the "rights, title and interest" in the judgment to Coronitas. The assignment includes no express assignment of any RICO claim. (Compl. Ex. 4, pp. 111-114; RJN 4)

### F.      Damage Allegedly Caused By the Textron Judgments, Orders, Liens and Satisfaction Agreement Predate Plaintiffs' Acquisition of the EWB and ICW Judgments

As basis for their damages, Plaintiffs identified in their RICO Action the Textron Financial Corporation ("Textron") judgments, orders, liens and an

---

[1] Note, that while the assignment attached as Exhibit 4 to the Complaint reflects an assignment on July 22, 2025, the Plaintiffs allege by their Complaint – seemingly erroneously – the assignment of the ICW to Coronitas on May 13, 2021.

4

(Proposed) Statement of Decision Granting John E. King and Carole D. King as Trustees of the John and Carole King Family Trust dated April 20, 2006, and the John and Carole King Family Trust dated April 20, 2006, Motion to Dismiss

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

agreement, all of which **predate** Plaintiffs' acquisition of the EWB an ICW Judgments:

- January 19, 2010, Textron v. Spanish Springs, LLC et al. Judgment (Compl. ¶ 72, Ex. 8, pp. 149-150) ("Spanish Springs Judgment")

- December 29, 2009 Textron v. Vaquero De Los Lobos et al. Judgment ("Vaquero Judgment") (Compl. ¶ 72, Ex. 6, pp. 129-130)

- On December 22, 2010, Textron and Carole King, John E. King, Palm Dunes, LLC, Spanish Springs and Vaquero entered into an Agreement of Satisfaction of Judgments and Release ("Satisfaction Agreement") requiring John E. and Carole King to pay $4 Million over ten years to satisfy the Vaquero Judgment and the Spanish Springs Judgment. (Compl. ¶¶ 98-99)

- On February 28, 2011, April 20, 2012, May 15, 2012, and June 21, 2012, respectively, Textron allegedly obtained charging and assignment orders against the interests of John E. King and Carole D. King, individually. ("2012 Charging Orders.") (Compl. ¶¶ 99-103)

- Textron also recorded in 2010 abstracts of the Vaquero Judgment and the Spanish Spring's Judgment in counties of San Francisco, San Luis Obispo and Santa Barbara in of the State of California. Abstracts were also recorded in 2010 in the states of Texas and Hawaii ("Textron Abstracts" or "Liens") (Compl. ¶ 76)

Plaintiffs also allege Defendants' violation of 2012 Charging Orders, leaving the assigned Textron Judgments unsatisfied and obstructing Plaintiffs collection of the ICW and EWB Judgments. (Compl. ¶¶ 105-112)

### G.    RICO Action

On December 19, 2025, Plaintiffs filed this Action against the Debtors John E. King and Carole D. King and others, including John E. King and Carole D. King as Trustees of the John and Carole King Family Trust dated April 20, 2006

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

and the John and Carole King Family Trust dated April 20, 2006 (Compl. ¶¶ 35-37), whereby Plaintiffs seek treble damages against each of them based on alleged civil violation of RICO under 18 U.S.C. § 1962(c) and Conspiracy to Violate RICO under 18 U.S.C. § 1962(d). (Compl. pp. 1-66) The Complaint itself establishes that the alleged harm predated the assignments to Plaintiffs Wolverine and Coronitas (Compl. ¶¶ 72, 98-103, 105-113), alleging in relevant part that "Wells Fargo, EWB, ICW, and IFIC" all "ran headlong into the Textron-derived liens" and were systematically obstructed from collecting. (Compl. ¶ 108)

## III.   LEGAL STANDARD FOR MOTION TO DISMISS

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint, and to survive must "state a claim to relief that is plausible on its face." *BellAtlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); see *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In evaluating the complaint, the Court may consider its exhibits and matters subject to judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Dismissal is also appropriate under Rule 12(b)(1) for lack of standing, which is a jurisdictional prerequisite to suit, *In re WellPoint, Inc. Out-Of-Network "UCR" Rates Litig.*, 903 F. Supp. 2d 880, 894 (C.D. Cal. 2012), and under Rule 12(b)(7) for failure to join an indispensable party.

## IV.   PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED WITH RESPECT TO EACH CAUSE OF ACTION ALLEGED AGAINST DEFENDANTS (FRCP § 12(b)(6))

### A.   **Plaintiffs Lack Standing to Maintain this RICO Action Because EWB/ICW Did Not Expressly Assign RICO Claim(s) to Plaintiffs**

A RICO claim can be assigned only through an express assignment. See *Lerman v. Joyce Intern., Inc.*, 10 F.3d 106, 112 (3d Cir. 1993). Rather than refute the requirement of an express assignment of a RICO claim or otherwise establish that EWB and ICW expressly assigned their RICO claims to Plaintiffs, Plaintiffs

6

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

argue that as an assignee of a final judgment, they are the real party in interest entitled to enforce it. (Opp. 17:11-23) The law is clear, however, that the assignment of the rights, title and interest in a judgment is insufficient to convey a RICO claim. See *In re WellPoint, Inc. Out-Of-Network "UCR" Rates Litig.*, 903 F. Supp. 2d 880, 897-898 (C.D. Cal. 2012) citing *Lerman*. Plaintiffs have no standing to maintain the RICO claims that were not expressly assigned to them. (*Id.*)

Plaintiffs' argument that they do not assert any RICO claims that belonged to EWB and ICW (Opp. 17:24-26) does not overcome the law. The foundation of the Plaintiffs' RICO complaint is that the assigned Textron Judgments, Charging Orders and Satisfaction Agreement rendered the ICW and EWB judgments uncollectible. (Compl. ¶¶ 105-108) Plaintiffs own Complaint confirms that the alleged scheme was directed at the original creditors –Wells Fargo, EWB, ICW, and IFC – obstructing judgment collection before any assignment to Plaintiffs. (Compl. ¶ 108)

The Plaintiffs acknowledge by their Opposition that the alleged harm of the uncollectible ICW and EWB judgments already existed when the judgments were assigned to the Plaintiffs – and also argue the alleged harm continued after the assignment. (Opp. 19:8-10)

This dual argument creates a dilemma for Plaintiff's that does not, despite their assertion to the contrary (Compl. ¶ 19:17-24), place them squarely within 9th Circuit authority requiring "direct injury" proximately caused by the alleged racketeering conduct. *Anza v. Ideal Steel Supply Corp.* 547 U.S. 451, 462 (2006). Plaintiffs alleged injury of uncollectible judgments upon which Plaintiffs' RICO claims are founded is derivative under *Anza* and was never expressly assigned. (Compl. ¶¶ 105-108) "Direct injury" requires a direct injury or an express assignment of EWB and ICW's alleged RICO claims which did not occur.

Plaintiffs' merger argument (Opp. 22:11–23:5) is doctrinally inverted. Merger is a defensive component of claim preclusion. *Lucky Brand Dungarees,*

7

(Proposed) Statement of Decision Granting John E. King and Carole D. King as Trustees of the John and Carole King Family Trust dated April 20, 2006, and the John and Carole King Family Trust dated April 20, 2006, Motion to Dismiss

*Inc. v. Marcel Fashions Grp., Inc.,* 590 U.S. 405, 412 (2020). It applies only to pre-judgment claims to bar the judgment creditor from relitigating the underlying cause of action and substitutes the judgment as the operative obligation between the parties. It does not generate new substantive causes of action in the assignee, and it does not transform every later act that diminishes the judgment's collectability into a freestanding RICO injury distinct from the injury suffered by the original creditor.

The injury Plaintiffs actually plead — that the judgments are uncollectible because of Defendants' scheme (Compl. ¶¶ 105–108) — is the very injury sustained by EWB and ICW, by the Complaint's own admission, the alleged scheme was directed at the original creditors (Compl. ¶ 108). Under *Anza v. Ideal Steel Supply Corp.,* 547 U.S. 451, 461–62 (2006), and *Holmes v. SIPC,* 503 U.S. 258, 268–69 (1992), proximate cause runs to the directly injured party. Plaintiffs are downstream assignees of that injury, not its direct victims. Merger does not change who was directly injured; it merely changes the form of the original creditor's right against the debtor from a chose in action to a judgment debt. Claim preclusion therefore stops Plaintiffs at the judgment they bought; it does not enlarge it into a civil RICO recovery.

*Yegiazaryan v. Smagin,* 599 U.S. 533, 543–44 (2023), cited by Plaintiffs, is not to the contrary; it addresses the domestic-injury inquiry under *RJR Nabisco v. European Community,* 579 U.S. 325 (2016), and expressly preserves the direct-injury requirement of *Anza* and *Holmes* — which Plaintiffs cannot satisfy because the alleged scheme was, by their own pleading, aimed at original creditors. (Compl. ¶ 108)

**B.      Plaintiffs First Cause of Action for Violation of RICO Under 18 U.S.C. 1962(c) Fails**

**1.      Plaintiffs' RICO Claim Under 18 U.S.C. 1962(c) is Barred by the 4 Year Statute of Limitations**

8

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

Plaintiffs "… 'cannot use an independent, new predicate act as a bootstrap to recover for injuries caused by other earlier predicate acts that took place outside the limitations period.'" (*Lehman v. Lucom* (11th Cir. 2013) 727 F.3d 1326, 1330-1331 (citing *Klehr v. A.O. Smith Corp.* (1997) 521 U.S. 179, 190, 117 S. Ct. 1984, 138 L. Ed. 2d 373)) Plaintiffs' alleged injury is that the judgments are uncollectible (Compl. ¶¶ 105-109) – an injury that existed outside the 4-year limitations when EWB assigned its judgment to Wolverine on May 17, 2021, and ICW assigned its judgment to Coronitas on July 22, 2025.

Plaintiffs do not allege against the Defendants, new predicate acts within the 4-year limitations period that inflict the new injury necessary.

To constitute a new predicate act that restarts the statute of limitations, the act "must be a *new and independent act* that is not merely a reaffirmation of a previous act" and "[i]t must *inflict new and accumulating injury* on the plaintiff." (*Pace Industries, Inc. v. Three Phoenix Co.* 813 F.2d 234, 238 (9th Cir. 1987), italics added; accord, *Grimmett v. Brown* 75 F.3d 506, 513 (9th Cir. 1996))

The alleged harm of uncollectible judgments does not become more or less uncollectible by the alleged fraudulent renewal of judgments, false court filings, sham foreclosure notices, and obstruction of charging order proceedings. A **continuation of an allegedly fraudulent scheme does not restart the statute of limitations.** (*Lockwood v. Sheppard, Mullin, Richter & Hampton, LLP*, 2009 U.S. Dist. LEXIS 133046, *13 (C.D. Cal. Nov. 24, 2009)) Here the Plaintiffs allege the fraudulent scheme commenced in December 2010. (Compl. ¶ 7)

Plaintiffs' fraudulent-concealment tolling argument also fails on the pleadings as only the diligence of the original creditors and not plaintiffs would be relevant. *Pincay v. Andrews*, 238 F.3d 1106, 1110–11 (9th Cir. 2001), and tolling requires affirmative concealment separate from the underlying fraud, *Conmar Corp. v. Mitsui & Co.,* 858 F.2d 499, 505 (9th Cir. 1988), which Plaintiffs have not pleaded. The same court filings, recorded liens, and judgment renewals Plaintiffs

9

(Proposed) Statement of Decision Granting John E. King and Carole D. King as Trustees of the John and Carole King Family Trust dated April 20, 2006, and the John and Carole King Family Trust dated April 20, 2006, Motion to Dismiss

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

rely on as predicate acts were publicly available, and Plaintiffs cannot simultaneously rely on them as actionable predicates while disclaiming any duty to investigate them.

### 2. Plaintiffs Do Not Adequately Plead a RICO Pattern of Racketeering with the Requisite Predicate Acts Nor Satisfy Rule 9(b)

To sufficiently plead a pattern of racketeering activity, a plaintiff must allege **at least two related predicate acts within a ten-year period amounting to or posing a threat of continued racketeering activity**. 18 U.S.C. § 1961(5); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 n.14, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985); *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191-94 (9th Cir. 1987); *Shaw v. Nissan N. Am., Inc.,* 220 F. Supp. 3d 1046, 1052 (CD Cal. 2016). "A RICO pleading must attribute specific conduct to each defendant in the scheme." *Dorian v. Harich Tahoe Dev.,* 1996 U.S. Dist. LEXIS 21627 [citing *Moore v. Kayport Package Exp., Inc*., 885 F.2d 531, 541 (9th Cir. 1989)]).

### a) Plaintiffs Do Not Identify Two Or More Predicate Acts as to Each of the Trust Defendants

Plaintiffs do not by their Opposition direct this Court to where in their Complaint they have alleged as to each of the Trust Defendant the requisite two predicate acts within a 10-year period. Nor do Plaintiffs justify the impermissible grouping in their Complaint of the Kings [trustees], the Debtors, the Trust and Lana Lucas with the alleged predicate act(s) of wire and mail fraud. (Compl. ¶ 158 and Ex. 11, p. 171).[2] Instead, Plaintiffs focus (Opp. 27:2-29:11) on

---

[2] By paragraph 158, Plaintiffs allege: "On February 26, 2009, the Debtors executed a deed of trust in favor of Carole's sister, **Lana Lucas**, for a $525,000 loan for the Maui Vacation Condo, recorded on May 22, 2009 (the '**Maui Vacation Condo Deed of Trust**'). These documents were prepared and distributed using interstate commerce, including the internet, email, and U.S. Mail." By Ex. 11, p. 171, Ex. 4, pp. 111-114 the alleged predicate of electronically recording is generally applied to the John and Carole Family Trust, the Kings [trustees] and Lana Lucas.

(Proposed) Statement of Decision Granting John E. King and Carole D. King as Trustees of the John and Carole King Family Trust dated April 20, 2006, and the John and Carole King Family Trust dated April 20, 2006, Motion to Dismiss

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

general fraud allegations at Compl. ¶¶ 52, 129-131 which are insufficient to sustain a RICO claim against the Trust Defendants, and each of them. And the predicate acts Plaintiffs do identify by their Opposition (Opp. 29:12-30:1) are limited to alleged false court filings and enforcement communications, none of which are alleged specifically against the Trust Defendants.

More importantly, the subject lien was obtained by Lana Lucas in 2009 before either EWB and/or ICW obtained the judgments which were subsequently assigned to Plaintiffs and before commencement of the alleged fraudulent scheme in December of 2010. (Compl. ¶¶ 7, 87, 97)

Plaintiffs have failed to allege a pattern of racketeering activity against the Defendants.

Plaintiffs' reliance on *Salinas* v. *United States* 522 U.S. 52, 63–65 (1997) to support the alleged RICO violations under 18 U.S.C. § 1962(c) is misplaced. *Salinas* does not, contrary to Plaintiffs' representation to this Court, support their substantive RICO claim, but instead addresses a RICO Conspiracy in a criminal proceeding. In *Salinas*, the defendant was acquitted on the substantive offense but convicted on the RICO Conspiracy. The Court found defendant knew about and agreed to facilitate a racketeering scheme and that was sufficient to support a conviction under 18 U.S.C. § 1962(d).

### b) Predicates of Money Laundering and Obstruction of Justice are Not Pleaded Against the Trust Defendants

While Plaintiffs address money laundering (Opp. 30:2-31:5) and obstruction of justice (Opp. 31:6-19), Plaintiffs have failed to establish where in their complaint such money laundering and obstruction of justice is specifically identified against the Trust Defendants. Thus, neither can be relied upon to establish a predicate act as to these Defendants.

### c) Plaintiffs Do Not Allege the Trust Defendants are Part of the Alleged Enterprise

11

(Proposed) Statement of Decision Granting John E. King and Carole D. King as Trustees of the John and Carole King Family Trust dated April 20, 2006, and the John and Carole King Family Trust dated April 20, 2006, Motion to Dismiss

The Plaintiffs have not identified the Trust Defendants as participants in the "Enterprise" as necessary to sustain a RICO claim against them. (¶ 214) Again, every RICO element as to each defendant must be alleged. *Dorian v. Harich Tahoe Dev., 1996 U.S. Dist. LEXIS 21627*. Plaintiffs fail to address this omission by their opposition.

### d)    The Complaint Does Not Allege that the Trust Defendants Caused Plaintiffs' Alleged Harm

"To have standing under § 1964(c), a civil RICO plaintiff must show: (1) that [the plaintiff's] alleged harm qualifies as injury to [their] business or property; and (2) that [the plaintiff's] **harm was 'by reason of' the RICO violation**, **which requires the plaintiff to establish proximate causation**." *Canyon Cnty. v. Syngenta Seeds*, Inc., 519 F.3d 969, 972 (9th Cir. 2008) (Emphasis added) The conduct must be both the "but for" and "proximate cause" of the alleged damage to the Plaintiffs. (*Shaw v. Nissan N. Am., Inc.,* 220 F. Supp. 3d at 1053)

The assigned ICW and EWB Judgments did not exist in 2009 (Compl. ¶¶ 84, 96) as necessary to establish the making of the 2009 Maui Condo deed of trust interfered with the collection thereof. Causation is therefore a temporal impossibility.

Plaintiffs' allegation by Ex. 11, p. 171[3] that the issuance of the 2009 Maui Vacation Condo deed of trust violated the 2012 Charging Orders and the 2022 Charging Orders did not cause Plaintiffs damage since the face of the pleading reflects that Plaintiffs did not obtain the Charging Orders nor hold any interest in these orders by assignment or otherwise. Plaintiffs simply lack standing to claim damage from the alleged violation of the orders that were obtained and/or held respectively only by Textron, OKRA and AKRO. This is also a temporal

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

---

[3] The allegations in ¶ 158 regarding the execution and recording of the 2009 deed of trust have been made generally against the "Debtors" and not the John E. King Trustee Defendants.

(Proposed) Statement of Decision Granting John E. King and Carole D. King as Trustees of the John and Carole King Family Trust dated April 20, 2006, and the John and Carole King Family Trust dated April 20, 2006, Motion to Dismiss

impossibility since the 2012 and 2022 orders were non-existent when the Maui Condo deed of trust was created in 2009.

Further evidencing a lack of causation, the Plaintiffs allege the fraudulent scheme commenced in December 2010 (Compl. ¶ 7) after the making of the alleged fraudulent Maui Vacation Condo Deed of Trust in 2009. Plaintiffs' opposition is focused on the period post assignment of the Textron Judgments, Charging Orders and Satisfaction Agreement. (Opp. 43:2-46:6) Plaintiffs do not address any of the argument raised by the Trust Defendants in their Motion at pp. 18-20.

Plaintiffs also identify their harm as inability to collect their judgments, a harm, that by Plaintiffs' own concession (Opp. 19:8-10), existed at the time EWB and ICW assigned their respective judgments to the Plaintiffs in 2021. By the Opposition, Plaintiffs assert in this regard, "**Since acquiring the judgments from EWB and ICW, Plaintiffs have been unable to collect** because Defendants have deliberately perpetuated a scheme[4] to render the judgments functionally valueless." (Opp. 19:8-10) (Emphasis added) And Plaintiffs allege in part by their Complaint in this regard, "**When Wells Fargo, EWB, ICW, and IFIC sought to collect on their judgments, they ran headlong into the Textron-derived liens now held by OKRA** – insider lien that appeared 'senior' on record but, were in truth, self-dealing encumbrances **designed to block enforcement of legitimate creditors**…." (Compl. ¶ 108) (Emphasis added) The Plaintiffs have failed to establish that they have suffered any direct harm and/or that that harm was caused by the alleged conduct of the Trust Defendants issuing the 2009 Deed of Trust.

Plaintiffs lack standing under 18 U.S.C. 1964(c) to maintain their alleged civil RICO claim against these Defendants.

---

[4] A scheme Plaintiffs allege commenced in December 2010 before ICW assigned its judgment to Coronitas on July 22,2025 and before EWB assigned its judgment to Wolverine on May 17, 2021. (Compl. ¶¶ 7, 87, 97, Ex.4)

(Proposed) Statement of Decision Granting John E. King and Carole D. King as Trustees of the John and Carole King Family Trust dated April 20, 2006, and the John and Carole King Family Trust dated April 20, 2006, Motion to Dismiss

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

**C.      Plaintiffs' Second Cause of Action for Civil RICO Conspiracy Under 18 U.S.C. § 1962(d) Fails**

Plaintiffs' failure to allege a substantive RICO claim precludes their derivative claim for RICO Conspiracy. (*Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000); *Chang v. Noh*, 787 F. App'x 466, 467 (9th Cir. 2019)) ("Because [plaintiff] failed to state a substantive RICO claim, his claim for conspiracy to violate RICO fails too.") Plaintiffs' reliance on *Salinas* to support their conspiracy claim is misplaced because *Salinas* addressed a criminal conviction for RICO Conspiracy and not whether a plaintiff has adequately plead a substantive claim for RICO Violation as necessary to sustain a claim for RICO Conspiracy. (*Id.*)

**D.      Textron is an Indispensable Party**

Plaintiffs frame the Rule 19 question as one of joint-tortfeasor joinder, but Textron is the upstream source of the judgments, the 2010 Satisfaction Agreement, and the assignments at the heart of this case. (Compl. ¶¶ 7–9, 105–108) Adjudication of the validity of those instruments — necessary to any relief sought — implicates Textron's interest in them under Rule 19(a)(1)(B)(i). Dismissal is appropriate whereas here the indispensable party is not named as a defendant. (FRCP 12(b)(7))

**E.      Dismissal of the Trust as a Named Defendant is Proper**

Plaintiffs do not oppose Defendants' request to dismiss for lack of capacity the John and Carole King Family Trust dated April 20, 2006, as a named Defendant. Dismissal of the Trust as a party Defendant is therefore proper.

**ORDER:**

For the foregoing reasons, Defendants' John E. King and Carole D. King trustees of the John and Carole King Family Trust dated April 20, 2006 and the John and Carole King Family Trust dated April 20, 2006, Amended Motion to Dismiss Plaintiff's First Amended Complaint is GRANTED. Although the Court

14

recognizes that this Circuit has a liberal policy favoring amendments and that leave to amend should be freely granted, the Court is not required to grant leave to amend if the Court determines that permitting Plaintiff to amend would be an exercise in futility. See, e.g., *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.") In this case, Plaintiffs have failed to allege any facts in their Opposition that indicates leave to amend would not be futile. Plaintiffs cannot cure the absence of an express assignment, the limitations bar, lack of capacity, or the lack of proximate causation, and have offered no concrete additional facts that would change the analysis. (Opp. 50:24–26) Accordingly, Plaintiffs' Complaint is DISMISSED without leave to amend.

IT IS SO ORDERED.

Dated: _____          _____
                                        THE HONORABLE JOHN F. WALTER
                                        UNITED STATES DISTRICT JUDGE

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

15

(Proposed) Statement of Decision Granting John E. King and Carole D. King as Trustees of the John and Carole King Family Trust dated April 20, 2006, and the John and Carole King Family Trust dated April 20, 2006, Motion to Dismiss

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

16

(Proposed) Statement of Decision Granting John E. King and Carole D. King as Trustees of the John and Carole King Family Trust dated April 20, 2006, and the John and Carole King Family Trust dated April 20, 2006, Motion to Dismiss