**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.    **CV 25-11946-JFW(SKx)**                                    Dated: June 9, 2026

Title:      Coronitas Holdings, LLC. et al. *-v-* 1023 Monterey Investors, LLC, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**
None

**ATTORNEYS PRESENT FOR DEFENDANTS:**
None

PROCEEDINGS (IN CHAMBERS):    ORDER DENYING DEFENDANTS APPLE FARM COLLECTIONS-SLO, INC., ORKA REAL ESTATE PARTNERS LLC, ROBIN L. ROSSI, an individual; ROBIN L. ROSSI as Trustee of THE ROBIN L. ROSSI LIVING TRUST U/D/T OCTOBER 19, 1990 a/k/a ROBIN L. ROSSI LIVING TRUST'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT [filed 3/13/2026; Docket No. 91];

ORDER DENYING DEFENDANT PAUL METCHIK'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT [filed 3/13/2026; Docket No. 93];

ORDER DENYING AMENDED MOTION TO DISMISS [filed 4/13/2026; Docket No. 105];

ORDER DENYING (AMENDED) DEFENDANTS JOHN E. KING, AND CAROLE D. KING AS TRUSTEES OF JOHN AND CAROLE KING FAMILY TRUST, DATED APRIL 20, 2006'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1), RULE 12(b)(6), RULE 12(b)(7) AND RULE 17(b) [filed 4/13/2026; Docket No. 107];

ORDER DENYING (AMENDED) DEFENDANTS JOHN E. KING, CAROLE D. KING BY GUARDIAN AD LITEM AND BLACK CHAPS, LLC'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6) [filed 4/13/2026; Docket No. 108];

Initials of Deputy Clerk __sr_

**ORDER DENYING (AMENDED) DEFENDANT LANA LUCAS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(1), RULE 12(b)(6) AND RULE 12(b)(7) [filed 4/13/2026; Docket No. 109];**

**ORDER DENYING (AMENDED) DEFENDANT MICHAEL NELSON'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1), RULE 12(b)(6) AND RULE 12(b)(7) [filed 4/13/2026; Docket No. 110];**

**ORDER DENYING (AMENDED) DEFENDANT BOUTIQUE HOTEL COLLECTION, INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1), RULE 12(b)(6) AND RULE 12(b)(7) [filed 4/13/2026; Docket No. 111];**

**ORDER DENYING DEFENDANTS' JOINT MOTION TO STAY DISCOVERY PENDING MOTIONS TO DISMISS [filed 5/4/2026; Docket No. 116]**

Defendants filed the following eight motions to dismiss (collectively, "Motions to Dismiss"):

(1)    Defendants Apple Farm Collections-SLO, Inc., Orka Real Estate Partners LLC, Robin L. Rossi, an individual; Robin L. Rossi as Trustee of The Robin L. Rossi Living Trust U/D/T October 19, 1990 a/k/a Robin L. Rossi Living Trust's Motion to Dismiss Plaintiffs' Complaint filed on March 13, 2026 (Docket No. 91);

(2)    Defendant Paul Metchik's Motion to Dismiss Plaintiffs' Complaint filed on March 13, 2026 (Docket No. 93);

(3)    Amended Motion to Dismiss filed on April 13, 2026 (Docket No. 105);

(4)    (Amended) Defendants John E. King, and Carole D. King as Trustees of John and Carole King Family Trust, Dated April 20, 2006's Motion to Dismiss Pursuant to Rule 12(b)(1), Rule 12(b)(6), Rule 12(b)(7), and Rule 17(b) filed on April 13, 2026 (Docket No. 107);

(5)    (Amended) Defendants John E. King, Carole D. King By Guardian Ad Litem and Black Chaps, LLC's Motion to Dismiss Pursuant to Rule 12(b)(1) and Rule 12(b)(6) filed on April 13, 2026 (Docket No. 108);

(6)    (Amended) Defendant Lana Lucas' Motion to Dismiss Pursuant to Rule 12(b)(1), Rule 12(b)(6) and Rule 12(b)(7) filed on April 13, 2026 (Docket No. 109);

(7)    (Amended) Defendant Michael Nelson's Motion to Dismiss Pursuant to Rule 12(b)(1), Rule 12(b)(6) and Rule 12(b)(7) filed on April 13, 2026 (Docket No. 110); and

(8)    (Amended) Defendant Boutique Hotel Collection, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(1), Rule 12(b)(6) and Rule 12(b)(7) filed on April 13, 2026 (Docket No. 111).

Initials of Deputy Clerk __sr__

On April 27, 2026, Plaintiffs Coronitas Holdings, LLC and Wolverine Endeavors VIII, LLC (collectively, "Plaintiffs") filed their Opposition to the Motions to Dismiss.  On May 18, 2026, Defendants filed their respective Replies.

In addition, on May 4, 2026, Defendants filed a Joint Motion to Stay Discovery Pending Motions to Dismiss (Docket No. 116). On May 11, 2026, Plaintiffs filed their Opposition.  On May 18, 2026, Defendants filed a Reply.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matters appropriate for submission on the papers without oral argument.  The matters were, therefore, removed from the Court's June 1, 2026 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

In addition, Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  The heightened pleading requirements of Rule 9(b) are designed "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993).  In order to provide this required notice, "the complaint must specify such facts as the times, dates, places, and benefits received, and other details of the alleged fraudulent activity."  *Id*. at 672.  Further, "a pleader must identify the individual who made the alleged representation and the content of the alleged representation."  *Glen Holly Entertainment, Inc. v. Tektronix, Inc.,* 100 F. Supp. 2d 1086, 1094 (C.D. Cal. 1999).

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party.  *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations."  *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted).  However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal

Initials of Deputy Clerk   sr

Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment.  *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

In addition, a complaint may be dismissed for failure to name an indispensable party pursuant to Fed. R. Civ. P. 12(b)(7) or for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

The Court concludes that Textron Financial Corporation is not an indispensable party, see Fed. R. Civ. P. 19, and that the remaining issues raised by Defendants in their Motions to Dismiss are more appropriately resolved on motions for summary judgment.  Accordingly, Defendants' Motions to Dismiss are **DENIED**.  Defendants' Joint Motion to Stay Discovery Pending Motions to Dismiss is **DENIED as moot**.

IT IS SO ORDERED.

Initials of Deputy Clerk  _sr_