Nicholas O. Kennedy (State Bar No. 280504)
nicholas.kennedy@bakermckenzie.com
Annasofia A. Roig (Admitted *Pro Hac Vice*)
annasofia.roig@bakermckenzie.com
**BAKER & McKENZIE LLP**
1900 North Pearl Street, Suite 1500
Dallas, TX 75201
Telephone:   214 978 3000
Facsimile:    214 978 3099

Armen Manasserian (State Bar No. 288199)
armen@ml-apc.com
**MANASSERIAN LAW, APC**
35 Hugus Alley, Suite 210
Pasadena, CA 91103
Telephone:   626 469 0500
Facsimile:    626 469 0510

Attorneys for Plaintiffs, Coronitas Holdings, LLC, and Wolverine Endeavors VIII, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CORONITAS HOLDINGS, LLC, a Wyoming limited liability company; and WOLVERINE ENDEAVORS VIII, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>1023 MONTEREY INVESTORS LLC, et al.,<br><br>Defendants. | Case No. 2:25-cv-11946-JFW-SK<br>Complaint Filed: December 17, 2025<br><br>**JOINT REPORT**<br>**[FRCP Rule 26 & L.R. 26-1]**<br><br>Date: June 29, 2026<br>Time: 1:15 p.m.<br>Courtroom 7A – 7th floor<br>Before the Hon. John F. Walter<br>U.S. Courthouse – 350 W. First Street<br>Los Angeles, CA 90012<br>Trial Date: None |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Plaintiffs Coronitas Holdings, LLC, and Wolverine Endeavors VIII, LLC, on the one hand, and Defendants on the other hand, submit this Joint Report following the conference their undersigned counsel conducted in accordance with Rule 26(f).

## STATEMENT OF THE CASE AND ISSUES IN DISPUTE

**1.     Jurisdiction, Venue, and Service**

**a.     Subject Matter Jurisdiction**

The parties agree that the Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c) because Plaintiffs assert claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c) and (d). Plaintiffs also allege that they have suffered direct injury to their business or property arising from Defendants' alleged racketeering scheme, specifically the impairment of Plaintiffs' ability to enforce and collect on California money judgments that Plaintiffs own and that allegedly exceed $20 million.

**b.     Personal Jurisdiction and Venue**

Plaintiffs contend that personal jurisdiction and venue are proper in this District because the alleged enterprise operated through entities, assets, enforcement proceedings, levies, liens, foreclosure activity, and related judicial processes centered in California, including proceedings in this District concerning the very judgments and assets at issue. Plaintiffs further contend that substantial parts of the events or omissions giving rise to the claims occurred in this District and elsewhere in California. Defendants reserve all rights with respect to personal jurisdiction and venue to the extent any such defenses remain available.

**c.     Service of Process**

Plaintiffs filed the Complaint on December 17, 2025. The named Defendants have appeared and filed motions to dismiss. Plaintiffs are not presently aware of any material service issues requiring immediate Court intervention. The parties agree

that service should be effected June 15, 2026, 14 days before the scheduling conference.

## 2.      Chronology of Facts and Principal Factual Issues in Dispute

### a.      Plaintiffs' Position

This action arises from a long-running course of conduct involving the enforcement of judgments and the alleged use of affiliated entities and legal processes in connection with those efforts. Plaintiffs are judgment creditors holding more than $20 million in unsatisfied California judgments against John E. King and related debtors. Plaintiffs allege that their collection efforts over several years were impeded by conduct associated with those activities. Plaintiffs further allege that certain individuals and affiliated entities acted collectively in connection with these efforts, including through actions involving lien priorities, foreclosure proceedings, property transfers, and post-judgment enforcement activity.

With respect to specific transactions, Plaintiffs allege that two judgments originally entered in favor of Textron Financial Corporation, totaling more than $16 million, were subject to a satisfaction agreement requiring payment of $4 million in exchange for full satisfaction. Plaintiffs allege that the required payments were completed by 2016, but that the judgments were not extinguished and instead were transferred to an affiliated entity, which then asserted a senior creditor position.

Plaintiffs allege that entities including ORKA Real Estate Partners, LLC, and AKRO Real Estate Partners, LLC, subsequently exercised enforcement rights associated with those judgments, including foreclosure and levy activity that resulted in transfers of real property and the elimination of junior liens. Plaintiffs further allege that filings in connection with those proceedings reflected inflated judgment balances or omitted payments and credits.

Plaintiffs also allege that, following those transfers, individuals and affiliated entities continued to receive income from certain properties and remained involved

in their financial management, and that funds were routed through affiliated entities in a manner inconsistent with the enforcement rights reflected in court orders. Plaintiffs further allege that subsequent enforcement efforts—including post-judgment discovery and related bankruptcy proceedings—were met with motion practice, appeals, and objections, resulting in delay and increased litigation costs, and impairing their rights as judgment creditors.

### b.      Defendants' Position

Defendants deny Plaintiffs' allegations and contend that the transactions and enforcement activities at issue were lawful, and that Plaintiffs have not submitted pertinent facts or authority showing they are unlawful. Defendants assert that Plaintiffs have not adequately alleged standing, the existence of a RICO enterprise, predicate acts, or proximate causation. Defendants further contend that Plaintiffs' claims are untimely and that the Complaint is otherwise deficient under Rule 12(b)(7). Defendants also contend that the assignments at issue conveyed only the judgments and not any independent causes of action, and that Plaintiffs therefore cannot assert certain claims based on pre-assignment conduct. Defendants contend that this lawsuit is part of an ongoing series of meritless lawsuits designed to harass them by Plaintiffs, who are acting as collections speculators.

### 3.      Statement of Legal Issues and Disputed Points of Law

### a.      Plaintiffs' Position

Plaintiffs contend that the principal legal issues include whether Defendants participated in an association-in-fact enterprise; whether Defendants engaged in a pattern of racketeering activity; and whether the alleged conduct caused injury to Plaintiffs' property interests in their judgments. Plaintiffs further contend that their claims are based on injuries arising after they acquired the judgments and that they seek recovery for impairment of their own enforcement rights, including alleged loss of lien priority, delay in collection, and increased costs.

### b.    Defendants' Position

Defendants contend that Plaintiffs have not adequately pleaded the elements of a civil RICO claim, including enterprise, pattern, and causation. Defendants further contend that Plaintiffs lack standing to assert the RICO claims because they were not specifically assigned any RICO claims by the entities that previously held the judgements at issue. Defendants additionally contend that any alleged injuries are not legally cognizable or too remote. Defendants further contend that the collections actions and other transactions complained of are not unlawful.

### 4.    Pending and Anticipated Motions

The parties anticipate that additional dispositive motions, including motions for summary judgment, will likely be filed at a later procedural posture. Defendants intend to seek summary judgment on several discrete, predominantly legal issues that, if resolved in their favor, would dispose of or substantially narrow this action.

The threshold issues Defendants anticipate presenting include those presented in Defendants' motions to dismiss, namely: (a) whether Plaintiffs lack standing to assert the assigned civil RICO claims because the recorded Acknowledgments of Assignment convey only the assignors' "right, title, and interest" in the underlying judgments rather than an express assignment of any RICO cause of action; (b) whether Plaintiffs' civil RICO claims are barred by the four-year statute of limitations; (c) whether Plaintiffs can establish that any predicate act attributed to these Defendants was the but-for and proximate cause of Plaintiffs' claimed injury, where the conduct on which Plaintiffs rely predates Plaintiffs' acquisition of the assigned judgments; and (d) whether Plaintiffs' claims are barred, in whole or in part, by the Noerr–Pennington doctrine as resting on protected petitioning activity. Each of these issues turns largely on the pleadings, judicially noticeable records, and undisputed chronology, and can be adjudicated with little or no merits discovery.

Case No. 2:25-cv-11946-JFW-SK
JOINT RULE 26 REPORT

Because Defendants contend that these issues are case-dispositive or case-narrowing and require minimal factual development, Defendants propose that, in light of the Court's recent ruling on their motions to dismiss, the Court allow for a first round of summary judgment directed to these threshold issues, in advance of the deadlines governing broader fact and expert discovery on the alleged RICO "enterprise," "pattern," and damages elements. Defendants respectfully request that the Court approve this phased approach and grant the parties leave to file a later, comprehensive motion for summary judgment on any issues not resolved by the threshold motion. It is Defendants' position that phasing dispositive motions in this manner would conserve party and judicial resources, avoid premature and expensive merits discovery and is consistent with the Federal Rules of Civil Procedure. Defendants do not seek to delay the overall progress of the case; the proposed threshold motion can be briefed and heard on an early track while the parties proceed with initial disclosures and document discovery.

Plaintiffs oppose this phased approach to summary judgment motion practice and respectfully request that all issues appropriate for summary judgment be presented and considered by the Court in one phase, as is customary, following the appropriate discovery deadlines.

**5.    Amendment of Pleadings**

At this time, Plaintiffs do not anticipate any amendments to their pleading.

**DISCOVERY**

**6.    Initial Disclosures**

The Parties have agreed to exchange initial disclosures two weeks after their Rule 26 Conference on June 22, 2026.

**7.    Discovery Plan**

    **a.    Discovery Taken to Date**

On April 6 and 8, 2026, Plaintiffs served requests for production on each of the Defendants in this case. Defendants have requested two extensions of time given their motions to dismiss and joint motion to stay. As such, Defendants have not yet responded to any discovery. Defendants have not propounded any discovery.

    **b.    Scope of Anticipated Discovery**

Plaintiffs anticipate seeking discovery concerning the structure and operation of the alleged enterprise, including relationships among Defendants and affiliated entities, the acquisition and enforcement of the underlying judgments, and the transfer and management of assets associated with those judgments. Plaintiffs anticipate taking at least ten (10), and possibly more, depositions.

Plaintiffs also anticipate discovery regarding financial transactions, including the flow of funds through affiliated entities, payments associated with the underlying judgments, and distributions or expenditures related to assets that are the subject of enforcement activity. Plaintiffs further anticipate discovery concerning judicial filings, enforcement proceedings, and communications that Plaintiffs allege relate to the assertion of judgment balances, lien priority, and collection rights.

Plaintiffs expect discovery regarding post-judgment enforcement activity, including charging orders, foreclosure proceedings, bankruptcy-related filings, and related litigation activity that Plaintiffs contend affected their ability to collect on their judgments. Defendants are expected to seek discovery concerning Plaintiffs' acquisition of the judgments, the terms and scope of the assignments, Plaintiffs' enforcement efforts, and the factual basis for Plaintiffs' injuries and damages.

Defendants will conduct discovery seeking to establish that Plaintiffs lack standing to pursue their claims, that Plaintiffs purchased the judgments in question knowing about the senior debt that would limit enforcement, that this case is a

continuation of a series of harassing lawsuits, and that Plaintiffs cannot establish that Defendants' transactions or collections activities were unlawful.

### c. Proposed Limitations or Modifications of Discovery Rules

The parties have not agreed at this stage on a phased or limited discovery plan and reserve their respective positions regarding timing and scope.

Defendants contend that discovery should be limited because Plaintiffs have already repeatedly taken discovery from key parties in its prior lawsuits, and that its current discovery demands seek many of the same documents, which is an unreasonable burden and intended to harass.

### d. Preserving Discoverable Information

The parties acknowledge their obligations to preserve relevant documents, electronically stored information, and other materials.

### e. Electronically Stored Information

The parties anticipate that electronically stored information will be significant in this case, including emails, financial records, entity documents, and electronically filed court materials.

### f. Protective Order

The parties anticipate that a protective order will be appropriate in light of the potential production of confidential financial information, business records, and personal data. The parties expect to meet and confer regarding the terms of a protective order and to submit a proposed order to the Court in due course. Defendants will also seek a protective order regarding the scope of discovery given the overlap between what Plaintiffs now seek and what they have sought and received in other prior cases.

Case No. 2:25-cv-11946-JFW-SK
JOINT RULE 26 REPORT

**Other Matters**

## 8.   Related Cases or Proceedings

The pleadings and briefing reference multiple related proceedings involving the underlying judgments and associated assets. These include prior enforcement proceedings, foreclosure actions, post-judgment discovery proceedings, bankruptcy-related filings involving John E. King and related debtors, and the aforementioned Textron judgements. The related cases, as defined under Local Rule 83-1.3, include *In re John E. King*, No. 9:22-bk-10674-RC (Bankr. C.D. Cal. 2022), and *In re Carole D. King*, No. 9:22-bk-10673-RC (Bankr. C.D. Cal. 2022).

There are also various actions filed in state court, which are material to this action and include actions seeking relief similar to that sought in this action. *See, e.g., Coronitas Holdings, LLC and Wolverine Endeavors VIII, LLC v. John E. King, et al*. No. 26CV-0263 (filed during the pendency of this action).

## 9.   Relief Sought by the Complaint

Plaintiffs seek recovery of actual damages in an amount alleged to exceed $21 million, together with prejudgment and post-judgment interest. Plaintiffs seek enhanced remedies under the Racketeer Influenced and Corrupt Organizations Act, including treble damages, as well as recovery of attorneys' fees and costs.

Plaintiffs additionally seek equitable remedies directed at assets affected by the conduct at issue, including the imposition of a constructive trust, appointment of a receiver, injunctive relief restricting transfers or encumbrances of assets, and an accounting of funds transferred among affiliated entities. Plaintiffs further seek punitive or exemplary damages and such other relief as the Court deems appropriate.

Defendants deny liability and contend that Plaintiffs have not established entitlement to relief.

**10.   Certification as to Interested Parties or Persons**

The parties have filed, or will file, Certifications as to Interested Parties or Persons as required by the Local Rules. Based on currently available information, no additional interested parties require disclosure beyond those identified in the Complaint and related filings.

**11.   Proposed Dates**

Plaintiffs propose that the Court enter a scheduling order providing for fact discovery, expert discovery, dispositive motions, and trial in the ordinary course.

Nonetheless, the parties tentatively propose the case schedule, a copy of which is attached hereto and incorporated herein as **Exhibit A**, with deadlines relative to the ultimate trial period. This proposed schedule presumes a trial setting at least twelve (12) months from the entry of the Court's scheduling order.

The foregoing proposed schedule is based on the parties' current understanding of the claims, defenses, and anticipated scope of discovery, and reflects the parties' best estimate at this early stage of the case. However, the parties recognize that this schedule is necessarily preliminary and subject to revision. Accordingly, the parties respectfully submit that the proposed schedule may need to be modified as the case progresses and as those threshold issues are resolved.

**12.   Trial**

**a.     Jury or Court Trial**

Plaintiffs have demanded a jury trial. Defendants will also demand a jury trial.

**b.     Estimated Length of Trial**

The parties anticipate that trial will require multiple days, though the precise length will depend on the scope of claims and issues remaining following dispositive motions. At this juncture, the parties estimate trial may take between 10 and 13 days.

**c.     Consent to Magistrate Judge**

The parties do not consent to trial before a Magistrate Judge.

10

  **d.**  **Independent Expert or Master**

The parties do not presently anticipate the need for appointment of a special master or independent expert but reserve the right to revisit this issue.

**13.** **Settlement Efforts and Alternative Dispute Resolution Plan**

The parties agree that they are not presently engaged in settlement discussions but remain open to mediation or other forms of alternative dispute resolution.

**14.** **Complex Case Designation**

The parties agree that this case need not be designated as a complex case. The Federal Rules of Civil Procedure and Local Rules can appropriately govern this case.

**15.** **Dispositive Motions**

Defendants previously filed motions to dismiss pursuant to Rules 12(b)(1), 12(b)(6), and 12(b)(7), raising issues including standing, timeliness, sufficiency of the alleged RICO claims, and joinder. Plaintiffs opposed those motions and contend that the Complaint adequately pleads the elements of their claims. On June 10, 2026, the Court entered an order denying Defendants' motions to dismiss. The parties anticipate that additional dispositive motions, as discussed above, may be filed.

**16.** **Unusual Legal Matters**

The case involves issues relating to the effect of assignments of judgments and the extent to which alleged conduct occurring before and after such assignments is actionable.

**17.** **Severance, Bifurcation and Ordering of Proof**

The parties do not presently propose severance or bifurcation.

**18.** **ADR Notice and Certification**

Counsel for each of the parties confirms that they have transmitted the Court's Notice to Parties of Court-Directed ADR Program [DE 7] to their respective client(s). Counsel further confirm that they conferred with their client(s) regarding the Court's Notice and the available options, including potential approaches to

11

settlement. The parties agree that this case is best suited for private mediation. Though it is difficult to currently estimate a date certain for a productive mediation, the parties estimate that mediation can occur in or around December 2026, assuming that the trial period is set for June 2027.

**19.    Certification of Lead Trial Counsel**

Lead Trial Counsel for Plaintiffs, Nicholas O. Kennedy of Baker & McKenzie LLP, is registered as an ECF user and his contact information is current as reflected in the docket. Counsel for Defendants likewise certify that they are registered ECF users and will comply with applicable filing requirements.

Respectfully Submitted,

Dated: June 12, 2026

**BAKER & McKENZIE LLP**

By: */s/ Nicholas O. Kennedy*
Nicholas O. Kennedy
Annasofia A. Roig
(Admitted *Pro Hac Vice*)

**MANASSERIAN LAW, APC**
Armen Manasserian

Attorneys for Plaintiffs,
Coronitas Holdings, LLC, and
Wolverine Endeavors VIII, LLC

Dated: June 12, 2026

**BROWN WHITE & OSBORN LLP**

By: */s/ Kenneth P. White*
Kenneth P. White
Karineh Darbinian

Attorneys for Defendants, 1023 Monterey Investors LLC; 1035 Monterey Investors LLC; A.J. Spurs, Inc., Buelton; Addie Street Land Group LP; Akro Real Estate Partners LLC; Distinctive Resorts, Inc.; Cliffs Resort LLC; Fernwood Resort, LLC; Higuera Brew LLC; JGK Construction LLC; John G. King, Individually and as Trustee of the JG King Living Trust, Dated February 25, 2021; Los Lobos Investments LLC; Mission Grove Associates; Montalban Street Group; Spanish Vineyards LLC; Sycamore Mineral Springs LLC; The Seaventure Resort, LLC; The Vineyards At Spanish Springs, LLC

13

Case No. 2:25-cv-11946-JFW-SK
JOINT RULE 26 REPORT

Dated: June 12, 2026                    **SKT LAW PC**


                                        By: */s/ Eliot F. Krieger*
                                        Eliot F. Krieger
                                        Heidi Stilb Lewis
                                        Maren B. Hufton

                                        Attorneys for Defendants,
                                        John E. King and Carole D. King,
                                        individually and as trustees of the John
                                        and Carole King Family Trust dated
                                        April 20, 2006; the John and Carole King
                                        Family Trust dated April 20, 2006, Black
                                        Chaps, LLC; Boutique Hotel Collection,
                                        Inc.; Michael Nelson; and Lana Lucas

Dated: June 12, 2026                    **Larson LLP \**


                                        By: */s/ A. Alexander Lowder*
                                        Stephen G. Larson
                                        A. Alexander Lowder
                                        Elizabeth A. Christianson

                                        Attorneys for Defendant,
                                        Paul G. Metchik


Dated: June 12, 2026                    **TENLEY LAW, PC**


                                        By: */s/ Scott D. Tenley*
                                        Scott D. Tenley
                                        Hannah Friedman

                                        Attorneys for Defendants,
                                        ORKA Real Estate Partners LLC;
                                        Apple Farm Collections-SLO, Inc.; and
                                        Robin L. Rossi in all capacities

14

Case No. 2:25-cv-11946-JFW-SK
JOINT RULE 26 REPORT

## ATTESTATION

Pursuant to Local Rule 7-1, this stipulation is signed by counsel for all parties affected, and pursuant to Local Rule 5-4.3.4, I attest that all other signatories listed above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated: June 12, 2026

**BAKER & MCKENZIE LLP**

By: */s/ Nicholas O. Kennedy*
Nicholas O. Kennedy
Annasofia A. Roig
(Admitted *Pro Hac Vice*)

**MANASSERIAN LAW, APC**
Armen Manasserian

Attorneys for Plaintiffs,
Coronitas Holdings, LLC, and
Wolverine Endeavors VIII, LLC

Case No. 2:25-cv-11946-JFW-SK
JOINT RULE 26 REPORT