SKT LAW, P.C.
Eliot F. Krieger (SBN 159647) ekrieger@skt.law
Heidi Stilb Lewis, (SBN 98046) hlewis@skt.law
Maren B. Hufton (SBN 253445) mhufton@skt.law
7755 Center Avenue, Suite 1100
Huntington Beach, CA 92647
(949) 523-3333 Telephone | (949) 523-3003 Facsimile

Attorneys for Defendants John E. King individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc., Michael Nelson, and Lana Lucas

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

<table>
<tr><td>CORONITAS HOLDINGS, LLC, a Wyoming limited liability company; and WOLVERINE ENDEAVORS VIII, LLC, a California limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>1023 MONTEREY INVESTORS LLC, a California limited liability company; 1035 MONTEREY INVESTORS LLC, a California limited liability company; A.J. SPURS, INC., BUELLTON, a California corporation; ADDIE STREET LAND GROUP LP, a California limited partnership; AKRO REAL ESTATE PARTNERS LLC, a California limited liability company; APPLE FARM COLLECTIONS-SLO, INC., a California corporation; BLACK CHAPS LLC, a California limited liability company; BOUTIQUE HOTEL COLLECTION, INC., a California corporation; DISTINCTIVE RESORTS, INC., a California corporation; CLIFFS RESORT LLC, a California limited liability company; FERNWOOD RESORT, LLC. a California limited liability</td><td>CASE NO.  2:25-cv-11946-JFW-SK<br><br>Judge: John F. Walter<br>Courtroom: 7A<br><br>**ANSWER OF DEFENDANTS JOHN E. KING INDIVIDUALLY AND AS TRUSTEE OF THE JOHN AND CAROLE KING FAMILY TRUST DATED APRIL 20, 2006, THE JOHN AND CAROLE KING FAMILY TRUST DATED APRIL 20, 2006, BLACK CHAPS, LLC AND BOUTIQUE HOTEL COLLECTION, INC. TO COMPLAINT**<br><br>Complaint Filed: December 19, 2025<br><br>Trial Date: July 27, 2027</td></tr>
</table>

SKT LAW, P.C.<br>7755 CENTER AVENUE, SUITE 1225<br>HUNTINGTON BEACH, CALIFORNIA 92647<br>T: (949) 523-3333 | F: (949) 523-3003

1

company; HIGUERA BREW LLC, a California limited liability company; JGK CONSTRUCTION LLC, a California limited liability company; CAROLE D. KING, an individual; CAROLE D. KING, as Trustee of the JOHN AND CAROLE KING FAMILY TRUST, DATED APRIL 20, 2006; JOHN G. KING, an individual; JOHN G. KING, as Trustee of the JG KING LIVING TRUST, DATED FEBRUARY 25, 2021; JOHN E. KING, an individual; JOHN E. KING, as Trustee of the JOHN AND CAROLE KING FAMILY TRUST, DATED APRIL 20, 2006; LANA LUCAS, an individual; LOS LOBOS INVESTMENTS LLC, a California limited liability company; PAUL G. METCHIK, an individual; MISSION GROVE ASSOCIATES, a California general partnership; MONTALBAN STREET GROUP, a California general partnership; MICHAEL NELSON, an individual; ORKA REAL ESTATE PARTNERS LLC, a California limited liability company; ROBIN L. ROSSI, an individual; ROBIN L. ROSSI as Trustee of THE ROBIN L. ROSSI LIVING TRUST U/D/T OCTOBER 19, 1990 a/k/a ROBIN L. ROSSI LIVING TRUST; SPANISH VINEYARDS LLC, a California limited liability company; SYCAMORE MINERAL SPRINGS LLC, a California limited liability company; THE SEAVENTURE RESORT, LLC, a California limited liability company; THE VINEYARDS AT SPANISH SPRINGS, LLC, a California limited liability company; and DOES 1-100, inclusive,

        Defendants.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

2

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

John E. King individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC and Boutique Hotel Collection, Inc., ("Defendants") jointly and severally answer the original complaint of Plaintiffs Coronitas Holdings, LLC and Wolverine Endeavors VIII, LLC ("Plaintiffs"), as follows:

1. Defendants, and each of them, deny each and every allegation of paragraph 1. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

2. Defendants admit that Defendant John E. King is a real estate developer, with properties in San Luis Obispo County and other locations. Defendants further deny that the allegations in paragraph 2 accurately characterize John E. King's ownership, management, or business activities. Defendants deny the remaining allegations contained in paragraph 2 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

3. Defendants, and each of them, admit as alleged in paragraph 3 that Carole D. King was John E. King's wife, JG King is John E. King's son, Robin L. Rossi is John E. King's business associate and Paul G. Metchik is an attorney that has done work for John E. King and that a John E. King's debtor examination was taken on or about February 25, 2022, excerpts of which examination transcript are attached as Exhibit 1 to the Complaint which speaks for itself. Except as so admitted, Defendants deny each and every allegation of paragraph 3. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

4.      Defendants, and each of them, deny each and every allegation of paragraph 4. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

5.      Defendants, and each of them, deny that they participated in the alleged Enterprise and further deny that each of them has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs and/or caused Plaintiffs any harm whatsoever. As to the remaining allegations, Defendants, and each of them, admit that Plaintiffs are the holders of certain judgments, and except as so admitted, Defendants, and each of them, deny each and every remaining allegation of paragraph 5, and deny that Plaintiffs and each of them have suffered in any manner whatsoever. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

6.      Defendants, and each of them, admit as alleged in paragraph 6 that John G. King and Robin L. Rossi own and control AKRO Real Estate Partners, LLC and Robin L. Rossi owns and controls ORKA Real Estate Partners, and except as so admitted, deny each and every remaining allegation of paragraph 6, and deny that Defendants, and each of them, participated in the alleged Enterprise and further deny that each of them has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

7.      Defendants, and each of them, admit as alleged in paragraph 7, that two judgments were entered in favor of Textron Financial Corporation against the Debtors and further admit that the Debtors entered into a Textron Satisfaction

4

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

Agreement, the terms of which speaks for themselves, and except as so admitted, deny each and every allegation of paragraph 7 and deny that Defendants, and each of them, participated in the alleged Enterprise and further deny that each of them has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

8.    Defendants, and each of them, deny that each of them, participated in the alleged Enterprise and further deny that each of them has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. As to the remaining allegations, Defendants, and each of them, admit as alleged in paragraph 8 that by 2015 Textron had received installment payments under the Textron Satisfaction Agreement and that OKRA, by assignment, became the creditor under the judgments. And except as so admitted, Defendants, and each of them, lack sufficient knowledge or information sufficient to admit or deny the alleged admission of JG and basing their denial on that ground, deny the allegation. As to the remaining allegations of paragraph 8, Defendants, and each of them, deny each and every allegation thereof. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

9.    Defendants, and each of them, deny that each of them, participated in the alleged Enterprise and further deny that each of them has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. As to the remaining allegations in paragraph 9, Defendants, and each of them, admit that a true and correct copy of John E. King's November 11, 2025, email to Monterey County Bank is attached as Exhibit 3 to the Complaint which speaks for itself. Except as so admitted, Defendants object to the following alleged

5

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

statement of John E. King as being taken out of context, "John told JG and his longtime associate, Rossi, that 'if they wanted to protect their interest in what they had, they better check and get involved in this thing . . . they better find out and see what they can do to help themselves" and based thereon deny the alleged statement. As to the remaining allegations of paragraph 9, Defendants, and each of them, deny the remaining allegations of paragraph 9. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

10.    Defendants, and each of them, admit as alleged in paragraph 10, that a redacted and highlighted version of JG's personal financial statement is attached to the Complaint as Exhibit 2 which speaks for itself, and denies the remaining allegations to the extent said allegations are inconsistent with Exhibit 2.

11.    Defendants, and each of them, deny that each of them participated in the alleged Enterprise and further deny that each of them has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. As to the remaining allegations, Defendants, and each of them, lack sufficient knowledge or information to enable them to admit or deny the allegations contained in paragraph 11 and basing their denial on that ground, deny each and every allegation thereof. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

12.    Defendants, and each of them, admit as alleged in paragraph 12 that the Court entered the renewals of both judgments, filings of which speak for themselves, and except as so admitted, deny each and every allegation thereof. Except as so admitted, Defendants, and each of them, deny that each of them, participated in the alleged Enterprise and further deny that each of them has

6

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

13. Defendants, and each of them, admit the allegations of paragraph 13 of the Complaint.

14. Defendants admit and allege that this paragraph contains factual allegations concerning public records and certain Defendants' records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with these documents, Defendants deny each and every such allegation. Defendants, and each of them, further admit as alleged in paragraph 14 that Metchik is AKRO's counsel of record. Except as so admitted, Defendants deny each and every allegation thereof, including but not limited to, denying that Defendants, and each of them, participated in the alleged Enterprise and further deny that each of them has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

15. Defendants, and each of them, deny each and every allegation of paragraph 15, including but not limited to, denying that Defendants, and each of them, participated in the alleged Enterprise and further deny that each of them has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

7

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

16.     Defendants admit and allege that the Racketeer Influenced and Corrupt Organizations Act and case entitled *Oscar v. Univ. Students Co-Op Ass'n, 965 F.2d 783, 786 (9th Cir. 1992)* speak for themselves. Except as so admitted, Defendants, and each of them, deny each and every allegation of paragraph 16, including but not limited to, denying that Defendants, and each of them, participated in the alleged Enterprise and further deny that each of them has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

17.     Responding to the allegations in paragraph 17 of the Complaint, Defendants admit and allege that the Racketeer Influenced and Corrupt Organizations Act and case entitled *Smagin. Yegiazaryan v. Smagin*, 599 U.S. 533 (2023) speak for themselves. Except a so admitted, Defendants, and each of them, deny each and every allegation of paragraph 17, including but not limited to, denying that Defendants, and each of them, participated in the alleged Enterprise and further deny that each of them has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them . Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

18.     Defendants, and each of them, admit that the Plaintiffs are assignee judgment creditors of the Debtors and except as so admitted, deny the allegations of paragraph 18. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

19.     Defendants, and each of them, admit as alleged in paragraph 19 that a copies of the ICW judgment entered September 14, 2017, the Renewal of that Judgment, the Correction of that the Renewal of the Judgment and the Assignment of that ICW Judgment to Coronitas are attached as Exhibit 4 to the Complaint, each of which speaks for itself, and as except as so admitted, deny each and every allegation thereof. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

20.     Defendants, and each of them, admit as alleged in paragraph 20 that a copies of the EWB judgment entered September 14, 2011, the Renewal of that Judgment, and the Assignment of that EWB Judgment to Wolverine are attached as Exhibit 5 to the Complaint, each of which speaks for itself, and as except as so admitted, deny each and every allegation thereof. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

21.     Defendants, and each of them, deny each and every allegation of paragraph 21,including but not limited to, denying that Defendants, and each of them, participated in the alleged Enterprise and further deny that each of them has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

22.     Defendants, and each of them, admit as alleged in paragraph 22, that 1023 Monterey Investors LLC is a California limited liability company. Except as

9

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 22 of the Complaint.

23.    Defendants, and each of them, admit as alleged in paragraph 23 that 1035 Monterey Investors LLC is a California limited liability company. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 23 of the Complaint.

24.    Defendants, and each of them, admit as alleged in paragraph 24 that A.J. Spurs, Inc., Buellton is a dissolved California corporation. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 24 of the Complaint.

25.    Defendants, and each of them, admit the allegations of paragraph 25.

26.    Defendants, and each of them, admit as alleged in paragraph 26 that AKRO Real Estate Partners LLC is a California limited liability company. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 26 of the Complaint.

27.    Defendants, and each of them, admit the allegations of paragraph 27.

28.    Defendants, and each of them, admit the allegations of paragraph 28.

29.    Defendants, and each of them, admit the allegations of paragraph 29.

30.    Defendants, and each of them, admit as alleged in paragraph 30 that Distinctive Resorts, Inc. is a California corporation with its principal place of business in 285 Bridge Street, San Luis Obispo County, California, and except as so admitted, deny each and every allegation thereof.

31.    Defendants, and each of them, admit the allegations of paragraph 31.

32.    Defendants, and each of them, admit the allegations of paragraph 32

33.    Defendants, and each of them, admit the allegations of paragraph 33.

34.    Defendants, and each of them, admit the allegations of paragraph 34.

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

10

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

35.     Defendants, and each of them, deny that Carole King is a trustee of the trust since she is deceased, and except as so denied, admit each allegation thereof.

36.     Defendants, and each of them, admit the allegations of paragraph 36 that Carole D. King is named in the Complaint in her capacity as trustee of the John and Carole King Family Trust, dated April 20, 2006, and except as so admitted, deny each and every allegation thereof.

37.     Defendants, and each of them, admit the allegations of paragraph 37.

38.     Defendants, and each of them, admit the allegations of paragraph 38.

39.     Defendants, and each of them, admit the allegations of paragraph 39.

40.     Defendants, and each of them, admit as alleged in paragraph 40 that Los Lobos Investments LLC is a California limited liability company. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 40 of the Complaint.

41.     Defendants, and each of them, admit the allegations of paragraph 41.

42.     Defendants, and each of them, admit the allegations of paragraph 42.

43.     Defendants, and each of them, admit the allegations of paragraph 43.

44.     Defendants, and each of them, admit as alleged in paragraph 44 that Defendant Michael Nelson is an individual residing in Montana, who formerly resided in San Luis Obispo County, California, and except as so admitted, deny each and every allegation thereof.

45.     Defendants, and each of them, admit as alleged in paragraph 45 that ORKA Real Estate Partners LLC is a California limited liability company. Defendants lack sufficient information and belief to admit or deny the remaining allegations in paragraph 45, and on that basis deny those allegations.

46.     Defendants, and each of them, admit the allegations of paragraph 46.

11

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

47. Defendants, and each of them, lack sufficient information or knowledge to enable them to admit or deny the allegations of paragraph 47 and basing their denial on that ground, deny each and every allegation thereof.

48. Defendants, and each of them, admit the allegations of paragraph 48.

49. Defendants, and each of them, admit the allegations of paragraph 49.

50. Defendants, and each of them, admit the allegations of paragraph 50.

51. Defendants, and each of them, admit the allegations of paragraph 51.

52. Defendants, and each of them, deny any participation in the alleged Enterprise and further deny that each of them has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. Responding to the remaining allegations in paragraph 52 of the Complaint, Defendants admit and allege that this paragraph contains factual allegations concerning Defendants' public records and files, and certain records of Defendants which speak for themselves. To the extent that this paragraph alleges facts inconsistent with these documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 52 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 52 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

53. Defendants, and each of them, further deny each and every allegations of paragraph 53, including but not limited to, denying that Defendants, and each of them, participated in the alleged Enterprise and further deny that each of them has engaged in any of the alleged fraud and/or other alleged wrongdoing against the

12

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

Plaintiffs, and each of them. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

54. Defendants, and each of them, deny each and every allegations of paragraph 54.

55. Defendants, and each of them, deny as alleged in paragraph 55 that this Court has personal jurisdiction over Defendant Carole D. King because she is deceased and no longer resides in the State of California, and except as so denied, admit the remaining allegations thereof.

56. Defendants, and each of them, lack information or knowledge sufficient to enable them to admit or deny the paragraph 56 and basing their denial on that ground deny each and every allegation of paragraph 56. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

57. Defendants, and each of them, admit the allegations of paragraph 57 as related to Boutique and Black Chaps and except as so admitted Defendants, and each of them, lack information or knowledge sufficient to enable them to admit or deny the remaining allegations of paragraph 57 and basing their denial on that ground deny each and every remaining allegation of paragraph 57.

58. Defendants, and each of them, admit the allegations of paragraph 58 as related to the John and Carole King Family Trust and except as so admitted Defendants, and each of them, lack information or knowledge sufficient to enable them to admit or deny the remaining allegations of paragraph 57 and basing their denial on that ground deny each and every remaining allegation of paragraph 58.

59. Defendants, and each of them, admit as alleged by paragraph 59 that venue is proper in the Western Division of the Central District of California, and

13

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

except as so alleged, deny each and every allegation thereof. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

60. Defendants admit as alleged in paragraph 60 that John G. King is the son of John E. King and the late Carole D. King and that he has ownership interests in certain hospitality-related entities. Defendants also admit that John E. King has and Carole D. King (prior to her death) had ownership interests in certain hospitality-related entities. Defendants deny that the allegations in paragraph 60 accurately characterize John G. King, John E. King or Carol D. King's ownership, management, or business activities, and otherwise deny the remaining allegations of paragraph 60.

61. Defendants admit, as alleged in paragraph 61, Robin L. Rossi was John E. King's business associate, and Paul G. Metchik is an attorney who has done legal work for John E. King. Defendants lack sufficient information or belief to enable them to admit or deny any allegations regarding events occurring in or about 1985, including the formation or incorporation of RKO Hospitality Services, Inc., and basing their denial upon that ground, Defendants deny those allegations in Paragraph 61 of the Complaint.

62. Defendants lack sufficient information or belief to enable them to admit or deny any allegations in paragraph 62 regarding events occurring in or about 1985, and basing their denial upon that ground, Defendants deny those allegations in Paragraph 62 of the Complaint. Defendants also admit and allege that this paragraph contains factual allegations concerning a 1985 news article, which speaks for itself. To the extent that this paragraph alleges facts inconsistent with that article, Defendants deny each and every such allegation.

63. Defendants, and each of them, deny the allegations of paragraph 63 to the extent it mischaracterizes the business dealings of John and Rossi.

14

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

64.     Defendants, and each of them, admit as alleged by paragraph 64 that John had projects outside of California and except as so admitted, deny each and every allegation thereof.

65.     Defendants, and each of them, admit as alleged by paragraph 65 that John became a developer on the Central Coast and except as so admitted, deny each and every allegation thereof.

66.     Defendants, and each of them, admit as alleged by paragraph 66 that certain entities associated with John E. King have engaged in hospitality and real estate-related business activities in California, and that John G. King held interests in certain business entities and real estate-related ventures. and except as so admitted, deny each and every allegation thereof. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

67.     Defendants, and each of them, deny each and every allegation of paragraph 67. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

68.     Defendants, and each of them, admit as alleged in paragraph 68 that judgments were entered against the Debtors. As to the remaining allegations, Defendants, and each of them, lack sufficient information or knowledge to enable them to admit or deny what other developers did and basing their denial on that ground deny each and every allegation of paragraph 68.

69.     Defendants admit and allege that paragraph 69 contains factual allegations relating to certain loan agreements between Textron and Vaquero de los Robles, LLC, and Textron and Spanish Springs II, LLC, which speak for themselves. To the extent that this paragraph alleges facts, legal conclusions and effects, or characterizations inconsistent with the loan agreements, Defendant

15

denies each and every such allegation. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

70. Defendants admit that modifications and extensions of the loan maturity dates were sought. Except as so admitted and responding to the allegations in paragraph 70 of the Complaint, Defendants admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 70 of the Complaint.

71. Defendants, and each of them, admit as alleged in paragraph 71 that Textron declined to extend either loan and except as admitted, deny each and every allegation thereof.

72. Defendants, and each of them, admit that a true and correct copy of the Vaquero Judgment is attached to the Complaint as Exhibit 6, which speaks for itself. Defendants, and each of them, further admit a true and correct copy of the Order Awarding Attorney Fees is attached to the Complaint as Exhibit 7, which speaks for itself. Except as so admitted, Defendants, and each of them, deny each and every allegation of paragraph 72 to the extent inconsistent with the terms of Exhibits 6 and 7.

73. Defendants, and each of them, admit the allegations of paragraph 73 and that a true and correct copy of the Spanish Springs II Judgment as amended is attached to the Complaint as Exhibit 8, which speaks for itself. Defendants, and each of them, further admit a true and correct copy of the Order Awarding Attorney Fees is attached to the Complaint as Exhibit 9, which speaks for itself. Except as so admitted, Defendants, and each of them, deny each and every

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

16

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

allegation of paragraph 73 to the extent inconsistent with the terms of Exhibits 8 and 9.

74. Defendants, and each of them, admit the allegations of paragraph 74.

75. Defendants, and each of them, admit the allegations of paragraph 75.

76. Defendants, and each of them, admit as alleged in paragraph 76, "Textron recorded various abstracts of judgment in San Luis Obispo County and other California counties where the King Family owned real property, as well as in Texas and Hawaii." Except as so admitted, Defendants deny each and every allegation thereof.

77. Defendants, and each of them, admit as alleged paragraph 77 that the Debtors obtained a loan from Wells Fargo in July 2008, and that the loan agreement and related documents speak for themselves. Except as so admitted, Defendants deny each and every allegation thereof.

78. Defendants, and each of them, deny each and every allegation of paragraph 78.

79. Defendants, and each of them, admit as alleged in paragraph 79 that on or about May 25, 2011 a judgment was entered in favor of Wells Fargo against John E. King, individually and as co-trustee of the John and Carole King Family Trust, and Carole D. King, as co-trustee of the John and Carole King Family Trust, the terms of which judgment speaks for itself, and except as so admitted denies each and every allegation thereof.

80. Defendants, and each of them, admit as alleged in paragraph 80, that Wells Fargo recorded judgment liens against the Debtors' properties and except as so admitted, deny each and every allegation thereof.

81. Defendants, and each of them, admit as alleged in paragraph 81, that the Wells Fargo Judgment expired and except as so admitted, deny each and every allegation thereof.

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

82.     Defendants, and each of them, deny any participation in the alleged Enterprise and further deny that each of them has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. Defendants, and each of them, further deny each and every allegation of paragraph 82. Defendant affirmatively alleges that Defendant fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

83.     Defendants, and each of them, admit as alleged in paragraph 83, that United Commercial Bank ("UCB") extended a loan to Fresno Pacific which was guaranteed by the Debtors and except as so admitted, deny each and every allegation thereof.

84.     Defendants, and each of them, admit as alleged in paragraph 84 that the Court entered a judgment on September 14, 2011, in favor of EWB against Debtors, which speaks for itself. Defendants, and each of them, further admit the Court entered an order for attorney fees, which speaks for itself. Except as so admitted, Defendants, and each of them deny, each and every allegation thereof.

85.     Defendants, and each of them, admit the allegations of paragraph 85.

86.     Defendants, and each of them, admit the allegations of paragraph 86.

87.     Defendants, and each of them, admit as alleged in paragraph 87, and reflected in Exhibit 5 to the Complaint, that EWB assigned its judgment to Wolverine on May 17, 2021 and that Wolverine renewed the assigned judgment and except as so admitted, deny each and every allegation thereof.

88.     Defendants, and each of them, admit as alleged in paragraph 88 that IFIC cross-claimed against and the Debtors, and except as so admitted, lack sufficient information or knowledge to enable them to admit or deny the remaining allegations and basing their denial on that ground, the Defendants deny each and every allegation of the remaining allegations.

18

89.    Defendants, and each of them, admit as alleged in paragraph 89 that the Court entered judgment in favor of IFIC against the Debtors and SMS Resorts, Inc., which speaks for itself. Except as so admitted, Defendants, and each of them, deny each and every allegation thereof.

90.    Defendants, and each of them, admit as alleged in paragraph 90, that IFIC recorded various abstracts of judgments against properties owned by John E. King and Carole D. King, and except as so admitted deny each and every allegation thereof.

91.    Defendants, and each of them, admit that IFIC's judgment was registered with the United States District Court for the District of Hawaii and notice thereof recorded and except as so admitted, deny each and every allegation thereof.

92.    Defendants, and each of them, admit the allegations of paragraph 92.

93.    Defendants, and each of them, admit and allege that paragraph 93 contains factual allegations concerning an agreement between IFIC and Los Lobos, a judgment, and assignment, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 93 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

94.    Defendants, and each of them, admit the allegations of paragraph 94.

95.    Defendants, and each of them, deny each and every allegation of paragraph 95 because the allegations of ICW's complaint speaks for itself.

96.    Defendants, and each of them, admit as alleged in paragraph 96 that on September 14, 2017, a judgment was entered in favor of ICW against Spanish

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

19

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

Springs and the Debtors which speaks for itself. Except as so admitted, Defendants, and each of them, deny each and every allegation thereof.

97.    Defendants, and each of them, admit as reflected in Exhibit 4 to the Complaint that the ICW judgment was assigned to Coronitas on or about July 22, 2025 (not May 13, 2021 as alleged) and except as so admitted deny each and every allegation of paragraph 97.

98.    Defendants, and each of them, admit as alleged in paragraph 98 that on December 22, 2010, that John E. King, Carole D. King, JG King, Palm Dunes LLC, Spanish Springs II LLC and Vaquero de los Robles LLC entered into an Agreement for Satisfaction of Judgments and Release ("Textron Satisfaction Agreement")with Textron, which speaks for itself. Except as so admitted, Defendants deny each and every allegation thereof.

99.    Defendants, and each of them, admit the Textron Satisfaction Agreement speaks for itself and except as so admitted deny each and every allegation of paragraph 99.

100.    Defendants, and each of them, admit that Textron obtained a series of charging and assignment orders in the Textron Actions and except as so admitted deny each and every allegation thereof.

101.    Defendants, and each of them, admit that Textron obtained additional charging orders and that the charging orders speak for themselves and except as so admitted deny each and every allegation of paragraph 101.

102.    Defendants, and each of them, admit that Textron obtained assignment orders in the Textron Actions which assignment orders speak for themselves and except as so admitted deny each and every allegation thereof.

103.    Defendants, and each of them, admit as alleged in paragraph 103 that the Plaintiffs collectively refer in their Complaint to identified charging orders and assignment orders as the "2012 Charging and Assignment Orders" and except as so admitted, deny each and every allegation thereof.

104. Defendants, and each of them, admit that the terms of the 2012 Charging and Assignment Orders speak for themselves and except as so admitted deny each and every remaining allegation of paragraph 104, including but not limited to denial of any participation in the alleged Enterprise and further deny that each of them has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

105. Defendants, and each of them, admit that Textron received installment payments paid pursuant to the Textron Satisfaction Agreement and except as so admitted deny each and every allegation of paragraph 105. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

106. Defendants, and each of them, deny each and every allegation of paragraph 106. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

107. In answering paragraph 107 it appears that the Plaintiffs have taken out of context statements made by John E. King during the Debtors Examination and based thereon the Defendants, and each of them, deny that portion of paragraph 107 as well as the remaining allegations of paragraph 107. Defendants admit the testimony recorded in the Debtor Exmaniation transcript speaks for itself. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

108.   Defendants, and each of them, deny each and every allegation of paragraph 108, including but not limited, to deny any participation in the alleged Enterprise and further deny that each of them has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

109.   Defendants, and each of them, deny each and every allegation of paragraph 109, including but not limited, to deny any participation in the alleged Enterprise and further deny that each of them has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

110.   Defendants, and each of them, deny as alleged by paragraph 110 that Defendant(s) participated in the alleged Enterprise and/or engaged in any of the alleged fraud and/or any wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any wrongful purpose whatsoever. As to the remaining allegations, Defendants, and each of them, deny each and every remaining allegation of paragraph 110. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

111.   Defendants, and each of them, deny as alleged by paragraph 111 that Defendant(s) participated in the alleged Enterprise and/or engaged in any of the alleged fraud and/or any wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any wrongful purpose whatsoever. As to the remaining allegations, Defendants, and each of them, deny each and every remaining

22

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

allegation of paragraph 111. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

112.   Defendants, and each of them, deny as alleged by paragraph 112 that Defendant(s) participated in the alleged Enterprise and/or engaged in any of the alleged fraud and/or any wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any wrongful purpose whatsoever. As to the remaining allegations, Defendants, and each of them, deny each and every remaining allegation of paragraph 112. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

113.   Defendants, and each of them, deny as alleged by paragraph 113 that Defendant(s) participated in the alleged Enterprise and/or engaged in any of the alleged fraud and/or any wrongdoing against Plaintiffs. for any wrongful purpose whatsoever. As to the remaining allegations, Defendants, and each of them, deny each and every remaining allegation of paragraph 113. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

114.   Responding to the allegations in paragraph 114 of the Complaint, Defendants admit and allege that this paragraph contains factual allegations concerning Defendants' public records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with these documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no

23

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 114 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 114 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

115. Defendants, and each of them, deny as alleged by paragraph 115 that Defendant(s) participated in the alleged Enterprise and/or engaged in any of the alleged fraud and/or any wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any wrongful purpose whatsoever. As to the remaining allegations, Defendants, and each of them, deny each and every remaining allegation of paragraph 115. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

116. Defendants, and each of them, deny each and every allegation of paragraph 116. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

117. Defendants, and each of them, deny the authenticity of the "Flow Chart" attached as Exhibit 10 to the Complaint and deny each and every allegation of paragraph 117. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

118. Responding to the allegations in paragraph 118 of the Complaint, Defendants admit and allege that this paragraph contains factual allegations concerning Defendants' records and files, which speak for themselves. To the

24

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

extent that this paragraph alleges facts inconsistent with these documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 118 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 118 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

119.   Defendants, and each of them, deny each and every allegation of paragraph 119. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

120.   Defendants, and each of them, deny each and every allegation of paragraph 120. Defendants, and each of them, affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

121.   Responding to the allegations in paragraph 121 of the Complaint, Defendants admit and allege that this paragraph contains factual allegations concerning Defendants' records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with these documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 121 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

25

121 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

122. Defendants, and each of them, deny as alleged by paragraph 122 that Defendant(s) participated in the alleged Enterprise and/or engaged in any of the alleged fraud and/or any wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any wrongful purpose whatsoever. As to the remaining allegations, Defendants, and each of them, lack sufficient information or knowledge to enable them to admit or deny the allegations of paragraph 122 as relates to what Metchik did or did not do on behalf of OKRA and basing their denial on that ground deny each and every allegation of paragraph 122. Defendants affirmatively allege that Defendants have fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

123. Defendants, and each of them, lack sufficient information or knowledge to enable them to admit or deny the allegations of paragraph 123 as relates to what Metchik did or did not do on behalf of OKRA and basing their denial on that ground deny each and every allegation of paragraph 123.

124. Defendants admit and allege that paragraph 124 contains factual allegations concerning public records, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with these documents, Defendants deny each and every such allegation. Furthermore, Defendants lack sufficient information or belief to enable them to admit or deny any allegation relating to the alleged conduct of any other named Defendant and, basing their denial upon that ground, Defendants deny those allegations in Paragraph 124 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 124 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the

26

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

125.   Defendants, and each of them, lack sufficient information or knowledge to enable them to admit or deny the allegations of paragraph 125 and basing their denial on that ground deny each and every allegation of paragraph 125.

126.   Defendants admit and allege that paragraph 126 contains factual allegations concerning public records and filings, and certain Defendants' records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 126 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 126 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

127.   Defendants admit and allege paragraph 127 contains factual allegations concerning public records and filings, and certain Defendants' records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 127 of the Complaint. Except as expressly admitted and alleged, Defendants deny any

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

remaining allegations contained in paragraph 127 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

128.   Defendants admit and allege that paragraph 128 contains factual allegations concerning public records and filings, and certain Defendants' records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 128 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 128 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

129.   Defendants, and each of them, deny as alleged by paragraph 129 that Defendant(s) participated in the alleged Enterprise and/or engaged in any of the alleged fraud and/or any wrongdoing against Plaintiffs. As to the remaining allegations of paragraph 129, Defendants admit and allege that this paragraph contains factual allegations concerning public records and filings, and certain Defendants' records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph

28

129 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 129 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

130.    Defendants, and each of them, deny as alleged by paragraph 130 that Defendant(s) participated in the alleged Enterprise and/or engaged in any of the alleged fraud and/or any wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any wrongful purpose whatsoever. As to the remaining allegations in paragraph 130, Defendants admit and allege that this paragraph contains factual allegations concerning public records and filings, and certain Defendants' records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 130 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 130 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

131.    Defendants, and each of them, deny as alleged by paragraph 131 that Defendant(s) participated in the alleged Enterprise and/or engaged in any of the alleged fraud and/or any wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any wrongful purpose whatsoever. As to the remaining allegations in paragraph 131, Defendants admit and allege that this paragraph contains factual allegations concerning public records and filings, and certain

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

29

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

Defendants' records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 131 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 131 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

132. Defendants, and each of them, deny as alleged by paragraph 132 that Defendant(s) participated in the alleged Enterprise and/or engaged in any of the alleged fraud and/or any wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any wrongful purpose whatsoever. As to the remaining allegations in paragraph 132, Defendants admit and allege that this paragraph contains factual allegations concerning public records and filings, and certain Defendants' records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 132 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 132 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

133.   Defendants admit and allege that paragraph 133 contains factual allegations concerning public records and filings, and certain Defendants' records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 133 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 133 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

134.   Defendants admit and allege that paragraph 134 contains factual allegations concerning public records and filings, and certain Defendants' records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation.

135.   Defendants admit and allege that paragraph 135 contains factual allegations concerning public records and filings, and certain Defendants' records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation.

136.   Defendants admit and allege that paragraph 136 contains factual allegations concerning public records and filings, and certain Defendants' records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a

31

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 136 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 136 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

137.    Defendants admit and allege that paragraph 137 contains factual allegations concerning public records and filings, and certain Defendants' records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 137 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 137 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

138.    Defendants admit and allege that paragraph 138 contains factual allegations concerning public records and filings, and certain Defendants' records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent

32

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

that a response is required, Defendants deny those allegations in paragraph 138 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 138 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

139. Defendants admit and allege that paragraph 139 contains factual allegations concerning public records and filings, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 139 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 139 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

140. Defendants admit and allege that paragraph 140 contains factual allegations concerning public records and filings, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 140 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 140 of the Complaint and affirmatively allege that Defendants fully complied with

33

all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

141.    Defendants admit and allege that paragraph 141 contains factual allegations concerning public records and filings, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 141 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 141 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

142.    Defendants admit and allege that paragraph 142 contains factual allegations concerning public records and filings, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 142 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 142 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

143. Defendants, and each of them, lack sufficient information or knowledge to enable them to admit or deny the allegations of paragraph 143, and basing their denial on this ground, deny each and every allegation thereof.

144. Defendants admit and allege that paragraph 144 contains factual allegations concerning public records and filings, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 144 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 144 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

145. Defendants admit and allege that paragraph 145 contains factual allegations concerning public records and filings, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 145 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 145 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

146.   Defendants, and each of them, deny as alleged by paragraph 146 that Defendant(s) participated in the alleged Enterprise and/or engaged in any of the alleged fraud and/or any wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any wrongful purpose whatsoever. As to the remaining allegations, in paragraph 146 of the Complaint, Defendants admit and allege that this paragraph contains factual allegations concerning public records and filings, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 146 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 146 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

147.   Defendants, and each of them, deny as alleged by paragraph 147 that Defendant(s) participated in the alleged Enterprise and/or engaged in any of the alleged fraud and/or any wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any wrongful purpose whatsoever. As to the remaining allegations in paragraph 147 of the Complaint, Defendants admit and allege that this paragraph contains factual allegations concerning public records and filings, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent

36

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

that a response is required, Defendants deny those allegations in paragraph 147 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 147 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

148. Defendants, and each of them admit as alleged in paragraph 148 that the charging order speaks for itself and except as so admitted denies each and every allegation thereof to the extent inconsistent therewith.

149. Defendants admit and allege that paragraph 149 contains factual allegations concerning certain Defendants' records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 149 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 149 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

150. The Defendants, and each of them, deny the accuracy of the Plaintiffs' compilation attached as Exhibit 11 to the Complaint and each of the allegations in paragraph 150 based thereon.

151. Defendants admit and allege that paragraph 151 contains factual allegations concerning John E. King and third-party Terri Reay's testimony, which speak for themselves. To the extent that this paragraph alleges facts inconsistent

37

with any testimony, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 151 of the Complaint. Defendants lack sufficient information or belief to enable them to admit or deny any allegation relating to the alleged conduct of any other named Defendant or third party and, basing their denial upon that ground, Defendants deny those allegations in Paragraph 151 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 151 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

152.   Defendants, and each of them, deny as alleged by paragraph 152 that Defendant(s) participated in the alleged Enterprise and/or engaged in any of the alleged fraud and/or any wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any wrongful purpose whatsoever. As to the remaining allegations, in paragraph 152 of the Complaint, Defendants admit and allege that this paragraph contains factual allegations concerning public records and filings, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 152 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 152 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

153.  Defendants admit and allege that paragraph 153 contains factual allegations concerning public records and filings, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 153 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 153 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

154.  Defendants, and each of them, deny as alleged by paragraph 154 that Defendant(s) participated in the alleged Enterprise and/or engaged in any of the alleged fraud and/or any wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any wrongful purpose whatsoever. As to the remaining allegations in paragraph 154 of the Complaint, Defendants admit and allege that this paragraph contains factual allegations concerning public records and filings, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 154 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 154 of the Complaint and

39

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

155. Defendants admit and allege that paragraph 155 contains factual allegations concerning public records and filings, and certain Defendants' records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 155 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 155 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

156. Defendants, and each of them, admit Michael Nelson did not enforce the Sydney Street Deed of Trust by foreclosure, and except as so admitted deny each and every allegation of paragraph 156.

157. Defendants, and each of them, admit and allege that paragraph 157 contains factual allegations concerning public records and filings, and certain Defendants' records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 157 of the Complaint. Except as expressly admitted and alleged, Defendants deny

40

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

any remaining allegations contained in paragraph 157 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

158. Defendants, and each of them, a admit and allege that paragraph 158 contains factual allegations concerning public records and filings, and certain Defendants' records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 157 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 158 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

159. Defendants, and each of them, admit Los Lobos was formed on June 10, 2022 and except as so admitted and responding to the remaining allegations in paragraph 159 of the Complaint, Defendants admit and allege that this paragraph contains factual allegations concerning public records and filings, and certain Defendants' records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 159 of the Complaint. Except as expressly admitted

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

and alleged, Defendants deny any remaining allegations contained in paragraph 159 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

160. Defendants, and each of them, deny as alleged by paragraph 160 that Defendant(s) participated in the alleged Enterprise and/or engaged in any of the alleged fraud and/or any wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any wrongful purpose whatsoever. As to the remaining allegations, Defendants admit and allege that this paragraph 160 contains factual allegations concerning public records and filings, and certain Defendants' records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 160 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 160 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

161. Defendants admit and allege that 18 U.S.C. § 1961(5) speaks for itself. Except as so admitted, Defendants, and each of them deny each and every allegation of paragraph 161, including but not limited to, deny having engaged in a pattern of racketeering activity as alleged therein. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

162.    Defendants, and each of them admit as alleged in paragraph 162, that "Wolverine caused each of the Debtors (e.g. John and Carole) to be served with an Application and Order for Appearance and Examination ("ORAP") and a subpoena for the production of documents," and except as so admitted deny each and every allegation thereof.

163.    Defendants, and each of them admit as alleged in paragraph 163, that Carole King had difficulty with Advanced Alzheimer's. Defendants further admit and allege that paragraph 163 contains factual allegations concerning communications between counsel for Carole D. King and counsel for Wolverine, which speak for themselves. To the extent that paragraph 163 alleges facts inconsistent with those communications, Defendants deny each and every such allegation. As to the remaining allegations, Defendants deny each and every allegation thereof.

164.    Defendants, and each of them admit as alleged in paragraph 164, that Wolverine conducted its first judgment debtor examination of John E. King on or about February 17, 2022, the transcribed testimony of the examination being the best evidence of his testimony. Except as so admitted, to the extent that this paragraph alleges facts inconsistent with the transcript, Defendants deny each and every such allegation.

165.    Defendants, and each of them admit as alleged in paragraph 165, that Wolverine conducted its second judgment debtor examination of John E. King on or about February 25, 2022, the transcribed testimony of the examination being the best evidence of his testimony. Except as so admitted, to the extent that this paragraph alleges facts inconsistent with the transcript, Defendants deny each and every such allegation.

166.    Defendants, and each of them admit as alleged in paragraph 166, that Wolverine conducted its third judgment debtor examination of John E. King on or about February 25, 2022, the transcribed testimony of the examination being the

43

best evidence of his testimony. Except as so admitted, to the extent that this paragraph alleges facts inconsistent with the transcript, Defendants deny each and every such allegation.

167. Defendants, and each of them admit, that the transcribed testimony of the Second Judgment Debtor Examination is the best evidence of John E. King's testimony. Except as so admitted, to the extent that this paragraph 167 alleges facts inconsistent with the transcript, Defendants deny each and every such allegation.

168. Defendants, and each of them admit as alleged in paragraph 168, that Wolverine conducted its third judgment debtor examination of John E. King on March 22, 2022, the transcribed testimony of the examination being the best evidence of his testimony. Except as so admitted, to the extent that this paragraph alleges facts inconsistent with the transcript, Defendants deny each and every such allegation

169. Defendants, and each of them admit as alleged in paragraph 169, that John E. King produced to Wolverine a Personal Financial Statement and General Ledger. Except as so admitted, to the extent that this paragraph alleges facts inconsistent with these documents, Defendants deny each and every such allegation.

170. Defendants, and each of them admit as alleged in paragraph 170, that on August 31, 2022, Wolverine filed involuntary bankruptcy petitions in the United States Bankruptcy Court for the Central District of California: In re John E. King, case no. 9:22-bk-10674-RC (the "John Bankruptcy Case") and In re Carole D. King, case no. 9:22-bk-10673-RC) (the "Carole Bankruptcy Case") (collectively the "Bankruptcy Cases"), and except as so admitted denies each and every allegation thereof.

171. Defendants, and each of them, deny as alleged by paragraph 171 that Defendant(s) participated in the alleged Enterprise and/or engaged in any of the alleged fraud and/or any alleged wrongdoing against Plaintiffs. As to the remaining

44

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

allegations of paragraph 171, Defendants, and each of them deny each and every allegation thereof.

172.   Defendants, and each of them admit as alleged in paragraph 172 that Carole King and John E. King each filed through their attorney William C. Beall motions to dismiss the involuntary bankruptcy petitions filed by Wolverine. Defendants further admit and allege that this paragraph contains factual allegations concerning these public records and filings, and certain Defendants' records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 172 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 172 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

173.   Defendants, and each of them admit 11 U.S.C. § 303(b) speaks for itself and that Wolverine caused ICW and Fence Factory, Inc to join as petitioning creditors and except as so admitted, deny each and every allegation of paragraph 173.

174.   Defendants, and each of them, admit and allege that paragraph 174 contains factual allegations concerning public records and filings, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 174 of the Complaint and affirmatively allege that Defendants fully

45

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

175. Defendants, and each of them admit discovery was served as alleged in paragraph 175 and except as so admitted deny each and every allegation thereof.

176. Defendants admit and allege that paragraph 176 contains factual allegations concerning certain discovery responses, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 176 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 176 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

177. Defendants admit and allege that paragraph 177 contains factual allegations concerning certain discovery responses, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 176 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 176 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

178.    Defendants admit and allege that paragraph 178 contains factual allegations concerning certain public records and filings and discovery responses, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 178 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 178 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

179.    Defendants admit and allege that paragraph 179 contains factual allegations concerning certain public records, hearing transcripts and filings which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 179 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 179 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

180.    Defendants admit and allege that paragraph 180 contains factual allegations concerning certain public records, hearing transcripts and filings which

47

speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 180 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 180 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

181. Defendants, and each of them, admit the allegations of paragraph 181.

182. Defendants, and each of them. admit the allegations of paragraph 182.

183. Defendants, and each of them. admit that John E. King was deposed on or about July 17, 2024, in the Bankruptcy proceedings. Defendants further admit and allege that paragraph 183 contains factual allegations concerning the deposition transcript which speaks for itself. To the extent that this paragraph alleges facts inconsistent with the transcript, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 183 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 183 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

48

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

184.   Defendants admit and allege that paragraph 184 contains factual allegations concerning public records, filings and transcripts of alleged representations which speak for themselves. To the extent that this paragraph alleges facts inconsistent with the documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 184 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 184 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

185.   The Defendants, and each of them, admit and allege that this paragraph 185 contains factual allegations concerning public records and filings, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 185 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

186.   Defendants admit and allege that paragraph 186 contains factual allegations concerning public records, filings and transcripts of alleged testimony which speak for themselves. To the extent that this paragraph alleges facts inconsistent with the documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 186 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 186 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

187.   Defendants admit and allege that paragraph 187 contains factual allegations concerning public records and filings which speak for themselves. To the extent that this paragraph alleges facts inconsistent with the documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 187 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 187 of the Complaint, including but not limited to Defendants and each of them deny they participated in the alleged Enterprise and/or engaged in any wrongdoing against Plaintiffs. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

188.   Defendants admit and allege that paragraph 188 contains factual allegations concerning public records and filings, and certain Defendants' records and files which speak for themselves. To the extent that this paragraph alleges facts inconsistent with the documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is

50

required, Defendants deny those allegations in paragraph 188 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 188 of the Complain, including but not limited to, Defendants and each of them deny they participated in the alleged Enterprise and/or engaged in any wrongdoing against Plaintiffs. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

189. Defendants admit and allege that paragraph 189 contains factual allegations concerning public records and filings, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with the documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 189 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 189 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

190. Defendants admit and allege that paragraph 190 contains factual allegations concerning discovery obtained by Plaintiffs which speaks for itself. To the extent that this paragraph alleges facts inconsistent with the discovery, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 190 of the Complaint. Except as expressly admitted

51

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

and alleged, Defendants deny any remaining allegations contained in paragraph 190 of the Complaint, including but not limited to, Defendants and each of them deny they participated in the alleged Enterprise and/or engaged in any wrongdoing against Plaintiffs. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

191. Defendants admit and allege that paragraph 191 contains factual allegations concerning certain communications which speak for themselves. To the extent that this paragraph alleges facts inconsistent with the communications, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 191 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 191 of the Complaint, including but not limited to Defendants and each of them deny they participated in the alleged Enterprise and/or engaged in any wrongdoing against Plaintiffs. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

192. Defendants admit and allege that paragraph 192 contains factual allegations concerning certain communications and billing records which speak for themselves. To the extent that this paragraph alleges facts inconsistent with the communications and billing records, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 192 of

52

the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 192 of the Complaint, including but not limited to, Defendants and each of them deny g they participated in the alleged Enterprise and/or engaged in any wrongdoing against Plaintiffs. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

193.   Defendants, and each of them, lack sufficient information or knowledge to enable them to admit or deny paragraph 193, and basing their denial on this ground, deny the allegations of paragraph 193.

194.   Defendants admit and allege that paragraph 194 contains factual allegations concerning certain communications which speak for themselves. To the extent that this paragraph alleges facts inconsistent with the communications, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 194 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 194 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

195.   Defendants admit and allege that paragraph 195 contains factual allegations concerning certain communications which speak for themselves. To the extent that this paragraph alleges facts inconsistent with the communications, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 195 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 195 of the Complaint, including but not limited to Defendants and each of them deny they participated in the alleged Enterprise and/or engaged in any wrongdoing against Plaintiffs. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

196.    Defendants admit and allege that paragraph 196 contains factual allegations concerning certain evidence which speaks for itself. To the extent that this paragraph alleges facts inconsistent with the evidence, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 190 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 190 of the Complaint, including but not limited to Defendants and each of them deny they participated in the alleged Enterprise and/or engaged in any wrongdoing against Plaintiffs. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

197.    Defendants admit and allege that paragraph 197 contains factual allegations concerning certain Defendants' records which speak for themselves. To the extent that this paragraph alleges facts inconsistent with the records, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no

54

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 197 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 197 of the Complaint, including but not limited to Defendants and each of them deny they participated in the alleged Enterprise and/or engaged in any wrongdoing against Plaintiffs. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

198.  Defendants, and each of them, admit A.J. Spurs was incorporated on March 12, 1990 and except as so admitted lack sufficient information or knowledge to admit or deny the remaining allegations of paragraph 198, and basing their denial on this ground, deny the allegations thereof.

199.  Defendants admit and allege that paragraph 199 contains factual allegations concerning certain Defendants' records which speak for themselves. To the extent that this paragraph alleges facts inconsistent with the records, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 199 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 199 of the Complaint, including but not limited to Defendants and each of them deny they participated in the alleged Enterprise and/or engaged in any wrongdoing against Plaintiffs. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

200.  Defendants admit and allege that paragraph 200 contains factual allegations concerning certain Defendants' records which speak for themselves. To

55

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

the extent that this paragraph alleges facts inconsistent with the records, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 200 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 200 of the Complaint, including but not limited to Defendants and each of them deny they participated in the alleged Enterprise and/or engaged in any wrongdoing against Plaintiffs. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

201. Defendants admit and allege that paragraph 201 contains factual allegations concerning certain Defendants' records which speak for themselves. To the extent that this paragraph alleges facts inconsistent with the records, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 201 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 201 of the Complaint, including but not limited to Defendants and each of them deny they participated in the alleged Enterprise and/or engaged in any wrongdoing against Plaintiffs. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

202. Defendants admit that the provisions of Corp. Code § 2010 speaks for itself. Defendants further admit and allege that paragraph 202 contains factual

56

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

allegations concerning certain Defendants' records which speak for themselves. To the extent that this paragraph alleges facts inconsistent with the records, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 202 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 202 of the Complaint, including but not limited to Defendants and each of them deny they participated in the alleged Enterprise and/or engaged in any wrongdoing against Plaintiffs. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

203.    Defendants admit and allege that paragraph 203 contains factual allegations concerning certain Defendants' records which speak for themselves. To the extent that this paragraph alleges facts inconsistent with the records, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 203 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 203 of the Complaint, including but not limited to Defendants and each of them deny they participated in the alleged Enterprise and/or engaged in any wrongdoing against Plaintiffs. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

204. Defendants, and each of them, lack information or knowledge sufficient to enable them to admit or deny paragraph 204, and basing their denial on this ground deny paragraph 204.

205. Defendants, and each of them, deny each and every allegation of paragraph 205 and further deny that Plaintiffs, and each of them, have been harmed as alleged in paragraph 205 and/or in any manner whatsoever.

206. Defendants, and each of them, deny each of the allegations contained in paragraph 206 and deny that Plaintiffs have been harmed in any manner whatsoever.

207. Defendants, and each of them, deny each of the allegations contained in paragraph 207 and deny that Plaintiffs have been harmed in any manner whatsoever.

208. Defendants, and each of them, deny each of the allegations contained in paragraph 208, including but not limited to, Defendants and each of them deny they participated in the alleged Enterprise and/or engaged in any wrongdoing against Plaintiffs. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

209. Defendants admit and allege that paragraph 209 contains factual allegations concerning certain Defendants' public records, filings and testimony which speak for themselves. To the extent that this paragraph alleges facts inconsistent with these records, filings and testimony, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 209 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 209 of the Complaint, including

58

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

but not limited to Defendants and each of them deny they participated in the alleged Enterprise and/or engaged in any wrongdoing against Plaintiffs. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

210.   Defendants admit and allege that paragraph 210 contains factual allegations concerning certain Defendants' testimony which speaks for itself. To the extent that this paragraph alleges facts inconsistent with this testimony, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 210 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 210 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

211.   Defendants admit and allege that paragraph 211 contains factual allegations concerning certain Defendants' testimony which speaks for itself. To the extent that this paragraph alleges facts inconsistent with this testimony, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 211 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 211 of the Complaint and affirmatively allege that Defendants fully complied with

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

212.   Defendants admit and allege that paragraph 212 contains factual allegations concerning certain Defendants' testimony which speaks for itself. To the extent that this paragraph alleges facts inconsistent with this testimony, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 212 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 212 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

213.   Defendants admit and allege that paragraph 213 contains factual allegations concerning certain Defendants' testimony which speaks for itself. To the extent that this paragraph alleges facts inconsistent with this testimony, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 213 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 213 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

214.   Defendants, and each of them, deny each and every allegation of paragraph 214, including but not limited to, Defendants and each of them deny

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

60

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

they participated in the alleged Enterprise and/or engaged in any wrongdoing against Plaintiffs. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

215.   Defendants admit and allege that paragraph 215 contains factual allegations concerning public records and filings, and certain Defendants' records which speak for themselves. To the extent that this paragraph alleges facts inconsistent with these records and filings, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 215 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 215 of the Complaint, including but not limited to Defendants and each of them deny they participated in the alleged Enterprise and/or engaged in any wrongdoing against Plaintiffs. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

216.   Defendants, and each of them, deny each and every allegation of paragraph 216.

217.   Defendants admit and allege that paragraph 217 contains factual allegations concerning public records and filings, and certain Defendants' records which speak for themselves. To the extent that this paragraph alleges facts inconsistent with these records and filings, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent

61

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

that a response is required, Defendants deny those allegations in paragraph 217 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 217 of the Complaint, including but not limited to Defendants and each of them deny they participated in the alleged Enterprise and/or engaged in any wrongdoing against Plaintiffs. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

218.   In response to paragraph 218, Defendants, and each of them, reallege and incorporate by reference, as though set forth in full, their admissions, denials and objections alleged in paragraphs 1-217 and deny any violation of RICO and deny a conspiracy to violate RICO.

## FIRST CLAIM FOR RELIEF

### (Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) — Against all Defendants)

219.   In response to paragraph 219, Defendants, and each of them, reallege and incorporate by reference, as though set forth in full, their admissions and denials alleged in paragraphs 1-218.

220.   Defendants, and each of them, deny each and every allegation of paragraph 220, including footnote 9. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

221.   Defendants, and each of them, deny each and every allegation of paragraph 221(a)-(m). Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

222.   Defendants, and each of them, deny each and every allegation of paragraph 222 and the accuracy, veracity, authenticity and admissibility of Exhibit 18- Plaintiffs' own diagram. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

223.   Defendants, and each of them, deny each and every allegation of paragraph 223. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

224.   Defendants, and each of them, deny each and every allegation of paragraph 224. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

225.   Defendants admit and allege that paragraph 225 contains factual allegations concerning public records and filings, and certain Defendants' records which speak for themselves. To the extent that this paragraph alleges facts inconsistent with these records and filings, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 225 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 225 of the Complaint, including but not limited to Defendants and each of them deny they participated in the alleged Enterprise and/or engaged in any wrongdoing against Plaintiffs. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

226.   Defendants admit and allege that paragraph 226 contains factual allegations concerning public records and filings, and certain Defendants' records which speak for themselves. To the extent that this paragraph alleges facts inconsistent with these records and filings, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 226 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 226 of the Complaint, including but not limited to Defendants and each of them deny they participated in the alleged Enterprise and/or engaged in any wrongdoing against Plaintiffs. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

227.   Defendants deny that Plaintiffs, and each of them, have been damaged/harmed. Defendants, and each of them, deny that they have caused Plaintiffs, and each of them, the alleged damage/injury in paragraph 227 and/or any damage whatsoever. Defendants, and each of them, further deny that Plaintiffs, and each of them are entitled to any of the alleged damages, attorney fees, costs, penalties(treble), punitive damages and/or other relief alleged by paragraph 227 and/or any damages or relief whatsoever.

228.   Defendants, and each of them, deny that Plaintiffs, and each of them are entitled to any of the alleged damages, attorney fees, costs, punitive damages, penalties (treble) and/or other relief alleged by paragraph 228 and/or any damages or relief whatsoever.

64

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

## SECOND CLAIM FOR RELIEF

### (Civil RICO Conspiracy – 18 U.S.C. § 1962(d) – Against all Defendants)

229.    In response to paragraph 229, Defendants, and each of them, reallege and incorporate by reference, as though set forth in full, their admissions and denials alleged in paragraphs 1-228.

230.    Defendants, and each of them, deny each and every allegation of paragraph 230. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

231.    Defendants, and each of them, deny each and every allegation of paragraph 231. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

232.    Defendants, and each of them, deny each and every allegation of paragraph 232(a)-(e). Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

233.    Defendants, and each of them, deny each and every allegation of paragraph 233 and further deny that they have caused Plaintiffs, and each of them, the alleged damage/injury in paragraph 233 and/or any damage/injury whatsoever. Defendants affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

234.    Defendants deny that Plaintiffs, and each of them, have been damaged/harmed. Defendants, and each of them, further deny that Plaintiffs, and each of them are entitled to any of the alleged damages, attorney fees, costs, punitive damages, penalties (treble) and/or other relief alleged by paragraph 234 and/or any damages or relief whatsoever.

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

235. Defendants, and each of them, deny that Plaintiffs, and each of them are entitled to any of the alleged damages, attorney fees, costs, punitive damages, penalties (treble) and/or other relief alleged by paragraph 235 and/or any damages or relief whatsoever.

## PRAYER FOR RELIEF

236. Defendants, and each of them, deny the allegations in Plaintiffs' Prayer for Relief and further deny that Plaintiffs and each of them, have caused Plaintiffs, and each of them, the alleged damage and/or any damages whatsoever. Defendants, and each of them, further deny that Plaintiffs, and each of them, are entitled to the prayed for relief and/or any relief whatsoever

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

*(Failure to State a Claim)*

237. The Complaint, and each purported claim for relief alleged therein, fails to state a claim upon which relief can be granted, including because Plaintiffs fail to allege facts sufficient to establish the essential elements of a civil RICO claim under 18 U.S.C. § 1962(c) or of a RICO conspiracy claim under 18 U.S.C. § 1962(d).

### SECOND AFFIRMATIVE DEFENSE

*(Lack of Standing – RICO Claims Not Expressly Assigned)*

238. Plaintiffs lack standing, and the Court lacks subject-matter jurisdiction, because the RICO claims Plaintiffs purport to assert were never expressly assigned to them. The recorded acknowledgments of assignment of the East West Bank and Insurance Company of the West judgments conveyed only each assignor's "right, title and interest" in the underlying money judgment, and such language does not transfer a RICO cause of action, which may be assigned only by an express assignment. Standing is a jurisdictional prerequisite, and its absence requires dismissal.

66

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

## THIRD AFFIRMATIVE DEFENSE

*(Lack of RICO Standing – 18 U.S.C. § 1964(c))*

239.   Plaintiffs lack standing under 18 U.S.C. § 1964(c) because they have not suffered, and cannot establish, an injury to their business or property that was proximately caused by any alleged violation of RICO. Alleged attorneys' fees and costs of collection are not a form of injury to business or property cognizable under RICO.

## FOURTH AFFIRMATIVE DEFENSE

*(Noerr–Pennington Immunity / First Amendment Petition Clause)*

240.   Plaintiffs' claims are barred, in whole or in part, by the Noerr–Pennington doctrine and the Petition Clause of the First Amendment because the conduct alleged as predicate acts consists of constitutionally protected petitioning activity—including filing motions and pleadings, recording liens and abstracts of judgment, obtaining and enforcing charging orders, seeking writs of execution, prosecuting appeals, filing and defending bankruptcy proceedings, entering into settlement agreements, and communicating and coordinating regarding litigation strategy. The narrow "sham litigation" exception does not apply because Plaintiffs do not plausibly allege that any such filing or proceeding was objectively baseless.

## FIFTH AFFIRMATIVE DEFENSE

*(Failure to Allege an Enterprise)*

241.   Plaintiffs fail to allege the existence of an "enterprise" that is distinct from the alleged pattern of racketeering activity and from the alleged RICO persons. The purported "enterprise" merely repackages pre-existing family relationships, long-standing business relationships, and ordinary, coordinated litigation activity, and Plaintiffs allege no decision-making structure, hierarchy, or organizational framework separate and apart from the alleged wrongdoing.

67

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

## SIXTH AFFIRMATIVE DEFENSE

*(Failure to Allege Operation or Management)*

242.   Plaintiffs fail to allege that Defendants participated in the "operation or management" of any alleged enterprise, as required to state a claim under 18 U.S.C. § 1962(c). Conclusory assertions that Defendants transferred funds, received payments, or "served as a repository" do not establish that Defendants had any part in directing the affairs of an enterprise.

## SEVENTH AFFIRMATIVE DEFENSE

*(Failure to Allege a Pattern of Racketeering Activity)*

243.   Plaintiffs fail to allege a pattern of racketeering activity because they do not attribute to Defendants at least two related predicate acts committed within a ten-year period that amount to, or pose a threat of, continued criminal activity. The isolated and completed acts alleged are neither sufficiently related nor continuous to constitute a RICO pattern.

## EIGHTH AFFIRMATIVE DEFENSE

*(Failure to Plead Fraud with Particularity – Rule 9(b))*

244.   To the extent the alleged predicate acts sound in mail fraud or wire fraud, the Complaint fails to satisfy Federal Rule of Civil Procedure 9(b) because it does not plead with particularity the time, place, and manner of each alleged act of fraud or the role of each Defendant therein, instead relying on impermissible "group pleading," and fails to allege the specific intent to defraud required for each such predicate act.

## NINTH AFFIRMATIVE DEFENSE

*(Lack of Causation)*

245.   Plaintiffs cannot establish that any conduct of Defendants was the but-for or proximate cause of any injury to Plaintiffs. The conduct of which Plaintiffs complain predates both the entry of the underlying judgments and Plaintiffs' acquisition of the East West Bank and Insurance Company of the West judgments;

68

it is therefore a temporal impossibility for that conduct to have proximately caused injury to Plaintiffs as later assignees, including as to the 2009 deed of trust and the alleged violations of agreements and orders created after the conduct alleged.

## TENTH AFFIRMATIVE DEFENSE

*(No Interest in the Instruments Allegedly Violated)*

246.   Plaintiffs hold no right, title, or interest, by assignment or otherwise, in the Textron Agreement of Satisfaction of Judgments and Release or in the 2012 and 2022 charging and assignment orders, which were held respectively by Textron Financial Corporation, ORKA Real Estate Partners LLC, and AKRO Real Estate Partners LLC. Plaintiffs therefore lack standing to claim any injury arising from the alleged breach or violation of those instruments and orders.

## ELEVENTH AFFIRMATIVE DEFENSE

*(Statute of Limitations)*

247.   Plaintiffs' claims are barred, in whole or in part, by the four-year statute of limitations applicable to civil RICO claims, because Plaintiffs and their assignors knew or, in the exercise of reasonable diligence, should have known of their alleged injury more than four years before this action was commenced.

## TWELFTH AFFIRMATIVE DEFENSE

*(Lack of Capacity / Absence of Specific Intent)*

248.   To the extent applicable, one or more Defendants lacked the capacity to form, and did not form, the specific intent required for any alleged predicate act. In particular, and as established by documentation attached to the Complaint, Carole D. King suffered from Advanced Alzheimer's disease, which negates any specific intent to defraud attributable to her and any inference that she knowingly directed or participated in the alleged conduct.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

69

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

## THIRTEENTH AFFIRMATIVE DEFENSE

*(RICO Conspiracy Fails Derivatively – 18 U.S.C. § 1962(d))*

249.   Plaintiffs' claim for conspiracy to violate RICO under 18 U.S.C. § 1962(d) fails as a matter of law because Plaintiffs have failed to allege a viable substantive RICO violation under 18 U.S.C. § 1962(c).

## FOURTEENTH AFFIRMATIVE DEFENSE

*(Intracorporate Conspiracy Doctrine)*

250.   Plaintiffs' claim for conspiracy to violate RICO under 18 U.S.C. § 1962(d) is barred, in whole or in part, by the intracorporate conspiracy doctrine. The persons Plaintiffs allege to have conspired are members of a single family and the trusts, entities, and agents acting on their collective behalf, and the conduct alleged was undertaken in the course of that single, common economic interest. Because agents and constituents of a single enterprise acting on its behalf are legally incapable of conspiring with one another or with the enterprise, Plaintiffs cannot establish the agreement between legally distinct persons that a RICO conspiracy requires.

## FIFTEENTH AFFIRMATIVE DEFENSE

*(Failure to Join Required Parties)*

251.   The Complaint is subject to dismissal or limitation to the extent it fails to join one or more parties required for a just adjudication under Federal Rule of Civil Procedure 19, in whose absence complete relief cannot be accorded among the existing parties.

## SIXTEENTH AFFIRMATIVE DEFENSE

*(Abatement / Non-Survival of Claims)*

252.   To the extent applicable, any claim asserted against a Defendant who has died during the pendency of this action abated upon that Defendant's death and is not subject to substitution under Federal Rule of Civil Procedure 25(a), and no such claim survives. This defense is asserted without conceding the propriety of

70

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

any substitution or the identity of any proper party, successor, or personal representative.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### *(Unclean Hands / In Pari Delicto)*

253.   Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*, including by reason of Plaintiffs' own conduct in acquiring the underlying judgments for nominal consideration and in pursuing the collection and litigation conduct described in the pleadings.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### *(Waiver, Estoppel, and Laches)*

254.   Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches, including by reason of the delay of Plaintiffs and their assignors in asserting the rights now claimed and the resulting prejudice to Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

### *(Setoff and Offset)*

255.   Any recovery by Plaintiffs must be reduced or offset by all amounts paid, credited, satisfied, or otherwise discharged with respect to the underlying judgments and obligations, including amounts received in the bankruptcy and related proceedings.

## TWENTIETH AFFIRMATIVE DEFENSE

### *(Failure to Mitigate)*

256.   Plaintiffs' recovery, if any, is barred or reduced to the extent Plaintiffs and their assignors failed to take reasonable steps to mitigate their alleged damages.

71

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

**TWENTY-FIRSTAFFIRMATIVE DEFENSE**

*(Speculative and Unmatured Damages)*

257.    Plaintiffs' alleged damages are speculative, uncertain, and contingent, and have not matured, including because Plaintiffs' alleged inability to collect on the underlying judgments has not been finally determined.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

*(Assignee Takes Subject to Defenses)*

258.    Plaintiffs are assignees of the East West Bank and Insurance Company of the West judgments and, as such, stand in the shoes of their assignors and take those judgments and any associated rights subject to all defenses, setoffs, recoupments, releases, waivers, discharges, and equities that exist or could have been asserted against East West Bank and Insurance Company of the West—including those arising from the bankruptcy proceedings and the court-approved compromises, the satisfaction and release of the underlying obligations, and the conduct of the assignors in the related state-court enforcement and fraudulent-conveyance litigation. Plaintiffs can acquire no greater rights than their assignors held.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

*(Release; Accord and Satisfaction)*

259.    Plaintiffs' claims are barred, in whole or in part, by release and by accord and satisfaction. To the extent applicable, the obligations and conduct on which Plaintiffs' claims are premised were released, satisfied, compromised, or discharged, including by the December 22, 2010 Agreement of Satisfaction of Judgments and Release and by the court-approved compromises entered in the bankruptcy proceedings resolving the claims of Insurance Company of the West and East West Bank. Plaintiffs, as assignees, are bound by those releases and satisfactions to the same extent as their assignors.

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

*(Lack of Capacity to Be Sued; Real Party in Interest)*

260. To the extent applicable, the John and Carole King Family Trust dated April 20, 2006 lacks the capacity to be sued in its own name, because a trust is not a legal entity separate from its trustees and claims concerning trust property must be asserted against the trustees rather than against the trust itself. Under Federal Rule of Civil Procedure 17(b) and applicable law, the claims purportedly asserted against the Trust as a named defendant are barred and improper.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

*(Res Judicata; Collateral Estoppel)*

261. Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion). To the extent the validity, priority, amount, or enforceability of the judgments, liens, charging orders, transfers, and the 2009 deed of trust now recharacterized as predicate acts was actually litigated and determined, or could have been litigated, in the prior bankruptcy proceedings (including the dismissed involuntary petitions and the court-approved compromises), the related appellate proceedings, and the prior state-court enforcement litigation, Plaintiffs and their assignors are precluded from relitigating those matters in the guise of a civil RICO claim.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

*(Non-Assignability of RICO Claims; Assignment of a Bare Right to Litigate)*

262. Plaintiffs' claims are barred because a civil RICO cause of action is not freely assignable and may be transferred, if at all, only by an express assignment, which did not occur here. The instruments by which Plaintiffs acquired the underlying judgments for nominal consideration conveyed only the assignors' "right, title and interest" in the money judgments and amount, at most, to an attempted assignment of a bare right to litigate, which does not confer standing to prosecute the RICO claims asserted in the Complaint.

73

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

*(Attorney-Client Privilege; Litigation Privilege)*

263.   Plaintiffs' claims implicate confidential communications between Defendants and their attorneys, and Defendants' inability to disclose those communications by reason of the attorney-client privilege materially impairs Defendants' ability to defend against the claims alleged. Plaintiffs' claims are further barred, in whole or in part, by the litigation privilege codified at California Civil Code section 47 and by the Noerr–Pennington doctrine, to the extent the claims are predicated on communications or conduct made in, or in connection with, judicial or quasi-judicial proceedings.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

*(Equitable Estoppel)*

264.   Plaintiffs' claims are barred, in whole or in part, by the doctrine of equitable estoppel. Plaintiffs' continued prosecution of collection and enforcement activity on the underlying judgments after commencing this action is inconsistent with the claims asserted here, estops Plaintiffs from obtaining the relief sought, and constitutes a waiver of the rights now claimed.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

*(Superseding and Intervening Cause)*

265.   Plaintiffs' alleged injuries, if any, were proximately caused by the conduct of Plaintiffs and their assignors and by other independent and intervening causes, which constitute superseding causes of the alleged injuries and bar or diminish any recovery. In the alternative, any damages must be apportioned to account for such causes.

## THIRTIETH AFFIRMATIVE DEFENSE

*(Good Faith; Absence of Fraudulent Intent)*

266.   Plaintiffs' claims, including those predicated on alleged mail fraud, wire fraud, and RICO conspiracy, are barred, in whole or in part, because

74

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

Defendants acted in good faith and without any intent to defraud. The transactions, transfers, and entity, tax, and family-succession decisions challenged in the Complaint were undertaken for legitimate purposes, and Defendants reasonably believed their conduct was lawful and proper. The absence of the specific intent to defraud required for each such alleged predicate act defeats Plaintiffs' claims.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

*(Safe Harbor for Settlements and Court-Approved Compromises)*

267.  Plaintiffs' claims are barred, in whole or in part, to the extent they seek to recharacterize as racketeering activity bona fide settlements and court-approved compromises, including the December 22, 2010 Agreement for Satisfaction of Judgments and Release with Textron Financial Corporation and the compromises approved in the bankruptcy proceedings. Plaintiffs and their assignors took their positions subject to those settlements and their enforcement mechanisms, and a lawful, publicly disclosed settlement and assignment cannot be transformed into a predicate act merely because it disadvantages Plaintiffs' collection efforts.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

*(Judicial Estoppel)*

268.  Plaintiffs' claims are barred, in whole or in part, by the doctrine of judicial estoppel. To the extent Plaintiffs or their assignors previously represented to courts or other parties that the underlying judgments were valid, enforceable, and collectible through ordinary post-judgment enforcement, Plaintiffs are estopped from now contending that those same obligations can be satisfied only through RICO remedies, or that the judgment debtors' assets have been fraudulently concealed or transferred so as to render collection impossible. Plaintiffs cannot maintain inconsistent positions across proceedings to manipulate the judicial process.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

75

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

## THIRTY-THIRD AFFIRMATIVE DEFENSE

*(Business Judgment; Legitimate Entity Governance)*

269.   Plaintiffs' claims are barred, in whole or in part, to the extent they challenge legitimate entity formation, governance, and management decisions protected by the business judgment rule and principles of corporate and limited liability company autonomy. The formation of entities, assignment of interests, capitalization, payment of operating expenses, and related restructuring described in the Complaint are ordinary and presumptively valid exercises of business judgment and property rights, the great majority of which occurred before Plaintiffs acquired the underlying judgments or became creditors, and may not be recast as racketeering activity.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

*(Privacy; Protected Family and Estate Planning)*

270.   Plaintiffs' claims are barred, in whole or in part, to the extent they intrude upon Defendants' constitutional and statutory rights to privacy in family financial affairs, estate and succession planning, and confidential communications with legal and financial advisors. Conduct consistent with lawful family wealth transfer, the use of trusts, tax-advantaged structuring, and the obtaining of legal advice concerning creditor rights and remedies cannot constitute racketeering activity, and imposing RICO liability on that basis would contravene public policy and chill the exercise of those protected rights.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

*(Adequate Remedy at Law)*

271.   Plaintiffs' claims for equitable relief under 18 U.S.C. § 1964(a), including any request for a constructive trust, the appointment of a receiver, disgorgement, or injunctive relief, are barred because Plaintiffs have an adequate remedy at law through ordinary post-judgment enforcement procedures, which Plaintiffs and their assignors have actively invoked, including charging and

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

assignment orders, judgment renewals, and post-judgment discovery. Equitable relief is unavailable where an adequate legal remedy exists.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

*(Reservation of Additional Defenses)*

272.  Defendants have not knowingly or intentionally waived any applicable affirmative defense and reserves the right to assert, and hereby gives notice of its intention to rely upon, such additional affirmative defenses as may become available or apparent during discovery, and to amend its Answer accordingly.

**WHEREFORE**, the Defendants, and each of them, pray AS AGAINST Plaintiffs, and each of them:

1.  That the RICO Complaint be dismissed with prejudice;
2.  That Plaintiffs, and each of them, take nothing by the Complaint and that Judgment be entered in favor of Defendants, and each of them, against Plaintiffs, and each of them;
3.  For Defendants' costs of suit;
4.  For Defendants' attorney's fees as allowed by contract and/or applicable law; and,
5.  For such other and further relief as the Court deems just and proper.

///

///

///

77

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.

# JURY DEMAND

Defendants, and each of them, demands a jury on all issues so triable.

Dated: June 23, 2026

By: _____

SKT LAW, P.C.
Eliot F. Krieger
Attorneys for Defendants John E. King individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc., Michael Nelson, and Lana Lucas

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

78

Answer of John E. King, individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc.