SKT LAW, P.C.
Eliot F. Krieger (SBN 159647) ekrieger@skt.law
Heidi Stilb Lewis, (SBN 98046) hlewis@skt.law
Maren B. Hufton (SBN 235445) mhufton@skt.law
7755 Center Avenue, Suite 1225
Huntington Beach, CA 92647
(949) 523-3333 Telephone | (949) 523-3003 Facsimile

Attorneys for Defendants John E. King individually and as trustee of the John and Carole King Family Trust dated April 20, 2006, the John and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Boutique Hotel Collection, Inc., Michael Nelson, and Lana Lucas

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CORONITAS HOLDINGS, LLC, a Wyoming limited liability company; and WOLVERINE ENDEAVORS VIII, LLC, a California limited liability company,<br><br>      Plaintiff,<br><br>vs.<br><br>1023 MONTEREY INVESTORS LLC, a California limited liability company; 1035 MONTEREY INVESTORS LLC, a California limited liability company; A.J. SPURS, INC., BUELLTON, a California corporation; ADDIE STREET LAND GROUP LP, a California limited partnership; AKRO REAL ESTATE PARTNERS LLC, a California limited liability company; APPLE FARM COLLECTIONS-SLO, INC., a California corporation; BLACK CHAPS LLC, a California limited liability company; BOUTIQUE HOTEL COLLECTION, INC., a California corporation; DISTINCTIVE RESORTS, INC., a California corporation; CLIFFS RESORT LLC, a California limited liability company; FERNWOOD RESORT, LLC, a California limited liability | CASE NO.  2:25-cv-11946-JFW-SK<br><br>Judge: John F. Walter<br>Courtroom: 7A<br><br>**ANSWER OF MICHAEL NELSON TO COMPLAINT**<br><br>Complaint Filed: December 19, 2025<br><br>Trial Date: July 27, 2027 |

Answer of Michael Nelson to Complaint

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

company; HIGUERA BREW LLC, a California limited liability company; JGK CONSTRUCTION LLC, a California limited liability company; CAROLE D. KING, an individual; CAROLE D. KING, as Trustee of the JOHN AND CAROLE KING FAMILY TRUST, DATED APRIL 20, 2006; JOHN G. KING, an individual; JOHN G. KING, as Trustee of the JG KING LIVING TRUST, DATED FEBRUARY 25, 2021; JOHN E. KING, an individual; JOHN E. KING, as Trustee of the JOHN AND CAROLE KING FAMILY TRUST, DATED APRIL 20, 2006; LANA LUCAS, an individual; LOS LOBOS INVESTMENTS LLC, a California limited liability company; PAUL G. METCHIK, an individual; MISSION GROVE ASSOCIATES, a California general partnership; MONTALBAN STREET GROUP, a California general partnership; MICHAEL NELSON, an individual; ORKA REAL ESTATE PARTNERS LLC, a California limited liability company; ROBIN L. ROSSI, an individual; ROBIN L. ROSSI as Trustee of THE ROBIN L. ROSSI LIVING TRUST U/D/T OCTOBER 19, 1990 a/k/a ROBIN L. ROSSI LIVING TRUST; SPANISH VINEYARDS LLC, a California limited liability company; SYCAMORE MINERAL SPRINGS LLC, a California limited liability company; THE SEAVENTURE RESORT, LLC, a California limited liability company; THE VINEYARDS AT SPANISH SPRINGS, LLC, a California limited liability company; and DOES 1-100, inclusive,

        Defendants.

2

Answer of Michael Nelson to Complaint

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

Michael Nelson ("Defendant") hereby answers the original complaint of Plaintiffs Coronitas Holdings, LLC and Wolverine Endeavors VIII, LLC ("Plaintiffs"), as follows:

1.      Defendant denies as alleged in paragraph 1 that he has participated in any fraud and/or alleged wrongdoing whatsoever. As to what other defendants are alleged to have done, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 1 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that he fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

2.      Defendant admits as alleged in paragraph 2 that John E. King is a real estate developer and except as so admitted, Defendant lacks sufficient information or knowledge to enable him to admit or deny the remaining allegations of paragraph 2 and based on this ground denies the allegations thereof.

3.      Defendant admits as alleged in paragraph 3 that Carole D. King was John E. King's wife and JG King is John E. King's son, and except as so admitted, Defendant lacks sufficient information or knowledge to enable him to admit or deny the remaining allegations of paragraph 3 and based on this ground denies the allegations thereof.

4.      Defendant denies that he was and/or is part of the alleged Enterprise and further denies he has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them and/or caused any harm whatsoever. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 4 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that he fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to

Answer of Michael Nelson to Complaint

grant any relief to Plaintiffs.

5.    Defendant denies as alleged in paragraph 5 that he was part of an Enterprise and/or has participated in any fraud and/or any other alleged wrongdoing whatsoever. As to what other defendants are alleged to have done, Defendant lacks sufficient information or knowledge to enable him to admit or deny the remaining allegations of paragraph 5 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that he fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

6.    Defendant denies as alleged in paragraph 6 that he was part of an Enterprise and/or has participated in any fraud and/or any other alleged wrongdoing whatsoever. As to what other defendants are alleged to have done, Defendant lacks sufficient information or knowledge to enable him to admit or deny the remaining allegations of paragraph 6 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that he fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

7.    Defendant denies that he was and/or is part of the alleged Enterprise and further denies he has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 7 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that he fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

8.    Defendant denies that he was and/or is part of the alleged Enterprise and further denies he has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. As to the remaining

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

4

allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 8 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that he fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

9.     Defendant denies that he was and/or is part of the alleged Enterprise and further denies he has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 9 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that he fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

10.     Defendant denies that he was and/or is part of the alleged Enterprise and further denies he has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 10 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that he fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

11.     Defendant denies that he was and/or is part of the alleged Enterprise and further denies he has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 11 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that he fully complied with all applicable laws in connection with the claims alleged in the

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

5

Answer of Michael Nelson to Complaint

Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

12. Defendant denies that he was and/or is part of the alleged Enterprise and further denies he has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 12 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that he fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

13. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 13 and based on this ground denies the allegations thereof.

14. Defendant denies that he was and/or is part of the alleged Enterprise and further denies he has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 14 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that he fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

15. Defendant denies that he was and/or is part of the alleged Enterprise and further denies he has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 15 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that he fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

6

Answer of Michael Nelson to Complaint

16.     Defendant denies that he was and/or is part of the alleged Enterprise and further denies he has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 16 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that he fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs. Defendant affirmatively alleges that he fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

17.     Defendant denies that he was and/or is part of the alleged Enterprise and further denies he has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 17 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that he fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

18.     Defendant admits that the Plaintiffs are assignee judgment creditors of the Debtors and except as so admitted, denies the allegations thereof. Defendant affirmatively alleges that Defendant fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

19.     Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 19 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant fully complied with all applicable laws in connection with the claims

Answer of Michael Nelson to Complaint

alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

20.     Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 20 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

21.     Defendant denies that he was and/or is part of the alleged Enterprise and further denies he has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 21 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

22.     Defendant admits as alleged in paragraph 22, that 1023 Monterey Investors LLC is a California limited liability company. Except as expressly admitted and alleged, Defendant denies any remaining allegations contained in paragraph 22 of the Complaint.

23.     Defendant admits as alleged in paragraph 23 that 1035 Monterey Investors LLC is a California limited liability company. Except as expressly admitted and alleged, Defendant denies any remaining allegations contained in paragraph 23 of the Complaint.

24.     Defendant admits as alleged in paragraph 24 that A.J. Spurs, Inc., Buellton is a dissolved California corporation. Except as expressly admitted and alleged, Defendant denies any remaining allegations contained in paragraph 24 of

8

Answer of Michael Nelson to Complaint

the Complaint.

25. Defendant admits paragraph 25.

26. Defendant admits as alleged in paragraph 26 that AKRO Real Estate Partners LLC is a California limited liability company. Except as expressly admitted and alleged, Defendant denies any remaining allegations contained in paragraph 26 of the Complaint.

27. Defendant admits paragraph 27.

28. Defendant admits paragraph 28.

29. Defendant admits paragraph 29.

30. Defendant admits as alleged in paragraph 30 that Distinctive Resorts, Inc. is a California corporation with its principal place of business in 285 Bridge Street, San Luis Obispo County, California, and except as so admitted, lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 30 and based on this ground denies the allegations thereof.

31. Defendant admits paragraph 31.

32. Defendant admits paragraph 32.

33. Defendant admits paragraph 33.

34. Defendant admits paragraph 34.

35. Defendant denies that Carole King is a trustee of the trust since she is deceased. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 35 and based on this ground denies the allegations thereof.

36. Defendant admits the allegations of paragraph 36 that Carole D. King is named in the Complaint in her capacity as trustee of the John and Carole King Family Trust, dated April 20, 2006, and except as so admitted, denies each and every allegation thereof.

37. Defendant admits paragraph 37.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

9

Answer of Michael Nelson to Complaint

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

38.   Defendant admits paragraph 38.

39.   Defendant lacks information or knowledge sufficient to admit or deny paragraph 39 and based in this ground denies the allegations of paragraph 39.

40.   Defendant admits as alleged in paragraph 40 that Los Lobos Investments LLC is a California limited liability company. Except as expressly admitted and alleged, Defendant denies any remaining allegations contained in paragraph 40 of the Complaint.

41.   Defendant lacks sufficient information or knowledge sufficient to enable Defendant to admit or deny the allegations of paragraph 41 and based on this ground denies the allegations thereof.

42.   Defendant admits paragraph 42.

43.   Defendant admits paragraph 43.

44.   Defendant admits paragraph 44.

45.   Defendant admits as alleged in paragraph 45 that ORKA Real Estate Partners LLC is a California limited liability company. Defendant lacks sufficient information and belief to admit or deny the remaining allegations in paragraph 45, and on that basis denies those allegations.

46.   Defendant admits that Rossi is also named in the Complaint in his capacity as trustee of his trust, but except as so admitted lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 46 and based on this ground denies the allegations thereof.

47.   Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 47 and based on this ground denies the allegations thereof.

48.   Defendant admits paragraph 48.

49.   Defendant admits paragraph 49.

50.   Defendant admits paragraph 50.

51.   Defendant admits paragraph 51.

Answer of Michael Nelson to Complaint

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

52. Defendant denies that he was and/or is part of the alleged Enterprise and further denies he has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. Responding to the remaining allegations in paragraph 52 of the Complaint, Defendant admits and alleges that this paragraph contains factual allegations concerning Defendant's public records and filings, and certain personal records of Defendant which speak for themselves. To the extent that this paragraph alleges facts inconsistent with these documents, Defendant denies each and every such allegation. Defendants further admits and alleges that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendant denies those allegations in paragraph 52 of the Complaint. Except as expressly admitted and alleged, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 52 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

53. Defendant denies that he was and/or is part of the alleged Enterprise and further denies he has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. As to the remaining allegations, Defendant admits and alleges that this paragraph 53 contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendant denies those allegations in paragraph 53 of the Complaint as alleged against Defendant. Except as expressly admitted and alleged, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 53 and based on this

11

Answer of Michael Nelson to Complaint

ground denies the allegations thereof. Defendant affirmatively alleges that Defendant fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

54. Defendant denies paragraph 54.

55. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 55 and based on this ground denies the allegations thereof.

56. Defendant admits the Court has personal jurisdiction over Defendant, and except as so admitted, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 56 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

57. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 57 and based on this ground denies the allegations thereof.

58. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 58 and based on this ground denies the allegations thereof.

59. Defendant admits as alleged by paragraph 59 that venue is proper in the Western Division of the Central District of California, and except as so alleged, Defendant denies that Defendant engaged in the alleged wrongful conduct at any time whatsoever whether within the District, outside the District or otherwise. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 59 and based on this ground denies the allegations thereof. Defendant affirmatively

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

12

alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

60.     Defendant denies as alleged in paragraph 60 that Carole is John's wife since she is now deceased, and except as so denied, admits each of the allegations of paragraph 60.

61.     Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 61 and based on this ground denies the allegations thereof.

62.     Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 62 and based on this ground denies the allegations thereof.

63.     Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 63 and based on this ground denies the allegations thereof.

64.     Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 64 and based on this ground denies the allegations thereof.

65.     Defendant admits as alleged in paragraph 65 that John was a developer on California's Central Coast. Except as so admitted, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 65 and based on this ground denies the allegations thereof.

66.     Defendant admits that John and JG worked together and except as so admitted, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 66 and based on this ground denies the allegations thereof.

67.     Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 67 and based on this

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

13

Answer of Michael Nelson to Complaint

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

ground denies the allegations thereof.

68.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 68 and based on this ground denies the allegations thereof.

69.    Responding to the allegations in paragraph 69 of the Complaint, Defendant admits and alleges that this paragraph contains factual allegations relating to certain loan agreements between Textron and Vaquero de los Robles, LLC, and Textron and Spanish Springs II, LLC, which speak for themselves. To the extent that this paragraph alleges facts, legal conclusions and effects, or characterizations inconsistent with the loan agreements, Defendant denies each and every such allegation. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 69 and based on this ground denies the allegations thereof.

70.    Defendant admits that modifications and extensions of the Textron loan maturity dates were sought. Except as so admitted and responding to the allegations in paragraph 70 of the Complaint, Defendant admits and alleges that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendant denies those allegations in paragraph 70 of the Complaint.

71.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 71 and based on this ground denies the allegations thereof.

72.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 72 and based on this ground denies the allegations thereof.

73.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 73 and based on this

14

Answer of Michael Nelson to Complaint

ground denies the allegations thereof.

74.    Defendant admits the allegations of paragraph 74.

75.    Defendant admits the allegations of paragraph 75.

76.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 76 and based on this ground denies the allegations thereof.

77.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 77 and based on this ground denies the allegations thereof.

78.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 78 and based on this ground denies the allegations thereof.

79.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 79 and based on this ground denies the allegations thereof.

80.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 80 and based on this ground denies the allegations thereof.

81.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 81 and based on this ground denies the allegations thereof.

82.    Defendant denies that he was and/or is part of the alleged Enterprise and further denies he has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. As to the remaining allegations. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 82 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant fully complied with all applicable laws in

15

connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

83.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 83 and based on this ground denies the allegations thereof.

84.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 84 and based on this ground denies the allegations thereof.

85.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 85 and based on this ground denies the allegations thereof.

86.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 86 and based on this ground denies the allegations thereof.

87.    Defendant admits as alleged in paragraph 87, and reflected in Exhibit 5 to the Complaint, that EWB assigned its judgment to Wolverine on May 17, 2021 and that Wolverine renewed the assigned judgment and except as so admitted, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 87 and based on this ground denies the allegations thereof.

88.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 88 and based on this ground denies the allegations thereof.

89.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 89 and based on this ground denies the allegations thereof.

90.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 90 and based on this

Answer of Michael Nelson to Complaint

ground denies the allegations thereof.

91. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 91 and based on this ground denies the allegations thereof.

92. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 92 and based on this ground denies the allegations thereof.

93. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 93 and based on this ground denies the allegations thereof.

94. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 94 and based on this ground denies the allegations thereof.

95. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 95 and based on this ground denies the allegations thereof.

96. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 96 and based on this ground denies the allegations thereof.

97. Defendants, and each of them, admit as reflected in Exhibit 4 to the Complaint that the ICW judgment was assigned to Coronitas on or about July 22, 2025 (not May 13, 2021 as alleged) and except as so admitted Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 97 and based on this ground denies the allegations thereof.

98. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 98 and based on this ground denies the allegations thereof.

Answer of Michael Nelson to Complaint

99.   Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 99 and based on this ground denies the allegations thereof.

100.   Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 100 and based on this ground denies the allegations thereof.

101.   Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 101 and based on this ground denies the allegations thereof.

102.   Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 102 and based on this ground denies the allegations thereof.

103.   Defendant admits as alleged in paragraph 103 that the Plaintiffs collectively refer in their Complaint to identified charging orders and assignment orders as the "2012 Charging and Assignment Orders."

104.   Defendant denies that he was and/or is part of the alleged Enterprise and further denies he has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. As to the remaining allegations. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 104 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

105.   Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 105 and based on this ground denies the allegations thereof.

106.   Defendant lacks sufficient information or knowledge to enable

Answer of Michael Nelson to Complaint

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

Defendant to admit or deny the allegations of paragraph 106 and based on this ground denies the allegations thereof.

107.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 107 and based on this ground denies the allegations thereof.

108.    Defendant denies Defendant was part of the alleged Enterprise and/or used any instrument(s) to obstruct collection of any debt by the Plaintiffs. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 108 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

109.    Defendant denies as alleged by paragraph 109 that Defendant was part of the alleged Enterprise and/or used any instrument(s) to perpetrate the alleged fraud and/or any wrongdoing against Plaintiffs. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 109 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

110.    Defendant denies as alleged by paragraph 110 that Defendant was part of the alleged Enterprise and/or engaged in any of the alleged fraud and/or any wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any wrongful purpose whatsoever. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 110 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

19

Answer of Michael Nelson to Complaint

complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

111. Defendant denies as alleged by paragraph 111 that Defendant was part of the alleged Enterprise and/or engaged in any of the alleged fraud and/or any wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any purpose whatsoever. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 111 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

112. Defendant denies as alleged by paragraph 112 that Defendant was part of the alleged Enterprise and/or engaged in any of the alleged fraud and/or any wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any purpose whatsoever. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 112 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

113. Defendant denies that he was and/or is part of the alleged Enterprise and further denies he has engaged in any of the alleged fraud and/or other alleged wrongdoing against the Plaintiffs, and each of them. As to the remaining allegations. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 113 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for

20

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

the Court to grant any relief to Plaintiffs.

114. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 114 and based on this ground denies the allegations thereof.

115. Defendant denies as alleged by paragraph 115 that Defendant was part of the alleged Enterprise and/or engaged in the alleged fraud and/or any alleged wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any purpose whatsoever. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 115 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

116. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 116 and based on this ground denies the allegations thereof.

117. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 117 and based on this ground denies the allegations thereof.

118. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 118 and based on this ground denies the allegations thereof.

119. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 119 and based on this ground denies the allegations thereof.

120. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 120 and based on this ground denies the allegations thereof.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

21

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

121.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 121 and based on this ground denies the allegations thereof.

122.    Defendant denies as alleged by paragraph 122 that Defendant was part of the alleged Enterprise and/or engaged in the alleged fraud and/or any alleged wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any purpose whatsoever. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 122 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

123.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 123 and based on this ground denies the allegations thereof.

124.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 124 and based on this ground denies the allegations thereof.

125.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 125 and based on this ground denies the allegations thereof.

126.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 126 and based on this ground denies the allegations thereof.

127.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 127 and based on this ground denies the allegations thereof.

128.    Defendant lacks sufficient information or knowledge to enable

22

Defendant to admit or deny the allegations of paragraph 128 and based on this ground denies the allegations thereof.

129.    Defendant denies as alleged by paragraph 129 that Defendant was part of the alleged Enterprise and/or engaged in the alleged fraud and/or any alleged wrongdoing against Plaintiffs. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 129 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

130.    Defendant denies as alleged by paragraph 130 that Defendant was part of the alleged Enterprise and/or engaged in the alleged fraud and/or any alleged wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any purpose whatsoever. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 130 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

131.    Defendant denies as alleged by paragraph 131 that Defendant was part of the alleged Enterprise and/or engaged in the alleged fraud and/or any alleged wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any purpose whatsoever. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 131 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

Answer of Michael Nelson to Complaint

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

132.    Defendant denies as alleged by paragraph 132 that Defendant was part of the alleged Enterprise and/or engaged in the alleged fraud and/or any alleged wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any purpose whatsoever. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 132 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

133.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 133 and based on this ground denies the allegations thereof.

134.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 134 and based on this ground denies the allegations thereof.

135.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 135 and based on this ground denies the allegations thereof.

136.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 136 and based on this ground denies the allegations thereof.

137.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 137 and based on this ground denies the allegations thereof.

138.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 138 and based on this ground denies the allegations thereof.

139.    Defendant lacks sufficient information or knowledge to enable

Answer of Michael Nelson to Complaint

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

Defendant to admit or deny the allegations of paragraph 139 and based on this ground denies the allegations thereof.

140.   Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 140 and based on this ground denies the allegations thereof.

141.   Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 141 and based on this ground denies the allegations thereof.

142.   Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 142 and based on this ground denies the allegations thereof.

143.   Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 143 and based on this ground denies the allegations thereof.

144.   Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 144 and based on this ground denies the allegations thereof.

145.   Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 145 and based on this ground denies the allegations thereof.

146.   Defendant denies as alleged by paragraph 146 that Defendant was part of the alleged Enterprise and/or engaged in the alleged fraud and/or any alleged wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any purpose whatsoever. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 146 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that

Answer of Michael Nelson to Complaint

there is no basis for the Court to grant any relief to Plaintiffs.

147.    Defendant denies as alleged by paragraph 147 that Defendant was part of the alleged Enterprise and/or engaged in the alleged fraud and/or any alleged wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any purpose whatsoever. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 147 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

148.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 148 and based on this ground denies the allegations thereof.

149.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 149 and based on this ground denies the allegations thereof.

150.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 150 and based on this ground denies the allegations thereof.

151.    Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 151 and based on this ground denies the allegations thereof.

152.    Defendant denies as alleged by paragraph 152 that Defendant was part of the alleged Enterprise and/or engaged in the alleged fraud and/or any alleged wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any purpose whatsoever. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 152 and based on this ground denies the allegations

Answer of Michael Nelson to Complaint

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

153.   Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 153 and based on this ground denies the allegations thereof.

154.   Defendant denies as alleged by paragraph 154 that Defendant was part of the alleged Enterprise and/or engaged in the alleged fraud and/or any alleged wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any purpose whatsoever. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 154 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs

155.   Defendant admits that on or about September 11, 2012 that he acquired the Sydney Street deed of trust by assignment from First Bank of Beverly Hills and that he owns property located at 1923 Sydney Street, San Luis Obispo, CA 93401. Defendant further admits that he had a joint bank account with Carole D. King, now deceased. Except as so admitted and responding to the remaining allegations in paragraph 155 of the Complaint, Defendant admits and alleges that this paragraph contains factual allegations concerning public records and filings, and certain Defendant's records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny

Answer of Michael Nelson to Complaint

those allegations in paragraph 155 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 155 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

156.   Defendant admits he did not enforce the Sydney Street Deed of Trust by foreclosure, and except as so admitted denies each and every allegation of paragraph 156.

157.   Defendant admits he assigned the Sydney Street Deed of Trust to JGK Construction on or about June 30, 2024, and except as so admitted and responding to the remaining allegations in paragraph 157 of the Complaint, Defendants admit and allege that this paragraph contains factual allegations concerning public records and filings, and certain Defendants' records and files, which speak for themselves. To the extent that this paragraph alleges facts inconsistent with those documents, Defendants deny each and every such allegation. Defendants further admit and allege that this paragraph contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendants deny those allegations in paragraph 157 of the Complaint. Except as expressly admitted and alleged, Defendants deny any remaining allegations contained in paragraph 157 of the Complaint and affirmatively allege that Defendants fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

158.   Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 158 and based on this ground denies the allegations thereof.

159.   Defendant lacks sufficient information or knowledge to enable

28

Answer of Michael Nelson to Complaint

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

Defendant to admit or deny the allegations of paragraph 159 and based on this ground denies the allegations thereof.

160. Defendant denies as alleged by paragraph 160 that Defendant was part of the alleged Enterprise and/or engaged in the alleged fraud and/or any alleged wrongdoing against Plaintiffs. As to the remaining allegations, Defendant admits and alleges that this paragraph 160 contains a statement of Plaintiffs' contentions regarding the basis for this lawsuit, and that such statement is legal argument to which no response is required. To the extent that a response is required, Defendant denies those allegations in paragraph 160 of the Complaint as alleged against Defendant. Except as expressly admitted and alleged, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 160 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

161. Defendant denies Defendant has engaged in a "pattern of racketeering" as alleged in paragraph 161. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 161 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs. Defendant denies each and every allegation of paragraph 161.

162. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 162 and based on this ground denies the allegations thereof.

163. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 163 and based on this

Answer of Michael Nelson to Complaint

ground denies the allegations thereof.

164. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 164 and based on this ground denies the allegations thereof.

165. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 165 and based on this ground denies the allegations thereof.

166. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 166 and based on this ground denies the allegations thereof.

167. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 167 and based on this ground denies the allegations thereof.

168. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 168 and based on this ground denies the allegations thereof.

169. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 169 and based on this ground denies the allegations thereof.

170. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 170 and based on this ground denies the allegations thereof.

171. Defendant denies that Defendant was part of the alleged Enterprise and/or acted in any way whatsoever to obstruct the bankruptcy process and/or otherwise obstruct Plaintiffs' collection efforts against the Debtors and/or otherwise defraud the Plaintiffs. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 171 and based on this ground denies the

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

Answer of Michael Nelson to Complaint

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

172. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 172 and based on this ground denies the allegations thereof.

173. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 173 and based on this ground denies the allegations thereof.

174. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 174 and based on this ground denies the allegations thereof.

175. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 175 and based on this ground denies the allegations thereof.

176. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 176 and based on this ground denies the allegations thereof.

177. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 177 and based on this ground denies the allegations thereof.

178. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 178 and based on this ground denies the allegations thereof.

179. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 179 and based on this ground denies the allegations thereof.

180. Defendant lacks sufficient information or knowledge to enable

Answer of Michael Nelson to Complaint

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

Defendant to admit or deny the allegations of paragraph 180 and based on this ground denies the allegations thereof.

181. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 181 and based on this ground denies the allegations thereof.

182. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 182 and based on this ground denies the allegations thereof.

183. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 183 and based on this ground denies the allegations thereof.

184. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 184 and based on this ground denies the allegations thereof.

185. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 185 and based on this ground denies the allegations thereof.

186. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 186 and based on this ground denies the allegations thereof.

187. Defendant denies that Defendant was part of the alleged Enterprise and/or acted in any way whatsoever to obstruct the bankruptcy process and/or otherwise obstruct Plaintiffs' collection efforts against the Debtors and/or otherwise defraud the Plaintiffs. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 187 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the

32

Answer of Michael Nelson to Complaint

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

188.   Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 188 and based on this ground denies the allegations thereof.

189.   Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 189 and based on this ground denies the allegations thereof.

190.   Defendant denies that Defendant was part of the alleged Enterprise and/or acted in any way, through coordinated litigation efforts or otherwise, to obstruct Plaintiffs' collection efforts against the Debtors and/or otherwise defraud the Plaintiffs or cause Plaintiffs any harm. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 190 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

191.   Defendant denies that Defendant was part of the alleged Enterprise and/or acted in any way, through coordinated litigation efforts or otherwise, to obstruct Plaintiffs' collection efforts against the Debtors and/or otherwise defraud the Plaintiffs or cause Plaintiffs any harm. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 191 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

192.   Defendant denies that Defendant was part of the alleged Enterprise and/or acted in any way, through coordinated litigation efforts or otherwise, to obstruct Plaintiffs' collection efforts against the Debtors and/or otherwise defraud

Answer of Michael Nelson to Complaint

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

the Plaintiffs or cause Plaintiffs any harm. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 192 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

193.   Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 193 and based on this ground denies the allegations thereof.

194.   Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 194 and based on this ground denies the allegations thereof.

195.   Defendant denies that Defendant was part of the alleged Enterprise and/or acted in any way, through coordinated litigation efforts or otherwise, to obstruct Plaintiffs' collection efforts against the Debtors and/or otherwise defraud the Plaintiffs or cause Plaintiffs any harm. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 195 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

196.   Defendant denies that Defendant was part of the alleged Enterprise and/or acted in any way, through coordinated litigation efforts or otherwise, to obstruct Plaintiffs' collection efforts against the Debtors and/or otherwise defraud the Plaintiffs or cause Plaintiffs any harm. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 196 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has

Answer of Michael Nelson to Complaint

fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

197. Defendant denies that Defendant was part of the alleged Enterprise and/or acted in any way to obstruct Plaintiffs' collection efforts against the Debtors and/or otherwise defraud the Plaintiffs or cause Plaintiffs any harm. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 197 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

198. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 198 and based on this ground denies the allegations thereof.

199. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 199 and based on this ground denies the allegations thereof.

200. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 200 and based on this ground denies the allegations thereof.

201. Defendant denies that Defendant was part of the alleged Enterprise and/or acted in any manner to obstruct Plaintiffs' collection efforts against the Debtors and/or otherwise defraud the Plaintiffs or cause Plaintiffs any harm. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 201 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any

Answer of Michael Nelson to Complaint

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

relief to Plaintiffs.

202. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 202 and based on this ground denies the allegations thereof.

203. Defendant denies that Defendant was part of the alleged Enterprise and/or acted in any manner to obstruct Plaintiffs' collection efforts against the Debtors and/or otherwise defraud the Plaintiffs or cause Plaintiffs any harm. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 203 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

204. Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 204 and based on this ground denies the allegations thereof.

205. Defendant denies each and every allegation of paragraph 205 and further denies that Plaintiffs, and each of them, have been harmed as alleged in paragraph 205 and/or in any manner whatsoever.

206. Defendant denies the allegations of paragraph 206.

207. Defendant denies the allegations of paragraph 207.

208. Defendant denies that Defendant was part of the alleged Enterprise and/or agreed or acted in any manner to obstruct Plaintiffs' collection efforts against the Debtors and/or otherwise to defraud the Plaintiffs or cause Plaintiffs any harm. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 208 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

36

Answer of Michael Nelson to Complaint

connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

209.   Defendant denies that Defendant was part of the alleged Enterprise and/or agreed or acted in any manner to obstruct Plaintiffs' collection efforts against the Debtors and/or otherwise defraud the Plaintiffs or cause Plaintiffs any harm. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 209 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

210.   Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 210 and based on this ground denies the allegations thereof.

211.   Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 211 and based on this ground denies the allegations thereof.

212.   Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 212 and based on this ground denies the allegations thereof.

213.   Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the allegations of paragraph 213 and based on this ground denies the allegations thereof.

214.   Defendant denies that Defendant was part of the alleged Enterprise and/or agreed or acted in any manner to obstruct Plaintiffs' collection efforts against the Debtors and/or otherwise defraud the Plaintiffs or cause Plaintiffs any harm. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of

Answer of Michael Nelson to Complaint

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

paragraph 214 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

215. Defendant denies that Defendant was part of the alleged Enterprise and/or alleged scheme and/or agreed or acted in any manner to obstruct Plaintiffs' collection efforts against the Debtors and/or otherwise defraud the Plaintiffs or cause Plaintiffs any harm. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 215 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

216. Defendant denies that Defendant was or is part of the alleged Enterprise and/or has engaged in any alleged pattern of racketeering and/or that the alleged wrongdoing against the Plaintiffs. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 216 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

217. Defendant denies that Defendant was and/or is part of the alleged Enterprise and/or has engaged in any alleged pattern of racketeering and/or participated in the alleged conspiracy and/or any criminal acts and/or any wrongdoing whatsoever against the Plaintiffs. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 217 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has

Answer of Michael Nelson to Complaint

fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

218. In response to paragraph 218, Defendant realleges and incorporates by reference, as though set forth in full, Defendant's admissions, denials, objections alleged respectively in paragraphs 1-217 and deny any violation of RICO and deny a conspiracy to violate RICO.

## FIRST CLAIM FOR RELIEF

**(Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) — Against all Defendants)**

219. In response to paragraph 219, Defendant realleges and incorporates by reference, as though set forth in full, Defendant's admissions, denials and objections alleged respectively by paragraphs 1-218.

220. Defendant denies that Defendant was part of the alleged Enterprise as alleged by paragraph 220 and footnote 9. As to the remaining allegations, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 220 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

221. Defendant denies as alleged by paragraph 221(j) that Defendant retained the Sydney Street deed of trust without ever demanding payment and further denies that he retained and then assigned the Sydney Street deed of trust for the purpose of keeping the property beyond the reach of creditors. Defendant further denies that he has ever been part of the alleged Enterprise and/or engaged in any alleged pattern of racketeering and/or alleged conspiracy and/or otherwise defrauded Plaintiffs and/or caused Plaintiffs any harm through his acquisition, retention and assignment of the Sydney Street deed of trust or otherwise. As to the remaining allegations of paragraph 221 (a)-(m) Defendant lacks sufficient

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

Answer of Michael Nelson to Complaint

information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 221(a)-(m) and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

222. Defendant denies each and every allegation of paragraph 222 and the authenticity, veracity, accuracy and admissibility of Exhibit 18–Plaintiffs' own diagram.

223. Defendant denies that he has ever been part of the alleged Enterprise and/or engaged in any alleged pattern of racketeering and/or alleged conspiracy and/or otherwise defrauded Plaintiffs and/or obstructed justice and/or engaged in money laundering, and/or engaged in any wrongdoing against Plaintiffs and/or caused Plaintiffs any harm. Defendant further denies each and every remaining allegation alleged against Defendant in paragraph 223. As to the remaining allegations of paragraph 223 Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 223 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

224. Defendant denies that he has ever been part of the alleged Enterprise and/or engaged in any alleged pattern of racketeering and/or alleged conspiracy and/or otherwise defrauded Plaintiffs and/or obstructed justice and/or engaged in money laundering, and/or engaged in any wrongdoing against Plaintiffs and/or caused Plaintiffs any harm. Defendant further denies each and every remaining allegation alleged against Defendant in paragraph 224. As to the remaining allegations of paragraph 224 Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 224

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

40

Answer of Michael Nelson to Complaint

and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

225. Defendant denies that he has ever been part of the alleged Enterprise and/or engaged in any alleged pattern of racketeering and/or alleged conspiracy and/or otherwise defrauded Plaintiffs and/or obstructed justice and/or engaged in money laundering, and/or engaged in any wrongdoing against Plaintiffs and/or caused Plaintiffs any harm. Defendant further denies each and every remaining allegation alleged against Defendant in paragraph 225. As to the remaining allegations of paragraph 225 Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 225 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

226. Defendant denies that he has ever been part of the alleged Enterprise and/or engaged in any alleged pattern of racketeering and/or alleged conspiracy and/or otherwise defrauded Plaintiffs and/or obstructed justice and/or engaged in money laundering, and/or engaged in any wrongdoing against Plaintiffs and/or caused Plaintiffs any harm. Defendant further denies each and every remaining allegation alleged against Defendant in paragraph 226. As to the remaining allegations of paragraph 226 Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 226 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

41

Answer of Michael Nelson to Complaint

227. Defendant denies that Plaintiffs, and each of them, have been injured. Defendant further denies that Defendant has caused Plaintiffs, and each of them, the alleged damage/injury in paragraph 227 and/or any damage/injury whatsoever. Defendants, and each of them, further deny that Plaintiffs, and each of them are entitled to any of the alleged damages, attorney fees, costs and/or other relief alleged by paragraph 227 and/or any damages and/or relief whatsoever. Except as so denied, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 227 as relates to the other defendants and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

228. Defendant denies that Plaintiffs, and each of them, are entitled to any of the alleged damages, attorney fees, costs, punitive damages, penalties (treble) and/or other relief alleged by paragraph 228 and/or any damages or relief whatsoever. Except as so denied, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 228 as related to the other defendants and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

## SECOND CLAIM FOR RELIEF

### (Civil RICO Conspiracy – 18 U.S.C. § 1962(d) – Against all Defendants)

229. In response to paragraph 229, Defendant realleges and incorporates by reference, as though set forth in full, Defendants admissions, denials and objections alleged respectively in paragraphs 1-228.

230. Defendant denies that he has ever been part of the alleged Enterprise and/or engaged in any alleged pattern of racketeering and/or alleged conspiracy

42

Answer of Michael Nelson to Complaint

and/or otherwise defrauded Plaintiffs and/or obstructed justice and/or engaged in money laundering, and/or engaged in any wrongdoing against Plaintiffs and/or caused Plaintiffs any harm. Defendant further denies each and every remaining allegation alleged against Defendant in paragraph 230. As to the remaining allegations of paragraph 230 Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 230 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

231.    Defendant denies that he has ever been part of the alleged Enterprise and/or engaged in any alleged pattern of racketeering and/or alleged conspiracy and/or otherwise defrauded Plaintiffs and/or obstructed justice and/or engaged in money laundering, and/or engaged in any wrongdoing against Plaintiffs and/or caused Plaintiffs any harm. Defendant further denies each and every remaining allegation alleged against Defendant in paragraph 231. As to the remaining allegations of paragraph 231 Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 231 and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

232.    Defendant denies that as alleged by paragraph 232(a)-(e) that Defendant has ever been part of the alleged Enterprise and/or engaged in any alleged pattern of racketeering and/or alleged conspiracy and/or otherwise defrauded Plaintiffs and/or obstructed justice and/or engaged in money laundering, and/or engaged in any wrongdoing against Plaintiffs and/or caused Plaintiffs any harm. Defendant further denies each and every remaining allegation alleged

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

43

Answer of Michael Nelson to Complaint

against Defendant in paragraph 232(a)-(e). As to the remaining allegations of paragraph 232(a)-(e) Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 232(a)-(e) and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

233.   Defendant denies that Defendant has caused Plaintiffs, and each of them, the alleged damage/injury in paragraph 233 and/or any damage/injury whatsoever. Except as so denied, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 233 as relate to the other defendants and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

234.   Defendant denies that Plaintiff, and each of them, have been damaged/injured. Defendant further denies Defendant has caused Plaintiffs, and each of them, the alleged damage/injury in paragraph 234 and/or any damage/injury whatsoever. Defendants, and each of them, further deny that Plaintiffs, and each of them are entitled to any of the alleged damages, attorney fees, costs, punitive damages, penalties and/or other relief alleged by paragraph 234 and/or any damages or relief whatsoever. Except as so denied, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 234 as related to the other defendants and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

Answer of Michael Nelson to Complaint

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

235.   Defendant denies that Plaintiffs, and each of them, are entitled to any of the alleged damages, attorney fees, costs, punitive damages, penalties (treble) and/or other relief alleged by paragraph 235 and/or any damages or relief whatsoever. Except as so denied, Defendant lacks sufficient information or knowledge to enable Defendant to admit or deny the remaining allegations of paragraph 235 as related to the other defendants and based on this ground denies the allegations thereof. Defendant affirmatively alleges that Defendant has fully complied with all applicable laws in connection with the claims alleged in the Complaint and that there is no basis for the Court to grant any relief to Plaintiffs.

## PRAYER FOR RELIEF

236.   Defendant denies the allegations in Plaintiffs' Prayer for Relief and further denies that Plaintiffs, and each of them, have caused Plaintiffs, and each of them, the alleged damage and/or any damages whatsoever. Defendant further denies that Plaintiffs, and each of them, are entitled to the prayed for relief and/or any relief whatsoever

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE
*(Failure to State a Claim)*

237.   The Complaint, and each purported claim for relief alleged therein, fails to state a claim upon which relief can be granted, including because Plaintiffs fail to allege facts sufficient to establish the essential elements of a civil RICO claim under 18 U.S.C. § 1962(c) or of a RICO conspiracy claim under 18 U.S.C. § 1962(d).

### SECOND AFFIRMATIVE DEFENSE
*(Lack of Standing – RICO Claims Not Expressly Assigned)*

238.   Plaintiffs lack standing, and the Court lacks subject-matter jurisdiction, because the RICO claims Plaintiffs purport to assert were never expressly assigned to them. The recorded acknowledgments of assignment of the

45

East West Bank and Insurance Company of the West judgments conveyed only each assignor's "right, title and interest" in the underlying money judgment, and such language does not transfer a RICO cause of action, which may be assigned only by an express assignment. Standing is a jurisdictional prerequisite, and its absence requires dismissal.

## THIRD AFFIRMATIVE DEFENSE

*(Lack of RICO Standing – 18 U.S.C. § 1964(c))*

239.   Plaintiffs lack standing under 18 U.S.C. § 1964(c) because they have not suffered, and cannot establish, an injury to their business or property that was proximately caused by any alleged violation of RICO. Alleged attorneys' fees and costs of collection are not a form of injury to business or property cognizable under RICO.

## FOURTH AFFIRMATIVE DEFENSE

*(Noerr–Pennington Immunity / First Amendment Petition Clause)*

240.   Plaintiffs' claims are barred, in whole or in part, by the Noerr–Pennington doctrine and the Petition Clause of the First Amendment because the conduct alleged as predicate acts consists of constitutionally protected petitioning activity—including filing motions and pleadings, recording liens and abstracts of judgment, obtaining and enforcing charging orders, seeking writs of execution, prosecuting appeals, filing and defending bankruptcy proceedings, entering into settlement agreements, and communicating and coordinating regarding litigation strategy. The narrow "sham litigation" exception does not apply because Plaintiffs do not plausibly allege that any such filing or proceeding was objectively baseless.

## FIFTH AFFIRMATIVE DEFENSE

*(Failure to Allege an Enterprise)*

241.   Plaintiffs fail to allege the existence of an "enterprise" that is distinct from the alleged pattern of racketeering activity and from the alleged RICO persons. The purported "enterprise" merely repackages pre-existing family

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

46

Answer of Michael Nelson to Complaint

relationships, long-standing business relationships, and ordinary, coordinated litigation activity, and Plaintiffs allege no decision-making structure, hierarchy, or organizational framework separate and apart from the alleged wrongdoing.

## SIXTH AFFIRMATIVE DEFENSE

*(Failure to Allege Enterprise)*

242. Plaintiffs fail to allege that Defendant participated in any alleged enterprise by engaging in any of the alleged fraud and/or any wrongdoing against Plaintiffs and/or used the alleged Complicit Entities for any wrongful purpose whatsoever, as required to state a claim under 18 U.S.C. § 1962(c). Conclusory assertions related to the Sydney Street deed of trust do not establish that Defendant had any part in directing the affairs of an enterprise.

## SEVENTH AFFIRMATIVE DEFENSE

*(Failure to Allege a Pattern of Racketeering Activity)*

243. Plaintiffs fail to allege a pattern of racketeering activity because they do not attribute to Defendant at least two related predicate acts committed within a ten-year period that amount to, or pose a threat of, continued criminal activity. The isolated and completed acts alleged are neither sufficiently related nor continuous to constitute a RICO pattern.

## EIGHTH AFFIRMATIVE DEFENSE

*(Failure to Plead Fraud with Particularity – Rule 9(b))*

244. To the extent the alleged predicate acts sound in mail fraud or wire fraud, the Complaint fails to satisfy Federal Rule of Civil Procedure 9(b) because it does not plead with particularity the time, place, and manner of each alleged act of fraud or the role of each Defendant therein, instead relying on impermissible "group pleading," and fails to allege the specific intent to defraud required for each such predicate act.

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

Answer of Michael Nelson to Complaint

## NINTH AFFIRMATIVE DEFENSE

*(Lack of Causation)*

245.   Plaintiffs cannot establish that any conduct of Defendant was the but-for or proximate cause of any injury to Plaintiffs. The conduct of which Plaintiffs complain predates both the entry of the underlying judgments and Plaintiffs' acquisition of the East West Bank and Insurance Company of the West judgments; it is therefore a temporal impossibility for that conduct to have proximately caused injury to Plaintiffs as later assignees, including as to the 2009 deed of trust and the alleged violations of agreements and orders created after the conduct alleged.

## TENTH AFFIRMATIVE DEFENSE

*(No Interest in the Instruments Allegedly Violated)*

246.   Plaintiffs hold no right, title, or interest, by assignment or otherwise, in the Textron Agreement of Satisfaction of Judgments and Release or in the 2012 and 2022 charging and assignment orders, which were held respectively by Textron Financial Corporation, ORKA Real Estate Partners LLC, and AKRO Real Estate Partners LLC. Plaintiffs therefore lack standing to claim any injury arising from the alleged breach or violation of those instruments and orders.

## ELEVENTH AFFIRMATIVE DEFENSE

*(Statute of Limitations)*

247.   Plaintiffs' claims are barred, in whole or in part, by the four-year statute of limitations applicable to civil RICO claims, because Plaintiffs and their assignors knew or, in the exercise of reasonable diligence, should have known of their alleged injury more than four years before this action was commenced.

## TWELFTH AFFIRMATIVE DEFENSE

*(Lack of Capacity / Absence of Specific Intent)*

248.   To the extent applicable, one or more Defendants lacked the capacity to form, and did not form, the specific intent required for any alleged predicate act. In particular, and as established by documentation attached to the Complaint,

Answer of Michael Nelson to Complaint

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

Carole D. King suffered from Advanced Alzheimer's disease, which negates any specific intent to defraud attributable to her and any inference that she knowingly directed or participated in the alleged conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

*(RICO Conspiracy Fails Derivatively – 18 U.S.C. § 1962(d))*

249. Plaintiffs' claim for conspiracy to violate RICO under 18 U.S.C. § 1962(d) fails as a matter of law because Plaintiffs have failed to allege a viable substantive RICO violation under 18 U.S.C. § 1962(c).

## FOURTEENTH AFFIRMATIVE DEFENSE

*(Intracorporate Conspiracy Doctrine)*

250. Plaintiffs' claim for conspiracy to violate RICO under 18 U.S.C. § 1962(d) is barred, in whole or in part, by the intracorporate conspiracy doctrine. The persons Plaintiffs allege to have conspired are members of a single family and the trusts, entities, and agents acting on their collective behalf, and the conduct alleged was undertaken in the course of that single, common economic interest. Because agents and constituents of a single enterprise acting on its behalf are legally incapable of conspiring with one another or with the enterprise, Plaintiffs cannot establish the agreement between legally distinct persons that a RICO conspiracy requires.

## FIFTEENTH AFFIRMATIVE DEFENSE

*(Failure to Join Required Parties)*

251. The Complaint is subject to dismissal or limitation to the extent it fails to join one or more parties required for a just adjudication under Federal Rule of Civil Procedure 19, in whose absence complete relief cannot be accorded among the existing parties.

Answer of Michael Nelson to Complaint

## SIXTEENTH AFFIRMATIVE DEFENSE

*(Abatement / Non-Survival of Claims)*

252.   To the extent applicable, any claim asserted against a Defendant who has died during the pendency of this action abated upon that Defendant's death and is not subject to substitution under Federal Rule of Civil Procedure 25(a), and no such claim survives. This defense is asserted without conceding the propriety of any substitution or the identity of any proper party, successor, or personal representative.

## SEVENTEENTH AFFIRMATIVE DEFENSE

*(Unclean Hands / In Pari Delicto)*

253.   Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands and in pari delicto, including by reason of Plaintiffs' own conduct in acquiring the underlying judgments for nominal consideration and in pursuing the collection and litigation conduct described in the pleadings.

## EIGHTEENTH AFFIRMATIVE DEFENSE

*(Waiver, Estoppel, and Laches)*

254.   Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches, including by reason of the delay of Plaintiffs and their assignors in asserting the rights now claimed and the resulting prejudice to Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

*(Setoff and Offset)*

255.   Any recovery by Plaintiffs must be reduced or offset by all amounts paid, credited, satisfied, or otherwise discharged with respect to the underlying judgments and obligations, including amounts received in the bankruptcy and related proceedings.

Answer of Michael Nelson to Complaint

SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, California 92647
T: (949) 523-3333 | F: (949) 523-3003

## TWENTIETH AFFIRMATIVE DEFENSE

*(Failure to Mitigate)*

256.   Plaintiffs' recovery, if any, is barred or reduced to the extent Plaintiffs and their assignors failed to take reasonable steps to mitigate their alleged damages.

## TWENTY-FIRSTAFFIRMATIVE DEFENSE

*(Speculative and Unmatured Damages)*

257.   Plaintiffs' alleged damages are speculative, uncertain, and contingent, and have not matured, including because Plaintiffs' alleged inability to collect on the underlying judgments has not been finally determined.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

*(Assignee Takes Subject to Defenses)*

258.   Plaintiffs are assignees of the East West Bank and Insurance Company of the West judgments and, as such, stand in the shoes of their assignors and take those judgments and any associated rights subject to all defenses, setoffs, recoupments, releases, waivers, discharges, and equities that exist or could have been asserted against East West Bank and Insurance Company of the West— including those arising from the bankruptcy proceedings and the court-approved compromises, the satisfaction and release of the underlying obligations, and the conduct of the assignors in the related state-court enforcement and fraudulent-conveyance litigation. Plaintiffs can acquire no greater rights than their assignors held.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

*(Release; Accord and Satisfaction)*

259.   Plaintiffs' claims are barred, in whole or in part, by release and by accord and satisfaction. To the extent applicable, the obligations and conduct on which Plaintiffs' claims are premised were released, satisfied, compromised, or discharged, including by the December 22, 2010 Agreement of Satisfaction of

51

Answer of Michael Nelson to Complaint

Judgments and Release and by the court-approved compromises entered in the bankruptcy proceedings resolving the claims of Insurance Company of the West and East West Bank. Plaintiffs, as assignees, are bound by those releases and satisfactions to the same extent as their assignors.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### *(Lack of Capacity to Be Sued; Real Party in Interest)*

260. To the extent applicable, the John and Carole King Family Trust dated April 20, 2006 lacks the capacity to be sued in its own name, because a trust is not a legal entity separate from its trustees and claims concerning trust property must be asserted against the trustees rather than against the trust itself. Under Federal Rule of Civil Procedure 17(b) and applicable law, the claims purportedly asserted against the Trust as a named defendant are barred and improper.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### *(Res Judicata; Collateral Estoppel)*

261. Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion). To the extent the validity, priority, amount, or enforceability of the judgments, liens, charging orders, transfers, and the Sydney Street deed of trust now recharacterized as predicate acts was actually litigated and determined, or could have been litigated, in the prior bankruptcy proceedings (including the dismissed involuntary petitions and the court-approved compromises), the related appellate proceedings, and the prior state-court enforcement litigation, Plaintiffs and their assignors are precluded from relitigating those matters in the guise of a civil RICO claim.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### *(Non-Assignability of RICO Claims; Assignment of a Bare Right to Litigate)*

262. Plaintiffs' claims are barred because a civil RICO cause of action is not freely assignable and may be transferred, if at all, only by an express assignment, which did not occur here. The instruments by which Plaintiffs

Answer of Michael Nelson to Complaint

acquired the underlying judgments for nominal consideration conveyed only the assignors' "right, title and interest" in the money judgments and amount, at most, to an attempted assignment of a bare right to litigate, which does not confer standing to prosecute the RICO claims asserted in the Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

*(Attorney-Client Privilege; Litigation Privilege)*

263.    Plaintiffs' claims implicate confidential communications between Defendants and their attorneys, and Defendants' inability to disclose those communications by reason of the attorney-client privilege materially impairs Defendants' ability to defend against the claims alleged. Plaintiffs' claims are further barred, in whole or in part, by the litigation privilege codified at California Civil Code section 47 and by the Noerr–Pennington doctrine, to the extent the claims are predicated on communications or conduct made in, or in connection with, judicial or quasi-judicial proceedings.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

*(Equitable Estoppel)*

264.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of equitable estoppel. Plaintiffs' continued prosecution of collection and enforcement activity on the underlying judgments after commencing this action is inconsistent with the claims asserted here, estops Plaintiffs from obtaining the relief sought, and constitutes a waiver of the rights now claimed.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

*(Superseding and Intervening Cause)*

265.    Plaintiffs' alleged injuries, if any, were proximately caused by the conduct of Plaintiffs and their assignors and by other independent and intervening causes, which constitute superseding causes of the alleged injuries and bar or diminish any recovery. In the alternative, any damages must be apportioned to account for such causes.

Answer of Michael Nelson to Complaint

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

## THIRTIETH AFFIRMATIVE DEFENSE

*(Good Faith; Absence of Fraudulent Intent)*

266.   Plaintiffs' claims, including those predicated on alleged mail fraud, wire fraud, and RICO conspiracy, are barred, in whole or in part, because Defendants acted in good faith and without any intent to defraud. The transactions, transfers, and entity, tax, and family-succession decisions challenged in the Complaint were undertaken for legitimate purposes, and Defendants reasonably believed their conduct was lawful and proper. The absence of the specific intent to defraud required for each such alleged predicate act defeats Plaintiffs' claims.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

*(Safe Harbor for Settlements and Court-Approved Compromises)*

267.   Plaintiffs' claims are barred, in whole or in part, to the extent they seek to recharacterize as racketeering activity bona fide settlements and court-approved compromises, including the December 22, 2010 Agreement for Satisfaction of Judgments and Release with Textron Financial Corporation and the compromises approved in the bankruptcy proceedings. Plaintiffs and their assignors took their positions subject to those settlements and their enforcement mechanisms, and a lawful, publicly disclosed settlement and assignment cannot be transformed into a predicate act merely because it disadvantages Plaintiffs' collection efforts.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

*(Judicial Estoppel)*

268.   Plaintiffs' claims are barred, in whole or in part, by the doctrine of judicial estoppel. To the extent Plaintiffs or their assignors previously represented to courts or other parties that the underlying judgments were valid, enforceable, and collectible through ordinary post-judgment enforcement, Plaintiffs are estopped from now contending that those same obligations can be satisfied only through RICO remedies, or that the judgment debtors' assets have been

Answer of Michael Nelson to Complaint

fraudulently concealed or transferred so as to render collection impossible. Plaintiffs cannot maintain inconsistent positions across proceedings to manipulate the judicial process.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

*(Business Judgment; Legitimate Entity Governance)*

269.    Plaintiffs' claims are barred, in whole or in part, to the extent they challenge legitimate entity formation, governance, and management decisions protected by the business judgment rule and principles of corporate and limited liability company autonomy. The formation of entities, assignment of interests, capitalization, payment of operating expenses, and related restructuring described in the Complaint are ordinary and presumptively valid exercises of business judgment and property rights, the great majority of which occurred before Plaintiffs acquired the underlying judgments or became creditors, and may not be recast as racketeering activity.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

*(Privacy; Protected Family and Estate Planning)*

270.    Plaintiffs' claims are barred, in whole or in part, to the extent they intrude upon Defendants' constitutional and statutory rights to privacy in family financial affairs, estate and succession planning, and confidential communications with legal and financial advisors. Conduct consistent with lawful family wealth transfer, the use of trusts, tax-advantaged structuring, and the obtaining of legal advice concerning creditor rights and remedies cannot constitute racketeering activity, and imposing RICO liability on that basis would contravene public policy and chill the exercise of those protected rights.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

*(Adequate Remedy at Law)*

271.    Plaintiffs' claims for equitable relief under 18 U.S.C. § 1964(a), including any request for a constructive trust, the appointment of a receiver,

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

disgorgement, or injunctive relief, are barred because Plaintiffs have an adequate remedy at law through ordinary post-judgment enforcement procedures, which Plaintiffs and their assignors have actively invoked, including charging and assignment orders, judgment renewals, and post-judgment discovery. Equitable relief is unavailable where an adequate legal remedy exists.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

*(Reservation of Additional Defenses)*

272.   Defendant has not knowingly or intentionally waived any applicable affirmative defense and reserves the right to assert, and hereby gives notice of its intention to rely upon, such additional affirmative defenses as may become available or apparent during discovery, and to amend its Answer accordingly.

**WHEREFORE**, the Defendant prays:

1. That the RICO Complaint be dismissed with prejudice;

2. That Plaintiffs, and each of them, take nothing by the Complaint and that Judgment be entered in favor of Defendants, and each of them, against Plaintiffs, and each of them;

3. For Defendant's costs of suit;

4. For Defendant's attorney's fees as allowed by contract and/or applicable law; and,

5. For such other and further relief as the Court deems just and proper.

### JURY DEMAND

Defendant demands a jury on all issues so triable.

Dated: June 23, 2026                    By: _____
                                        SKT LAW, P.C.
                                        Eliot F. Krieger
                                        Attorneys for Defendants John E.
                                        King, individually and as trustees of
                                        the John and Carole King Family
                                        Trust dated April 20, 2006, the John

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

Answer of Michael Nelson to Complaint

and Carole King Family Trust dated April 20, 2006, Black Chaps, LLC, Michael Nelson, and Lana Lucas

SKT LAW, P.C.
7755 CENTER AVENUE, SUITE 1225
HUNTINGTON BEACH, CALIFORNIA 92647
T: (949) 523-3333 | F: (949) 523-3003

57

Answer of Michael Nelson to Complaint