Scott D. Tenley (Cal. Bar No. 298911)
*scott@tenleylaw.com*
Hannah E. Friedman (Cal. Bar No. 324771)
*hannah@tenleylaw.com*
**TENLEY LAW, P.C.**
2601 Main Street, Suite 850
Irvine, California 92614
Telephone: (949) 749-2300
Facsimile: (949) 520-6727

Attorneys for Defendants
ORKA REAL ESTATE PARTNERS, LLC,
APPLE FARM COLLECTIONS-SLO, INC.
& ROBIN L. ROSSI IN ALL CAPACITIES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORONITAS HOLDINGS, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>1023 MONTEREY INVESTORS LLC, et al.,<br><br>Defendants. | Case No.: 2:25-cv-11946-JFW(SKx)<br><br>**ANSWER OF DEFENDANTS ORKA REAL ESTATE PARTNERS LLC, APPLE FARM COLLECTIONS-SLO, INC., AND ROBIN L. ROSSI (IN ALL CAPACITIES) TO PLAINTIFFS' COMPLAINT**<br><br>Before the Honorable John F. Walter<br><br>Complaint Filed: December 17, 2025<br>Trial Date: July 27, 2027<br><br>CLEAR YELLOW COMMENTS BEFORE FILING |

Defendants ORKA Real Estate Partners LLC ("ORKA"), Apple Farm Collections-SLO, Inc. ("Apple Farm"), and Robin L. Rossi ("Rossi"), individually and as Trustee of the Robin L. Rossi Living Trust U/D/T October 19, 1990 a/k/a Robin L. Rossi Living Trust (the "Rossi Trust") (collectively, the "Rossi Defendants" or "Answering Defendants"), answer the Complaint of Plaintiffs Coronitas Holdings, LLC and Wolverine Endeavors VIII, LLC ("Plaintiffs") as follows. Answering Defendants answer only on their own behalf and not on behalf of any other defendant. Any allegation not expressly admitted is denied. The headings and titles in the Complaint are not allegations of fact and require no response; to the extent any heading is deemed to contain factual allegations, Answering Defendants deny them.

## ANSWER TO SPECIFIC ALLEGATIONS

1. Answering Defendants deny all allegations in this paragraph.

2. Answering Defendants admit that John E. King is a real estate developer in San Luis Obispo County, California. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations concerning John E. King's finances, debts, and intentions, and on that basis deny them. Answering Defendants deny the remaining allegations to the extent they suggest any wrongful conduct by the Answering Defendants.

3. Answering Defendants admit that Robin L. Rossi has been a longtime business associate of John E. King, that John G. King is the son of John E. King and Carole D. King, and that Paul G. Metchik ("Metchik") has served as an attorney for various King-related entities. Answering Defendants deny that any "syndicate," "web of shell" companies, "controlled chaos," or "carefully orchestrated plan" existed, and deny the remaining allegations, including all characterizations of wrongdoing.

4. Answering Defendants deny the allegations in this paragraph, including the existence of any "Enterprise" and any allegation of lying, concealing, perjuring, falsifying records, or manipulating courts.

5. Answering Defendants lack knowledge or information sufficient to form a

*Rossi Defendants' Answer to Complaint*

belief about the truth of the allegations concerning Plaintiffs' judgments and collection efforts and on that basis deny them. Answering Defendants deny the remaining allegations, including any allegation of wire fraud, mail fraud, or obstruction of justice.

6.     Answering Defendants admit that ORKA and AKRO Real Estate Partners LLC ("AKRO") are or were owned and controlled by John G. King and Robin L. Rossi. Answering Defendants deny that either entity is a "sham" creditor, deny that either was "created precisely" to transfer assets or defraud creditors, and deny the remaining allegations.

7.     Answering Defendants admit that the King Family and Textron Financial Corporation entered into a satisfaction agreement resolving the Textron Judgments and that the agreement contemplated payments by the King Family. Answering Defendants lack knowledge or information sufficient to form a belief about the allegations reciting the precise terms of the satisfaction agreement and on that basis deny them. Answering Defendants deny the remaining allegations.

8.     Answering Defendants admit that ORKA paid the remaining balance owed to Textron, that the Textron Judgments were thereafter assigned to ORKA, and that ORKA became the assignee under those judgments and related instruments. Answering Defendants deny that the judgments were "weaponized," deny any allegation of wrongdoing, and lack knowledge or information sufficient to form a belief about the truth of the remaining characterizations and on that basis deny them.

9.     Answering Defendants admit that Robin L. Rossi and John G. King formed ORKA and that ORKA acquired the Textron Judgments. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the testimony and statements attributed to John E. King and on that basis deny them. Answering Defendants deny that ORKA's acquisition of the Textron Judgments was a "fraudulent shield" or otherwise improper, and deny the remaining allegations.

10.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

11.     Answering Defendants admit that ORKA acquired interests in the Fremont Theater and the Apple Farm Inn properties through sales conducted by the United States Marshals Service, in the credit bid amounts alleged. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other named defendants and on that basis deny them. Answering Defendants deny the remaining allegations in this paragraph.

12.     Answering Defendants admit that the Textron Judgments were renewed in the records of this Court. Answering Defendants deny that any balance was "grossly inflated" or fraudulent, deny any allegation of obstruction, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations concerning the other named defendants and on that basis deny them.

13.     Answering Defendants admit that ORKA assigned the Textron Judgments to AKRO and that assignments were recorded and filed. Answering Defendants deny the remaining allegations and all characterizations of wrongdoing.

14.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the content of AKRO's filings and the relationships described between the King Family, AKRO, and Metchik, and on that basis deny them. Answering Defendants deny the remaining allegations in this paragraph, including any allegation that AKRO concealed material facts or that any judgment should have been deemed satisfied.

15.     Answering Defendants deny the allegations in this paragraph.

16.     Answering Defendants deny the allegations in this paragraph.

17.     Answering Defendants deny the allegations in this paragraph.

18.     Answering Defendants admit that Plaintiffs purport to be judgment creditors. Answering Defendants deny that Plaintiffs are victims of any racketeering enterprise and deny the existence of any such enterprise.

19.     Answering Defendants admit that a judgment was entered in the referenced San Luis Obispo Superior Court action and that Plaintiff Coronitas Holdings, LLC claims

*Rossi Defendants' Answer to Complaint*

to be its assignee. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the current amount, renewal, validity, and assignment of that judgment, and on that basis deny them.

20.    Answering Defendants admit that a judgment was entered in the referenced San Francisco Superior Court action and that Plaintiff Wolverine Endeavors VIII, LLC claims to be its assignee. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the current amount, renewal, validity, and assignment of that judgment, and on that basis deny them.

21.    Answering Defendants deny the existence of any "Enterprise," deny that they acted in concert to conceal, transfer, or encumber assets, and deny that they played any role in any scheme. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other named defendants and on that basis deny them.

22.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

23.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

24.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

25.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

26.    Answering Defendants admit that AKRO Real Estate Partners LLC is a California limited liability company with its principal place of business located at 750 Pismo Street, San Luis Obispo, California.

27.    Answering Defendants admit that Apple Farm Collections-SLO, Inc. is a California corporation with its principal place of business located at 750 Pismo Street, San Luis Obispo, California.

28.    Answering Defendants lack knowledge or information sufficient to form a

*Rossi Defendants' Answer to Complaint*

belief about the truth of the allegations in this paragraph and on that basis deny them.

29.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

30.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

31.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

32.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

33.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

34.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

35.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

36.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

37.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

38.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

39.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

40.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

41.    Answering Defendants admit that Metchik is an individual who, on information and belief, resides in San Luis Obispo County, California.

42.    Answering Defendants lack knowledge or information sufficient to form a

*Rossi Defendants' Answer to Complaint*

belief about the truth of the allegations in this paragraph and on that basis deny them.

43. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

44. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

45. Answering Defendants admit that ORKA Real Estate Partners LLC is a California limited liability company with its principal place of business located at 750 Pismo Street, San Luis Obispo, California.

46. Answering Defendants admit that Robin L. Rossi is an individual residing in San Luis Obispo County, California, and is named in his capacity as Trustee of the Robin L. Rossi Living Trust U/D/T October 19, 1990 a/k/a Robin L. Rossi Living Trust.

47. Answering Defendants admit that the Robin L. Rossi Living Trust U/D/T October 19, 1990 a/k/a Robin L. Rossi Living Trust is a trust administered under the laws of the State of California, with its principal place of administration in San Luis Obispo County, California, and that Robin L. Rossi is its trustee.

48. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

49. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

50. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

51. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

52. Answering Defendants admit that Robin L. Rossi and John G. King formed and manage ORKA and AKRO. Answering Defendants deny that ORKA or AKRO is a "sham" entity, deny that either is used to transfer or encumber assets to defraud creditors, deny that any Answering Defendant participated in the operation or management of any racketeering enterprise, directed any fraudulent court filing, structured any insider lien, or

falsified any judgment balance, and deny the remaining allegations directed at the Answering Defendants. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other named defendants and on that basis deny them.

53. Answering Defendants deny the allegations in this paragraph.

54. The allegations in this paragraph consist of legal conclusions to which no response is required.

55. Answering Defendants admit that Rossi resides in the State of California. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other named individuals and on that basis deny them. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

56. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

57. Answering Defendants admit that Apple Farm Collections-SLO, Inc. and ORKA Real Estate Partners LLC were formed under the laws of California and conduct business in California. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other named entities and on that basis deny them. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

58. Answering Defendants admit that the Robin L. Rossi Living Trust is administered under the laws of California with its principal place of administration in San Luis Obispo County. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the John and Carole King Family Trust and on that basis deny them. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

59. Answering Defendants admit that Rossi resides in San Luis Obispo County, California. Answering Defendants deny the remaining allegations.

*Rossi Defendants' Answer to Complaint*

60.    Answering Defendants admit that John E. King, Carole D. King, and John G. King have been active in the hospitality and real estate industries in San Luis Obispo and Pismo Beach, California. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny them.

61.    Answering Defendants admit that John E. King and Robin L. Rossi formed RKO Inc. ("RKO") in 1985 and that Metchik served as its incorporator. Answering Defendants deny the remaining allegations in this paragraph.

62.    Answering Defendants admit that Metchik has served as counsel to RKO. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny them.

63.    Answering Defendants admit that John E. King and Robin L. Rossi expanded their real estate and hospitality businesses on California's Central Coast through RKO and related entities. Answering Defendants deny any characterization suggesting the existence of an "Enterprise" and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny them.

64.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

65.    Answering Defendants admit that John E. King became a prominent developer on the Central Coast and that his businesses involved partnerships and related entities. Answering Defendants deny that any relationship formed the "backbone" of any "Enterprise" and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny them.

66.    Answering Defendants admit that John E. King, and later JG, acquired, developed and refinanced properties through the 1990s and early 2000s. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and on that basis deny them.

67.    Answering Defendants admit that John E. King's real estate portfolio was impacted by the mortgage crisis. Answering Defendants lack knowledge or information

*Rossi Defendants' Answer to Complaint*

sufficient to form a belief about the truth of the remaining allegations in this paragraph and on that basis deny them.

68.     Answering Defendants admit that judgments were entered against the Debtors. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny them.

69.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

70.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

71.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

72.     Answering Defendants admit that a civil action captioned *Textron Fin. Corp. v. Vaquero de los Robles, LLC, et al.*, Case No. CV09-01204, was filed on or around February 19, 2009, and that judgment in that action was entered in favor of Textron. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and on that basis deny them.

73.     Answering Defendants admit that a civil action captioned *Textron Fin. Corp. v. Spanish Springs II, LLC, et al.*, Case No. CV09-01205, was filed on or around February 19, 2009,  and that judgment in that action was entered in favor of Textron. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

74.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

75.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

76.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

77.     Answering Defendants lack knowledge or information sufficient to form a

belief about the truth of the allegations in this paragraph and on that basis deny them.

78.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

79.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

80.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

81.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

82.    Answering Defendants deny the allegations to the extent they characterize a "pattern of conduct" or foreshadow any "fraudulent scheme." Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny them.

83.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

84.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

85.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

86.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

87.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

88.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

89.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

90.    Answering Defendants lack knowledge or information sufficient to form a

*Rossi Defendants' Answer to Complaint*

belief about the truth of the allegations in this paragraph and on that basis deny them.

91.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

92.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

93.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

94.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

95.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

96.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

97.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

98.    Answering Defendants admit that the King Family and Textron entered into the Textron Satisfaction Agreement. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the precise terms and balances recited and on that basis deny them.

99.    Answering Defendants admit that the King Family and Textron entered into the Textron Satisfaction Agreement. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the precise terms and balances recited and on that basis deny them.

100.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

101.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

102.    Answering Defendants admit that assignment orders were entered in the

Textron Actions and that various King-affiliated entities, including Apple Farm, were named in connection with those orders. Answering Defendants deny any characterization of wrongdoing and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny them.

103.     Answering Defendants admit that charging orders and assignment orders were entered in the Textron Actions.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

104.     Answering Defendants deny that any entity, including Apple Farm, was a "Complicit" entity or was used to conceal income, divert assets, or violate any court order. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny them.

105.     Answering Defendants deny that the funds were "the Debtors' own money" used as part of any scheme, deny all characterizations of wrongdoing, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny them.

106.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph on that basis deny them.

107.     Answering Defendants admit that Robin L. Rossi and John G. King formed ORKA and that ORKA acquired and recorded assignments of the Textron Judgments. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the testimony attributed to John E. King and on that basis deny it. Answering Defendants deny that the transaction was an "asset protection scheme" or otherwise improper, and deny the remaining allegations.

108.     Answering Defendants deny the allegations in this paragraph.

109.     Answering Defendants deny the allegations in this paragraph.

110.     Answering Defendants deny the allegations in this paragraph.

111.     Answering Defendants deny the allegations in this paragraph.

*Rossi Defendants' Answer to Complaint*

112.    The allegations in this paragraph regarding what was "required" under Textron's 2012 Charging and Assignment Orders consist of legal conclusions to which no response is required. Answering Defendants deny the remaining allegations in this paragraph, including any allegation that ORKA, AKRO, or any Answering Defendant participated in money laundering, concealment, or any violation of a court order. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the conduct and intentions of John G. King and the other entities and on that basis deny them.

113.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the conduct, payments, and testimony of John G. King and on that basis deny them. Answering Defendants deny the remaining allegations, including that they committed any fraud, or that Robin L. Rossi had any obligation to file credits or satisfactions.

114.    Answering Defendants deny that Apple Farm made any transfer for any fraudulent or improper purpose or in violation of any court order. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations concerning the general ledgers, the other specific transfers tabulated, and the conduct of John G. King and the other entities, and on that basis deny them.

115.    Answering Defendants deny that Apple Farm violated any court order or participated in any money laundering scheme, and deny that Black Chaps operated as a "washing machine." Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny them.

116.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

117.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

118.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

*Rossi Defendants' Answer to Complaint*

119. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

120. Answering Defendants deny that ORKA or AKRO used the Textron Judgments to "unlawfully siphon" assets or as a "sword and a shield," and deny the remaining characterizations of wrongdoing. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny them.

121. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

122. Answering Defendants admit that levies were made upon interests in the Monterey Street properties in connection with enforcement of the Textron Judgments. Answering Defendants deny that any judgment balance was inflated and deny all characterizations of a "sham" or scheme. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Metchik's specific conduct and on that basis deny them.

123. Answering Defendants admit that the United States Marshal was authorized to sell the Debtors' interests in the Monterey Street properties in connection with the Vaquero Judgment and that notices were served. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Metchik's specific filings and the address used for notice to EWB and on that basis deny them. Answering Defendants deny the remaining allegations, including that any balance was falsely stated.

124. Answering Defendants admit that ORKA acquired the Debtors' combined fifty percent interest in 1009-1025 and 1035-1037 Monterey Street at a United States Marshal's execution sale. Answering Defendants deny remaining allegations, including the characterization of the bid and that the sale was improper.

125. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

126. Answering Defendants admit that ORKA acquired the Debtors' interest in the referenced Monterey Street properties at a United States Marshal's execution sale. Answering Defendants deny the remaining allegations, including that the judgment should have been recorded as satisfied and that the sale removed assets from the reach of legitimate creditors improperly.

127. Answering Defendants admit that ORKA transferred its interest in 1009-1025 Monterey Street to 1023 Monterey Investors and that a grant deed was recorded. Answering Defendants deny that the transfer was made "on behalf of the Enterprise" or for any improper purpose, and deny the remaining allegations.

128. Answering Defendants admit that ORKA transferred its interest in 1035-1037 Monterey Street to 1035 Monterey Investors and that a grant deed was recorded. Answering Defendants deny that the transfer was made "on behalf of the Enterprise" or for any improper purpose, and deny the remaining allegations.

129. Answering Defendants admit that ORKA acquired the Debtors' combined fifty percent interest in the 2015 Monterey Street and 2121 Monterey Street (Apple Farm Inn) properties at a United States Marshal's execution sale following the issuance of writs of execution. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the alleged property values and on that basis deny them. Answering Defendants deny the remaining allegations, including that any judgment was "falsely inflated," and that the sale was a "sham.".

130. Answering Defendants admit that ORKA acquired the Debtors' interest in the referenced properties at a United States Marshal's execution sale. Answering Defendants deny the remaining allegations, including the fraud allegations and that the judgments should have been recorded as satisfied.

131. Answering Defendants deny the allegations in this paragraph.

132. Answering Defendants admit that Rossi was a co-borrower on the loan secured by the 2015 and 2121 Monterey Street properties. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations

*Rossi Defendants' Answer to Complaint*

concerning John E. King's personal payments and on that basis deny them. Answering Defendants deny the remaining allegations, including that the United States Marshal's sale was a "paper transfer," "sham," or abuse of process.

133.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

134.    Answering Defendants admit that Rossi and John G. King formed AKRO on June 5, 2020. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Metchik's role and on that basis deny them.

135.    Answering Defendants admit that Rossi signed, on behalf of ORKA, assignments transferring the Textron Judgments to AKRO, and that those assignments were later filed in the Textron Actions. Answering Defendants deny the remaining allegations, including any allegation of wrongdoing and lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Metchik's filings and on that basis deny them.

136.    Answering Defendants deny that any judgment balance was inflated or that any material fact was omitted, and lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Metchik's specific filings and on that basis deny them.

137.    Answering Defendants admit that AKRO pursued enforcement against the 6900 Ontario Road and Avila Hot Springs properties. Answering Defendants deny that AKRO's security interests were "sham" or that any affidavit was fraudulent, and lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Metchik's specific filings and on that basis deny them.

138.    Answering Defendants deny any allegation of wrongdoing by the Answering Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Metchik's state-court filings and declaration and on that basis deny them.

*Rossi Defendants' Answer to Complaint*

139. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

140. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

141. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

142. Answering Defendants admit that Rossi, John E. King, John G. King, and Metchik have had business relationships and ownership interests in various entities over the years, including RKO. Answering Defendants deny that any such relationship was concealed for an improper purpose or that it evidences any scheme, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny them.

143. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

144. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

145. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

146. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

147. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

148. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

149. Answering Defendants deny that any Answering Defendant violated any court order. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Black Chaps and the itemized expenses and on that basis deny them.

*Rossi Defendants' Answer to Complaint*

150.    Answering Defendants deny that Apple Farm violated any court order or participated in any improper transaction. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny them.

151.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

152.    Answering Defendants deny that ORKA's enforcement activity was improper. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning AKRO's intervention and the Debtors' conduct and on that basis deny them.

153.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

154.    Answering Defendants admit that motions to quash subpoenas were filed in various proceedings. Answering Defendants deny that any such filing was made to "obstruct" Plaintiffs' discovery or in furtherance of any scheme, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny them.

155.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

156.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

157.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

158.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

159.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

160.    Answering Defendants deny the allegations in this paragraph.

*Rossi Defendants' Answer to Complaint*

161.   Answering Defendants deny the allegations in this paragraph.

162.   Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

163.   Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

164.   Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

165.   Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

166.   Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

167.   Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

168.   Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

169.   Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

170.   Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

171.   Answering Defendants deny that they undertook any effort to obstruct any bankruptcy process and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny them.

172.   Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

173.   Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

174.   Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

*Rossi Defendants' Answer to Complaint*

175. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

176. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

177. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

178. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

179. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

180. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

181. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

182. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

183. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

184. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

185. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

186. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

187. Answering Defendants deny that they operated as part of any "single enterprise" and lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the cited communications, billing records, and the conduct of others, and on that basis deny them.

188. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

189. Answering Defendants admit that the United States Marshal conducted sales of the 250 Avila Beach Drive and 6900 Ontario Road properties and that AKRO acquired both. Answering Defendants deny the characterization of the bids and deny any wrongdoing, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny them.

190. Answering Defendants deny the allegations in this paragraph.

191. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

192. Answering Defendants deny the allegations in this paragraph.

193. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

194. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

195. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

196. Answering Defendants deny the allegations in this paragraph.

197. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

198. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

199. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

200. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

201. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

202. Answering Defendants deny the allegations in this paragraph.

203. Answering Defendants deny the allegations in this paragraph.

204. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

205. Answering Defendants deny that they caused Plaintiffs any harm and deny the existence of any "scheme." Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiffs' claimed damages and on that basis deny them.

206. Answering Defendants deny the allegations in this paragraph.

207. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

208. Answering Defendants deny the existence of any association-in-fact enterprise, deny that they agreed with anyone to benefit any such enterprise, and deny the remaining allegations. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other named defendants and on that basis deny them.

209. Answering Defendants deny the allegations in this paragraph.

210. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

211. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

212. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

213. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny them.

214. Answering Defendants admit that Rossi has had a longstanding business relationship with John E. King and that ORKA and AKRO are entities owned by Rossi and John G. King. Answering Defendants deny the existence of any "Enterprise," deny

*Rossi Defendants' Answer to Complaint*

any common fraudulent purpose, and deny the remaining allegations.

215.   Answering Defendants deny the allegations in this paragraph.

216.   Answering Defendants deny the allegations in this paragraph.

217.   Answering Defendants deny that any conspiracy or scheme exists, deny that they committed any criminal or fraudulent act, and deny that the action is timely as to them. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny them.

218.   Answering Defendants deny the allegations in this paragraph.

219.   Answering Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 218 as though fully set forth herein.

220.   Answering Defendants admit that each is capable of holding, and does hold, a legal or beneficial interest in property. Answering Defendants deny that they are members of any "Enterprise" and deny the remaining allegations and characterizations.

221.   Answering Defendants deny that their conduct constitutes a "pattern" of racketeering activity or that they committed any act of racketeering. Answering Defendants respond to the enumerated subparagraphs as set forth in the subparagraph responses below, and otherwise deny the allegations of Paragraph 221.

a.   Answering Defendants deny the allegations in this subparagraph.

b.   Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this subparagraph and on that basis deny them.

c.   Answering Defendants deny the allegations in this subparagraph.

d.   Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this subparagraph and on that basis deny them.

e.   Answering Defendants admit that Rossi co-formed and co-owns ORKA and AKRO with John G. King; that Rossi signed, on behalf of ORKA, the assignments transferring the Textron Judgments from ORKA to AKRO; that an entity in

*Rossi Defendants' Answer to Complaint*

which Rossi held an interest co-owned the 2015 Monterey Street property; and that ORKA acquired the Debtors' interest in that property at a United States Marshal's execution sale. Answering Defendants deny that ORKA's capitalization or the execution sale was a "sham," deny that the assignments were made for any improper purpose, deny that Rossi knowingly or willfully lent any interest to any fraudulent scheme, and deny the remaining allegations and all characterizations of wrongdoing.

       f.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Metchik and on that basis deny them.

       g.     Answering Defendants admit that ORKA acquired the Textron Judgments and acquired interests in the Fremont Theater and Apple Farm Inn properties at United States Marshal's execution sales, that ORKA conveyed the Fremont Theater parcels to 1023 Monterey Investors and 1035 Monterey Investors while retaining the Apple Farm property, and that ORKA and AKRO asserted their judgment liens in enforcement proceedings. Answering Defendants deny that ORKA or AKRO is a "sham" creditor, deny that any balance was "fraudulently inflated," deny that the judgments were acquired to prevent their satisfaction, and deny the remaining allegations.

       h.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this subparagraph and on that basis deny them.

       i.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this subparagraph and on that basis deny them.

       j.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this subparagraph and on that basis deny them.

       k.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this subparagraph and on that basis deny

them.

l.      Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this subparagraph and on that basis deny them.

m.      Answering Defendants deny that Apple Farm or the Rossi Living Trust participated in the operation or management of any enterprise, served as a repository for fraudulently transferred or shielded assets, made any payment in violation of any court order, or transferred any funds or interests for any improper purpose. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other entities named in this subparagraph and on that basis deny them.

222.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiffs' diagram and deny that it accurately depicts any enterprise, entity, or flow of assets.

223.    Answering Defendants deny the allegations in this paragraph.

224.    Answering Defendants deny the allegations in this paragraph.

225.    Answering Defendants deny the allegations in this paragraph.

226.    Answering Defendants deny the allegations in this paragraph.

227.    Answering Defendants deny the allegations in this paragraph.

228.    Answering Defendants deny that Plaintiffs are entitled to any relief, including treble damages, attorneys' fees, or costs.

229.    Answering Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 228 as though fully set forth herein.

230.    Answering Defendants deny the allegations in this paragraph.

231.    Answering Defendants deny the allegations in this paragraph.

232.    Answering Defendants deny that they intended or agreed to further any criminal endeavor or that any element of a substantive RICO offense is satisfied, and deny the allegations of the enumerated subparagraphs.

*Rossi Defendants' Answer to Complaint*

233.   Answering Defendants deny the allegations in this paragraph.

234.   Answering Defendants deny the allegations in this paragraph.

235.   Answering Defendants deny that Plaintiffs are entitled to any relief, including treble damages, attorneys' fees, or costs.

## AFFIRMATIVE DEFENSES

236.   By alleging the separate and additional defenses set forth below, Answering Defendants do not assume any burden of proof, persuasion, or production that is otherwise on Plaintiffs. Answering Defendants reserve the right to amend or supplement these defenses as discovery proceeds.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

237.   The Complaint, and each claim alleged therein, fails to state a claim upon which relief can be granted against the Answering Defendants. The Complaint fails to plead the elements of a violation of 18 U.S.C. § 1962(c) or § 1962(d) as to each Answering Defendant, and fails to plead the circumstances constituting fraud with the particularity required by Federal Rule of Civil Procedure 9(b), instead impermissibly grouping multiple defendants together.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

238.   Plaintiffs' claims are barred, in whole or in part, by the four-year statute of limitations applicable to civil RICO claims. The conduct attributed to the Answering Defendants occurred more than four years before the Complaint was filed on December 17, 2025, and the separate-accrual rule does not apply because Plaintiffs identify no new and independent act by any Answering Defendant, causing new and independent injury, within the limitations period.

## THIRD AFFIRMATIVE DEFENSE

(Lack of RICO Standing – No Proximate Cause)

*Rossi Defendants' Answer to Complaint*

239.    Plaintiffs lack standing under 18 U.S.C. § 1964(c) because any injury to their business or property was not proximately caused by any conduct of the Answering Defendants. Plaintiffs' alleged injuries, if any, were caused by independent, intervening, or superseding acts of third parties and by the conduct of the Debtors and others over whom the Answering Defendants exercised no control.

## FOURTH AFFIRMATIVE DEFENSE

(No Pattern of Racketeering Activity)

240.    Plaintiffs' claims fail because the Complaint does not allege that each Answering Defendant committed at least two predicate acts of racketeering activity, and therefore fails to allege a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5).

## FIFTH AFFIRMATIVE DEFENSE

(No Conduct of an Enterprise's Affairs)

241.    Plaintiffs' claims fail because the Answering Defendants did not conduct or participate, directly or indirectly, in the conduct of the affairs of any enterprise through a pattern of racketeering activity, and did not take part in directing any enterprise's affairs within the meaning of *Reves v. Ernst & Young*, 507 U.S. 170 (1993).

## SIXTH AFFIRMATIVE DEFENSE

(Noerr-Pennington Doctrine and Litigation Privilege)

242.    Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine and related litigation privileges because the conduct on which Plaintiffs rely consists of protected petitioning of the courts. The "sham" exception does not apply because the challenged litigation and enforcement proceedings were not objectively baseless and, in fact, succeeded.

## SEVENTH AFFIRMATIVE DEFENSE

(Legitimate Business Conduct / Justification)

243.    Plaintiffs' claims are barred because the acts attributed to the Answering Defendants – including the formation of entities, the acquisition and enforcement of

*Rossi Defendants' Answer to Complaint*

judgments, the acquisition of property at lawful execution sales, the execution of assignments, and the holding of ownership interests – constitute lawful business conduct undertaken for legitimate, independent economic reasons, and are at least equally consistent with lawful activity as with any theory of fraud.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

244. Plaintiffs' claims are barred because the Answering Defendants at all times acted in good faith, without any intent to defraud, and without knowledge of or agreement to participate in any unlawful scheme.

## NINTH AFFIRMATIVE DEFENSE

### (No RICO Conspiracy)

245. Plaintiffs' conspiracy claim under 18 U.S.C. § 1962(d) fails because the substantive claim fails and because no Answering Defendant knowingly agreed to facilitate any conduct that would violate § 1962(c). Mere association, parallel conduct, or shared business relationships do not constitute a knowing agreement to participate in a racketeering enterprise.

## TENTH AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

246. Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata and collateral estoppel to the extent they constitute an impermissible collateral attack on final judgments, charging and assignment orders, execution sales, and liens that were entered, confirmed, or upheld by state and federal courts.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

247. Plaintiffs' recovery, if any, is barred or reduced to the extent Plaintiffs and their predecessors-in-interest failed to exercise reasonable diligence to mitigate their alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

*Rossi Defendants' Answer to Complaint*

(Setoff and Offset)

248. Any recovery by Plaintiffs must be reduced by amounts received or recoverable from other sources, including settlements, credit bids, payments, and other offsets to which the Answering Defendants are entitled.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Speculative and Uncertain Damages)

249. Plaintiffs' alleged damages are speculative, uncertain, and not a concrete injury to business or property cognizable under 18 U.S.C. § 1964(c).

## FOURTEENTH AFFIRMATIVE DEFENSE

(Unavailability of Requested Relief)

250. Plaintiffs are not entitled to certain relief requested in the Prayer, including exemplary and punitive damages, which are not recoverable under the civil RICO statute.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Waiver, Estoppel, Laches, and Unclean Hands)

251. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Standing / Real Party in Interest)

252. Plaintiffs' claims are barred to the extent Plaintiffs are not the real parties in interest or lack a valid assignment of the judgments on which their claims and asserted injuries depend.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Reservation of Defenses)

253. Answering Defendants presently have insufficient knowledge or information upon which to form a belief as to whether additional, as-yet-unstated affirmative defenses are available. Answering Defendants reserve the right to assert additional affirmative defenses that may become available or apparent during discovery and to amend this Answer accordingly.

*Rossi Defendants' Answer to Complaint*

**PRAYER FOR RELIEF**

WHEREFORE, ANSWERING DEFENDANTS PRAY FOR RELIEF AS FOLLOWS:

1.   That Plaintiffs take nothing by their Complaint;

2.   That judgment be entered in favor of the Answering Defendants and against Plaintiffs on each claim alleged in the Complaint;

3.   That the Complaint be dismissed with prejudice as to the Answering Defendants;

4.   That the Answering Defendants be awarded their costs of suit incurred herein;

5.   That the Answering Defendants be awarded their reasonable attorneys' fees to the extent permitted by law; and

6.   For such other and further relief as the Court deems just and proper.

DATED:   June 24, 2026                    **TENLEY LAW, P.C.**

By:   /s/ *Scott D. Tenley*
       SCOTT D. TENLEY

Attorneys for Defendants
ORKA REAL ESTATE PARTNERS, LLC,
APPLE FARM COLLECTIONS-SLO, INC.,
& ROBIN L. ROSSI IN ALL CAPACITIES

*Rossi Defendants' Answer to Complaint*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Answering Defendants demand a trial by jury of all issues so triable.


DATED:   June 24, 2026                    **TENLEY LAW, P.C.**


By:   /s/ *Scott D. Tenley*
          SCOTT D. TENLEY

Attorneys for Defendants
ORKA REAL ESTATE PARTNERS, LLC,
APPLE FARM COLLECTIONS-SLO, INC.,
& ROBIN L. ROSSI IN ALL CAPACITIES