Stephen G. Larson (SBN 145225)
*slarson@larsonllp.com*
A. Alexander Lowder (SBN 269362)
*alowder@larsonllp.com*
Elizabeth Christianson (SBN 346406)
*echristianson@larsonllp.com*
**LARSON LLP**
555 South Flower Street, 30th Floor
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile:  (213) 623-2000

Attorneys for Defendant PAUL G. METCHIK

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CORONITAS HOLDINGS, LLC, a Wyoming limited liability company; and WOLVERINE ENDEAVORS VIII, LLC, a California limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> 1023 MONTEREY INVESTORS LLC, a California limited liability company; 1035 MONTEREY INVESTORS LLC, a California limited liability company; A.J. SPURS, INC., BUELLTON, a California corporation; ADDIE STREET LAND GROUP LP, a California limited partnership; AKRO REAL ESTATE PARTNERS LLC, a California limited liability company; APPLE FARM COLLECTIONS-SLO, INC., a California corporation; BLACK CHAPS LLC, a California limited liability company; BOUTIQUE HOTEL COLLECTION, INC., a California corporation; DISTINCTIVE RESORTS, INC., a California corporation; CLIFFS RESORT LLC, a California limited liability company; FERNWOOD RESORT, LLC, a California limited liability company; HIGUERA BREW LLC, a California limited liability company; JGK CONSTRUCTION LLC, a California limited liability company; CAROLE D. | Case No. 2:25-cv-11946-JFW-SK <br><br> **PAUL G. METCHIK'S ANSWER TO COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Judge:  Hon. John F. Walter <br><br><br> Complaint Filed:  December 17, 2025 <br> Trial Date:        July 27, 2027 |

LARSON
LOS ANGELES

PAUL G. METCHIK'S ANSWER TO COMPLAINT

KING, an individual; CAROLE D. KING, as Trustee of the JOHN AND CAROLE KING FAMILY TRUST, DATED APRIL 20, 2006; JOHN G. KING, an individual; JOHN G. KING, as Trustee of the JG KING LIVING TRUST, DATED FEBRUARY 25, 2021; JOHN E. KING, an individual; JOHN E. KING, as Trustee of the JOHN AND CAROLE KING FAMILY TRUST, DATED APRIL 20, 2006; LANA LUCAS, an individual; LOS LOBOS INVESTMENTS LLC, a California limited liability company; PAUL G. METCHIK, an individual; MISSION GROVE ASSOCIATES, a California general partnership; MONTALBAN STREET GROUP, a California general partnership; MICHAEL NELSON, an individual; ORKA REAL ESTATE PARTNERS LLC, a California limited liability company; ROBIN L. ROSSI, an individual; ROBIN L. ROSSI as Trustee of THE ROBIN L. ROSSI LIVING TRUST U/D/T OCTOBER 19, 1990 a/k/a ROBIN L. ROSSI LIVING TRUST; SPANISH VINEYARDS LLC, a California limited liability company; SYCAMORE MINERAL SPRINGS LLC, a California limited liability company; THE SEAVENTURE RESORT, LLC, a California limited liability company; THE VINEYARDS AT SPANISH SPRINGS, LLC, a California limited liability company; and DOES 1-100, inclusive,

Defendants.

LARSON
LOS ANGELES

2

PAUL G. METCHIK'S ANSWER TO COMPLAINT

Defendant PAUL G. METCHIK ("Defendant" or "Metchik") answers the allegations in Plaintiffs CORONITAS HOLDINGS, LLC and WOLVERINE ENDEAVORS VIII, LLC's (collectively "Plaintiffs") Complaint for Damages (hereinafter "the Complaint") as follows:

1. Paragraph 1 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

2. Paragraph 2 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

3. Paragraph 3 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant denies the allegations that are related to him and Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

4. Paragraph 4 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant denies the allegations that are related to him and Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

5. Paragraph 5 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining

allegations and, on that basis, Defendant denies all such allegations.

6.      Paragraph 6 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant denies the allegation that ORKA and AKRO are wholly owned and controlled by JG and Rossi and Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

7.      Paragraph 7 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant admits that two Textron judgments originally totaled over $16 million. Defendant further admits that Debtors entered into the Textron Satisfaction Agreement with Textron. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

8.      Paragraph 8 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

9.      Paragraph 9 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

10.      Paragraph 10 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response

is required.

11.    Paragraph 11 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik denies that, when he was acting on behalf of ORKA, Metchik denies that he misrepresented the judgment balances. Metchik denies that he obtained fraudulent writs of execution from this Court. Metchik admits that on behalf of ORKA, "foreclose[d]" on real estate owned by John and Carole King. Metchik denies that he stated a grossly "inflated balance of **$5,137,620.42** on the larger of the two judgments." Metchik admits that ORKA made a successful $6,000 credit bid for the historic Fremont Theater and adjacent commercial buildings in downtown San Luis Obispo in 2017. Metchik denies that he inflated judgment balances in 2019. Metchik admits that in 2019, ORKA made a successful $6,000 credit bid for Apple Farm Inn. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

12.    Paragraph 12 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant admits that on or around December 19, 2019, on behalf of ORKA, Metchik used the Court's electronic filing system ("CM/ECF") to renew both Textron Judgments for a combined total of $6,307,796.76. Metchik denies that the renewal balances were grossly inflated. Metchik admits that the Court entered the renewals of both judgments on or around December 13, 2019, and on or around January 8, 2020. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

13.    Paragraph 13 of the Complaint contains opinions, legal conclusions

and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant admits that on or around June 5, 2020, ORKA assigned both Textron judgments to AKRO by filing an Assignments of Judgment and Acknowledgments of Assignment of Judgment on or around December 22, 2020, and on or around November 2, 2021.

14. Paragraph 14 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik denies that he is a lifelong and current business partner of John E. King and Metchik denies that he is currently a business partner of John and JG. Metchik denies that he covered up any information. Metchik denies that the judgments at issue have been satisfied. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

15. Paragraph 15 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

16. Paragraph 16 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

17. Paragraph 17 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

18. Paragraph 18 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

19.  Paragraph 19 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

20.  Paragraph 20 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 20 of the Complaint and, on that basis, Defendant denies all such allegations.

21.  Paragraph 21 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 21 of the Complaint to the extent the allegation is related to Defendant and for all other allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 21 of the Complaint and, on that basis, Defendant denies all such allegations.

22.  Paragraph 22 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant admits the allegations in Paragraph 22.

23.  Paragraph 23 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant admits the allegations in Paragraph 23.

24.  Paragraph 24 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 24 of the Complaint and, on that basis, Defendant denies all

such allegations.

25.    Paragraph 25 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 25 of the Complaint and, on that basis, Defendant denies all such allegations.

26.    Paragraph 26 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant admits the remaining allegations in Paragraph 26.

27.    Paragraph 27 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant admits the remaining allegations in Paragraph 27.

28.    Paragraph 28 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 28 of the Complaint and, on that basis, Defendant denies all such allegations.

29.    Paragraph 29 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 29 of the Complaint and, on that basis, Defendant denies all such allegations.

30.    Paragraph 30 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant is without sufficient

LARSON
LOS ANGELES

PAUL G. METCHIK'S ANSWER TO COMPLAINT

knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 30 of the Complaint and, on that basis, Defendant denies all such allegations.

31.    Paragraph 31 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 31 of the Complaint and, on that basis, Defendant denies all such allegations.

32.    Paragraph 32 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 32 of the Complaint and, on that basis, Defendant denies all such allegations.

33.    Paragraph 33 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 33 of the Complaint and, on that basis, Defendant denies all such allegations.

34.    Paragraph 34 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 34 of the Complaint and, on that basis, Defendant denies all such allegations.

35.    Paragraph 35 of the Complaint contains opinions, legal conclusions

LARSON
LOS ANGELES

PAUL G. METCHIK'S ANSWER TO COMPLAINT

and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 35 of the Complaint and, on that basis, Defendant denies all such allegations.

36. Paragraph 36 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

37. Paragraph 37 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 37 of the Complaint and, on that basis, Defendant denies all such allegations.

38. Paragraph 38 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 38 of the Complaint and, on that basis, Defendant denies all such allegations.

39. Paragraph 39 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 39 of the Complaint and, on that basis, Defendant denies all such allegations.

40. Paragraph 40 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response

LARSON
LOS ANGELES

PAUL G. METCHIK'S ANSWER TO COMPLAINT

is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 40 of the Complaint and, on that basis, Defendant denies all such allegations.

41.    Defendant admits the he is an individual residing in San Luis Obispo County, California.

42.    Paragraph 42 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 42 of the Complaint and, on that basis, Defendant denies all such allegations.

43.    Paragraph 43 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 43 of the Complaint and, on that basis, Defendant denies all such allegations.

44.    Paragraph 44 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 44 of the Complaint and, on that basis, Defendant denies all such allegations.

45.    Paragraph 45 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant admits the remaining allegations in Paragraph 45.

46.    Paragraph 46 of the Complaint contains opinions, legal conclusions

and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 46 of the Complaint and, on that basis, Defendant denies all such allegations.

47.    Paragraph 47 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

48.    Paragraph 48 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 48 of the Complaint and, on that basis, Defendant denies all such allegations.

49.    Paragraph 49 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 49 of the Complaint and, on that basis, Defendant denies all such allegations.

50.    Paragraph 50 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 50 of the Complaint and, on that basis, Defendant denies all such allegations.

51.    Paragraph 51 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response

is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 51 of the Complaint and, on that basis, Defendant denies all such allegations.

52.    Paragraph 52 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik denies that he prepared and filed false pleadings to advance the goals of any Enterprise. To the extent a response is required, Defendant denies the allegations forth in Paragraph 52 of the Complaint to the extent the allegation is related to that Defendant. To the extent a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 52 of the Complaint and, on that basis, Defendant denies all such allegations.

53.    Paragraph 53 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

## JURISDICTION AND VENUE

54.    Paragraph 54 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant does not contest that the Court has subject matter jurisdiction over the federal claims brought in the Complaint.

55.    Paragraph 55 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant admits that he resides in the State of California. For the remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 55 of the Complaint and, on that basis, Defendant denies all such allegations.

56.    Paragraph 56 of the Complaint contains opinions, legal conclusions

and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant denies the allegations forth in Paragraph 56 of the Complaint to the extent the allegation is related to Defendant and for the remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 56 of the Complaint and, on that basis, Defendant denies all such allegations.

57.     Paragraph 57 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

58.     Paragraph 58 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

59.     Paragraph 59 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant does not contest that the Venue is appropriate in the Western Division of the Central District of California. To the extent a response is required, Defendant denies the allegations forth in Paragraph 59 of the Complaint to the extent the allegation is related to Defendant and for the remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 59 of the Complaint and, on that basis, Defendant denies all such allegations.

60.     Paragraph 60 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

61.     Paragraph 61 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant admits that he incorporated RKO. To the extent a further

LARSON
LOS ANGELES

14

PAUL G. METCHIK'S ANSWER TO COMPLAINT

response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 61 of the Complaint and, on that basis, Defendant denies all such allegations.

62. Paragraph 62 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant admits that in 1985, Defendant worked as the Rossi King Organization's general counsel. Defendant denies that he is RKO's general counsel. Defendant admits that he was formerly a partner at Fell, Marking, Abkin and Montgomery. To extent a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 62 of the Complaint, and, on that basis, Defendant denies all such allegations.

63. Paragraph 63 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

64. Paragraph 64 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

65. Paragraph 65 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik admits that he has a financial interest in two entities that John E. King is involved in. Metchik denies that he has had a "long-term business relationship" with John E. King. To extent a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 65 of the Complaint, and, on that basis, Defendant denies all such allegations.

66. Paragraph 66 of the Complaint contains opinions, legal conclusions

and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant denies the allegations forth in Paragraph 66 of the Complaint to the extent the allegation is related to that Defendant. To the extent a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 66 of the Complaint and, on that basis, Defendant denies all such allegations.

67.     Paragraph 67 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 67 of the Complaint to the extent the allegation is related to Defendant. To the extent a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 67 of the Complaint and, on that basis, Defendant denies all such allegations.

68.     Paragraph 68 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 68 of the Complaint and, on that basis, Defendant denies all such allegations.

69.     Paragraph 69 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 69 of the Complaint and, on that basis, Defendant denies all such allegations.

70.     Paragraph 70 of the Complaint contains opinions, legal conclusions

LARSON
LOS ANGELES

16

and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 70 of the Complaint and, on that basis, Defendant denies all such allegations.

71.    Paragraph 71 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 71 of the Complaint and, on that basis, Defendant denies all such allegations.

72.    Paragraph 72 and footnotes 4 and 5 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

73.    Paragraph 73 and footnotes 6 and 7 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

74.    Paragraph 74 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

75.    Paragraph 75 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

76.    Paragraph 76 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Metchik admits that Textron recorded abstracts of judgment in San Luis Obispo County, Texas, and Hawaii. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity

of the remaining allegations set forth in Paragraph 76 of the Complaint, and, on that basis, Defendant denies all such allegations.

77.    Paragraph 77 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 77 of the Complaint, and, on that basis, Defendant denies all such allegations.

78.    Paragraph 78 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 78 of the Complaint, and, on that basis, Defendant denies all such allegations.

79.    Paragraph 79 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 79 of the Complaint, and, on that basis, Defendant denies all such allegations.

80.    Paragraph 80 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 80 of the Complaint, and, on that basis, Defendant denies all such allegations.

81.    Paragraph 81 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response

LARSON
LOS ANGELES

18

PAUL G. METCHIK'S ANSWER TO COMPLAINT

is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 81 of the Complaint, and, on that basis, Defendant denies all such allegations.

82.    Paragraph 82 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 82 of the Complaint, and, on that basis, Defendant denies all such allegations.

83.    Paragraph 83 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 83 of the Complaint, and, on that basis, Defendant denies all such allegations.

84.    Paragraph 84 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 84 of the Complaint, and, on that basis, Defendant denies all such allegations.

85.    Paragraph 85 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 85 of the Complaint, and, on that basis, Defendant denies all such allegations.

86.     Paragraph 86 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 86 of the Complaint, and, on that basis, Defendant denies all such allegations.

87.     Paragraph 87 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 87 of the Complaint, and, on that basis, Defendant denies all such allegations.

88.     Paragraph 88 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 88 of the Complaint, and, on that basis, Defendant denies all such allegations.

89.     Paragraph 89 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 89 of the Complaint, and, on that basis, Defendant denies all such allegations.

90.     Paragraph 90 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining

allegations set forth in Paragraph 90 of the Complaint, and, on that basis, Defendant denies all such allegations.

91. Paragraph 91 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 91 of the Complaint, and, on that basis, Defendant denies all such allegations.

92. Paragraph 92 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 92 of the Complaint, and, on that basis, Defendant denies all such allegations.

93. Paragraph 93 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 93 of the Complaint, and, on that basis, Defendant denies all such allegations.

94. Paragraph 94 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 94 of the Complaint, and, on that basis, Defendant denies all such allegations.

95. Paragraph 95 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response

is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 95 of the Complaint, and, on that basis, Defendant denies all such allegations.

96.    Paragraph 96 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 96 of the Complaint, and, on that basis, Defendant denies all such allegations.

97.    Paragraph 97 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 97 of the Complaint, and, on that basis, Defendant denies all such allegations.

98.    Paragraph 98 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 98 of the Complaint, and, on that basis, Defendant denies all such allegations.

99.    Paragraph 99 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Metchik admits that the King Family entered into the Textron Satisfaction Agreement. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 99 of the Complaint, and, on that basis, Defendant

denies all such allegations.

100.   Paragraph 100 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 100 of the Complaint, and, on that basis, Defendant denies all such allegations.

101.   Paragraph 101 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 101 of the Complaint, and, on that basis, Defendant denies all such allegations.

102.   Paragraph 102 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 102 of the Complaint, and, on that basis, Defendant denies all such allegations.

103.   Paragraph 103 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 103 of the Complaint, and, on that basis, Defendant denies all such allegations.

104.   Paragraph 104 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant denies the allegations

LARSON
LOS ANGELES

23

forth in Paragraph 104 of the Complaint to the extent the allegations are related to Defendant. To the extent a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 104 of the Complaint and, on that basis, Defendant denies all such allegations.

105.   Paragraph 105 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant denies the allegations forth in Paragraph 105 of the Complaint to the extent the allegations are related to Defendant. To the extent a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 105 of the Complaint and, on that basis, Defendant denies all such allegations.

106.   Paragraph 106 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik denies that he was the King Family's "long-time partner and counsel." Metchik denies that the King Family acted through him. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

107.   Paragraph 107 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant denies the allegations forth in Paragraph 107 of the Complaint to the extent the allegations are related to Defendant. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

108.   Paragraph 108 of the Complaint contains opinions, legal conclusions

LARSON
LOS ANGELES

24

PAUL G. METCHIK'S ANSWER TO COMPLAINT

and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant denies the allegations forth in Paragraph 108 of the Complaint to the extent the allegations are related to Defendant. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

109.   Paragraph 109 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant denies the allegations forth in Paragraph 109 of the Complaint to the extent the allegations are related to Defendant. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

110.   Paragraph 110 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant denies the allegations forth in Paragraph 110 of the Complaint to the extent the allegations are related to Defendant. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

111.   Paragraph 111 and footnote 8 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant denies the allegations forth in Paragraph 111 and footnote 8 of the Complaint to the extent the allegations are related to Defendant. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

112.   Paragraph 112 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant denies the allegations forth in Paragraph 112 of the Complaint to the extent the allegations are related to Defendant. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

113.   Paragraph 113 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

114.   Paragraph 114 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

115.   Paragraph 115 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

116.   Paragraph 116 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

117.   Paragraph 117 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

118.   Paragraph 118 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

119.   Paragraph 119 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

120.   Paragraph 120 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant denies the allegations forth in Paragraph 120 of the Complaint to the extent the allegations are related to Defendant. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

121.   Paragraph 121 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

122.   Paragraph 122 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik admits that on or about July 22, 2016, in the *Vaquero* Action, Metchik, acting on behalf of ORKA, Metchik prepared and signed Process Receipt and Returns instructing the United States Marshal to levy upon the interests of John and Carole King in the properties located at 1009-1025 Monterey Street and 1035-

1037 Monterey Street in San Luis Obispo, California. Metchik denies that the levies were sham levies. Metchik admits that he then directed service of notices as required by law. Metchik denies that any such conduct was "in furtherance of the Enterprise's scheme to enforce on falsely inflated judgment balances and obstruct legitimate creditor recoveries from more junior creditors."

123.   Paragraph 123 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik admits that on or around April 5, 2017, Metchik filed an Affidavit and Request for Order Authorizing Sale with this Court in the *Vaquero* Action. Metchik denies making any material omissions. Metchik denies omitting reference to any amounts received for the Textron Judgments. Metchik denies that his identification of the judgment balance for the Vaquero Judgment was false. Metchik admits that he sought and obtained Court authorization for the U.S. Marshal to sell John's 50% interest and Carole's 50% interest in these Monterey Street properties towards satisfaction of the *Vaquero* Judgment. Metchik denies that the execution sales were a sham. To the extent a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 123 of the Complaint and, on that basis, Defendant denies all such allegations.

124.   Paragraph 124 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik admits that ORKA made a successful credit bid of $6,000 at the execution sale, taking John and Carole's combined 50% interest in 1009-1025 and 1035-1037 Monterey Street subject to existing senior liens and encumbrances. To the extent a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 124 of the Complaint and, on that basis, Defendant denies all such allegations.

LARSON
LOS ANGELES

28

PAUL G. METCHIK'S ANSWER TO COMPLAINT

125. Paragraph 125 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

126. Paragraph 126 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik admits that ORKA made a successful credit bid of $6,000 at the execution sale, taking John and Carole's combined 50% interest in 1009-1025 and 1035-1037 Monterey Street subject to existing senior liens and encumbrances. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

127. Paragraph 127 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik admits that he recorded a grant deed transferring ORKA's interest in 1009-1025 Monterey Street to 1023 Monterey Investors. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

128. Paragraph 128 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik admits that he recorded a grant deed transferring ORKA's interest in 1035-1037 Monterey Street to 1035 Monterey Investors. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

129. Paragraph 129 of the Complaint contains opinions, legal conclusions

and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik admits that ORKA made a successful credit bid of $6,000 at the execution sale, taking John and Carole's combined 50% interest in 2015 Monterey Street and 2121 Monterey Street in San Luis Obispo, California subject to existing senior liens and encumbrances. Defendant denies the allegations forth in Paragraph 129 of the Complaint to the extent the allegations are related to Defendant. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

130.   Paragraph 130 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

131.   Paragraph 131 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant denies the allegations set forth in Paragraph 131 of the Complaint to the extent the allegations are related to Defendant. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

132.   Paragraph 132 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant denies the allegations set forth in Paragraph 132 of the Complaint to the extent the allegations are related to Defendant. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

LARSON
LOS ANGELES

PAUL G. METCHIK'S ANSWER TO COMPLAINT

133. Paragraph 133 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

134. Paragraph 134 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik admits that he is AKRO's organizer and agent for service of process. Metchik admits that JG and Rossi formed AKRO on or around June 5, 2020. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

135. Paragraph 135 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik admits that, on behalf of OKRA, Metchik filed the two Assignments of Judgment and Acknowledgements of Assignments in the in the *Vaquero* Action and the *Spanish Springs II* Action. Metchik denies that he inflated judgment balances, interests, and/or costs. Metchik denies that he and omitting material facts under penalty of perjury.

136. Paragraph 136 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik admits that, on behalf of AKRO, Metchik filed an Affidavit and Request for Issuance of Writ of Execution in the Textron Action, specifically the *Vaquero* Action. Metchik denies that he inflated judgment balances, interests, and/or costs. Metchik denies that he omitted material facts under penalty of perjury.

137. Paragraph 137 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik admits that or around December 23, 2020, on behalf of AKRO,

he signed a Process Receipt and Return instructing the US. Marshal to levy upon the King Family's interests in real property located at 250 Avila Beach Drive, San Luis Obispo, California. Metchik denies that he prepared a fraudulent affidavit. Metchik admits that he signed a Process Receipt and return related to 6900 Ontario Road. Metchik admits that he prepared an affidavit to acquire court orders authorizing the sale of these properties. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

138. Paragraph 138 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik admits that, on November 3, 2021, Metchik, acting on behalf of AKRO, filed a state court action to enforce the federal *Spanish Springs II* Judgment against John, and Metchik further admits that he signed an Application and Order for Appearance and in the Superior Court of California, County of San Luis Obispo, Case No. 21CV-0621. Metchik admits that Metchik concurrently filed a sworn declaration that Textron obtained the *Spanish Springs II* Judgment in 2010, Textron assigned the *Spanish Springs II* Judgment to ORKA in 2016, ORKA assigned the *Spanish Springs II* Judgment to AKRO in 2020, and the outstanding balance of the *Spanish Springs II* Judgment was $1,143,181.43. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

139. Paragraph 139 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik admits that John's judgment debtor examination ("JDE") was scheduled for January 6, 2026. Metchik admits that, on behalf of AKRO, Metchik took the JDE. Metchik denies that ORAP lien is a sham. To the extent that a further

response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

140.    Paragraph 140 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik admits that on or around February 4, 2022, Metchik filed a Motion for Charging Order on behalf of AKRO in the *Spanish Springs II Action*, against King Family entities Nipomo Properties LLC, Oak Shores Group LLC, Shaffer Lane LLC, Hunter Ranch Golf Course LLC (formerly SLO Investments LLC), and SLO South Higuera, LLC, and debtors Higuera and Spanish Vineyards. Metchik denies that the charging orders were a sham. Metchik admits that he took the JDE of John E. King. Metchik denies that the JDE was a sham. Metchik denies that John E. King is his client. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

141.    Paragraph 141 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik admits that he represented that John testified at his JDE on January 6, 2022, that John and/or Carole own membership interests in the limited liability companies listed in the prior paragraph. Metchik admits that he did not attach a transcript of the examination but denies that a transcript was required. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

142.    Paragraph 142 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik denies that he "concealed" information from the Court. To the

extent that a further response is required: (i) Metchik denies that he has been "business partners" with John E. King for 40 years; (ii) Metchik denies that he is currently "business partners" with John E King, JG, and/or Rossi; (iii) Metchik admits that he owns shares in RKO, the corporation; (iv) Metchik admits that he formed Sperry Flour LLC and that he has an ownership interest in Sperry Flour LLC, and further admits that John and JG have ownership interests in the LLC; (v) Metchik admits that he formed Napa River Inn LLC which later changed its name to Oak Shores Group LLC.

143.   Paragraph 143 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant admits that on or around March 10, 2022, Judge Stevenson issued a Report and Recommendation to deny the Motion for Charging Order.

144.   Paragraph 144 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik admits that on or around March 30, 2022, he filed a 14-page Objection to Judge Stevenson's Report and Recommendation responding to Judge Stevenson's Report. Metchik denies that he was required to attach a transcript of the JDE of John King.

145.   Paragraph 145 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik admits that in response to Judge Stevenson's Report and Recommendation, Metchik filed three statements filed by Oak Shores Group LLC with the California Secretary of State. Metchik denies that he was required to attach Oak Shores Group LLC's formation document from 1999.

146.   Paragraph 146 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant admits that on or around April 6, 2022, Judge Stevenson issued and Amended Report and Recommendation. To the extent that a further

response is required, Defendant denies the allegations that are related to him and Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

147.   Paragraph 147 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant admits that on or around April 6, 2022, Judge Stevenson issued an Amended Report and Recommendation to grant the Motion for Charging Order. To the extent that a further response is required, Defendant denies the allegations that are related to him and Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

148.   Paragraph 148 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant admits that on or around April 28, 2022, this Court issued an order accepting the Amended Report and Recommendation and issued the charging order.

149.   Paragraph 149 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

150.   Paragraph 150 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

151.   Paragraph 151 of the Complaint contains opinions, legal conclusions

and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a further response is required, Defendant denies the allegations that are related to him and Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

152.   Paragraph 152 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

153.   Paragraph 153 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant denies the allegations forth in Paragraph 153 to the extent the allegation is related to Defendant and Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

154.   Paragraph 154 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant denies the allegations forth in Paragraph 154 to the extent the allegation is related to Defendant and Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

155.   Paragraph 155 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the

remaining allegations and, on that basis, Defendant denies all such allegations.

156.   Paragraph 156 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

157.   Paragraph 157 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

158.   Paragraph 158 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

159.   Paragraph 159 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

160.   Paragraph 160 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a further response is required, Defendant denies the allegations that are related to him and Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

161.   Paragraph 161 of the Complaint contains opinions, legal conclusions

LARSON
LOS ANGELES

PAUL G. METCHIK'S ANSWER TO COMPLAINT

and/or interpretations of facts and/or law rather than allegations to which a response is required.

162.    Paragraph 162 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

163.    Paragraph 163 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

164.    Paragraph 164 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

165.    Paragraph 165 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

166.    Paragraph 166 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

167.    Paragraph 167 of the Complaint contains opinions, legal conclusions

and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

168.   Paragraph 168 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

169.   Paragraph 169 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

170.   Paragraph 170 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

171.   Paragraph 171 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant denies the allegations that are related to him and Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

172.   Paragraph 172 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient

LARSON
LOS ANGELES

PAUL G. METCHIK'S ANSWER TO COMPLAINT

knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

173. Paragraph 173 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

174. Paragraph 174 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

175. Paragraph 175 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

176. Paragraph 176 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

177. Paragraph 177 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

178. Paragraph 178 of the Complaint contains opinions, legal conclusions

and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

179.   Paragraph 179 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

180.   Paragraph 180 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

181.   Paragraph 181 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

182.   Paragraph 182 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

183.   Paragraph 183 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining

allegations set forth in Paragraph 183 of the Complaint, and, on that basis, Defendant denies all such allegations.

184. Paragraph 184 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 184 of the Complaint, and, on that basis, Defendant denies all such allegations.

185. Paragraph 185 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 185 of the Complaint, and, on that basis, Defendant denies all such allegations.

186. Paragraph 186 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 186 of the Complaint, and, on that basis, Defendant denies all such allegations.

187. Paragraph 187 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant denies the allegations that are related to him and Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

188. Paragraph 188 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response

is required. Metchik admits that he, GMH attorneys and Glick communicated regarding the foreclosures of 250 Avila Beach Drive and 6900 Ontario Road on or around January 8, 2024. Metchik denies "coordinating" foreclosures. Metchik admits that he placed the legal notices of sale in the San Luis Obispo Tribune on or around January 10, 2024. To the extent a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 188 of the Complaint, and, on that basis, Defendant denies all such allegations.

189.   Paragraph 189 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

190.   Paragraph 190 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

191.   Paragraph 191 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik admits that on or around October 2, 2024, Metchik received an email from JG. Metchik admits that on or January 6, 2025, Metchik received an email from Michael Haupt. For the remaining allegations in Paragraph 191, Defendant denies the allegations forth in Paragraph 191 of the Complaint to the extent the allegation is related to Defendant and for all other allegations is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 191 of the Complaint and, on that basis, Defendant denies all such allegations.

192.   Paragraph 192 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant denies the allegations that are related to him and Defendant is without sufficient knowledge or

information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

193.   Paragraph 193 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 193 of the Complaint, and, on that basis, Defendant denies all such allegations.

194.   Paragraph 194 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 194 of the Complaint, and, on that basis, Defendant denies all such allegations.

195.   Paragraph 195 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant denies the allegations forth in Paragraph 195 of the Complaint to the extent the allegation is related to Defendant, and as to the remaining allegations Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 195 of the Complaint, and, on that basis, Defendant denies all such allegations

196.   Paragraph 196 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent a response is required, Defendant denies the allegations forth in Paragraph 196 of the Complaint to the extent the allegation is related to Defendant, and as to the remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining

LARSON
LOS ANGELES

44

allegations set forth in Paragraph 196 of the Complaint, and, on that basis, Defendant denies all such allegations.

197.   Paragraph 197 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 197 of the Complaint, and, on that basis, Defendant denies all such allegations.

198.   Paragraph 198 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 198 of the Complaint, and, on that basis, Defendant denies all such allegations.

199.   Paragraph 199 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 199 of the Complaint, and, on that basis, Defendant denies all such allegations.

200.   Paragraph 200 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 200 of the Complaint, and, on that basis, Defendant denies all such allegations.

201.   Paragraph 201 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response

is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 201 of the Complaint, and, on that basis, Defendant denies all such allegations.

202.   Paragraph 202 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 202 of the Complaint, and, on that basis, Defendant denies all such allegations.

203.   Paragraph 203 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 203 of the Complaint, and, on that basis, Defendant denies all such allegations.

204.   Paragraph 204 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

205.   Paragraph 205 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant denies the allegations that are related to him and Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

206.   Paragraph 206 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant denies the

PAUL G. METCHIK'S ANSWER TO COMPLAINT

allegations that are related to him and Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

207. Paragraph 205 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

208. Paragraph 208 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant denies the allegations that are related to him and Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

209. Paragraph 209 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant denies the allegations that are related to him and Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

210. Paragraph 210 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

211. Paragraph 211 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

212. Paragraph 212 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

213. Paragraph 213 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

214. Paragraph 214 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant denies the allegations that are related to him and Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

215. Paragraph 215 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant denies the allegations that are related to him and Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

216. Paragraph 216 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

217. Paragraph 217 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant denies that Plaintiff has been harmed. Defendant admits that

LARSON
LOS ANGELES

48

public notices in The Tribune, a San Luis Obispo newspaper, announcing planned U.S. Marshal's sales of the King Family's interests in eight acres of vacant land at 6900 Ontario Road and the Avila Hot Springs property located at 250 Avila Beach Drive. Metchik admits that the properties were sold as part of an execution sale on or around February 7, 2024. Metchik denies that he concealed the foreclosures. Metchik admits that he recorded the U.S. Marshal's Deed on or around November 21, 2025. Metchik denies that he engaged in any illegal acts. Metchik denies that any of his acts were in furtherance of a RICO conspiracy. To the extent a further response is required, Defendant denies the allegations that are related to him and Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

218.    Paragraph 218 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. To the extent that a response is required, Defendant denies the allegations that are related to him and Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, Defendant denies all such allegations.

<u>**FIRST CLAIM FOR RELIEF**</u>

**(Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) — Against all Defendants)**

219.    Defendant incorporates by reference his responses to the preceding paragraphs as if fully stated herein in response to Paragraph 219 of the Complaint.

220.    Paragraph 220 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant denies that he is a member of the "Enterprise" as defined in footnote 9. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in footnote 9 of

the Complaint and, on that basis, Defendant denies all such allegations.

221. Paragraph 221 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

a. Paragraph 221(a) of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant denies the allegations set forth in Paragraph 221(a) of the Complaint to the extent the allegation is related to Defendant. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 221(b) of the Complaint and, on that basis, Defendant denies all such allegations.

b. Paragraph 221(b) of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 221(b) of the Complaint and, on that basis, Defendant denies all such allegations.

c. Paragraph 221(c) of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

d. Paragraph 221(d) of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 221(d) of the Complaint and, on that basis, Defendant denies all such allegations.

e. Paragraph 221(e) of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to

which a response is required. Defendant denies the allegations set forth in Paragraph 221(e) of the Complaint to the extent the allegation is related to Defendant and for all other allegations is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 221(e) of the Complaint and, on that basis, Defendant denies all such allegations.

f.      Paragraph 221(f) of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Metchik **denies** that he knowingly prepared, signed, and electronically filed via CM/ECF numerous documents containing material falsehoods, including but not limited to: affidavits and applications for writs of execution that grossly inflated the balances of the Textron Judgments; the December 19, 2019 renewal of the Textron Judgments for a combined $6,307,796.76; motions and proposed charging orders; and the state-court ORAP examination application that created and extended a sham lien against all of John's personal property through March 2026. Metchik denies the he had knowledge that these filings were being used to hinder, delay, and defraud any creditors. Defendant further denies that he willfully authored and used the Court's CM/ECF system to electronically file multiple fraudulent judgment renewals, writ applications, and/or charging order motions, and further denies making any knowingly false representations concerning the Textron judgment balances as exceeding $6 million. Metchik denies that the debt had been fully satisfied. Metchik denies concealing any status from the court.

g.      Paragraph 221(g) of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant denies the allegations set forth in Paragraph 221(g) of the Complaint to the extent the allegation is related to Defendant and for all other allegations is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 221(g) of the Complaint and, on that basis, Defendant denies all such allegations.

LARSON
LOS ANGELES

51

PAUL G. METCHIK'S ANSWER TO COMPLAINT

h.      Paragraph 221(h) of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 221(h) of the Complaint and, on that basis, Defendant denies all such allegations.

i.      Paragraph 221(i) of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 221(i) of the Complaint and, on that basis, Defendant denies all such allegations.

j.      Paragraph 221(j) of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 221(j) of the Complaint and, on that basis, Defendant denies all such allegations.

k.      Paragraph 221(k) of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 221(k) of the Complaint and, on that basis, Defendant denies all such allegations.

l.      Paragraph 221(l) of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set

LARSON
LOS ANGELES

PAUL G. METCHIK'S ANSWER TO COMPLAINT

forth in Paragraph 221(l) of the Complaint and, on that basis, Defendant denies all such allegations.

m.     Paragraph 221(m) of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 221(m) of the Complaint and, on that basis, Defendant denies all such allegations.

222.   Paragraph 222 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

223.   Paragraph 223 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

224.   Paragraph 224 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant denies the allegations set forth in Paragraph 224 of the Complaint to the extent the allegation is related to Defendant and for all other allegations is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 224 of the Complaint and, on that basis, Defendant denies all such allegations.

225.   Paragraph 225 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant denies the allegations forth in Paragraph 225 of the Complaint to the extent the allegation is related to Defendant and for all other allegations is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 225 of the Complaint and, on that basis, Defendant denies all such allegations.

226. Paragraph 226 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant denies the allegations forth in Paragraph 226 of the Complaint to the extent the allegation is related to Defendant and for all other allegations is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 226 of the Complaint and, on that basis, Defendant denies all such allegations.

227. Paragraph 227 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant denies the allegations set forth in Paragraph 227 of the Complaint to the extent the allegation is related to Defendant and for all other allegations is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 227 of the Complaint and, on that basis, Defendant denies all such allegations. Defendant denies that Plaintiffs were injured.

228. Paragraph 228 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

## SECOND CLAIM FOR RELIEF

**(Civil RICO Conspiracy – 18 U.S.C. § 1962(d) – Against all Defendants)**

229. Defendant incorporates by reference his responses to the preceding paragraphs as if fully stated herein in response to Paragraph 229 of the Complaint.

230. Paragraph 230 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant denies the allegations set forth in Paragraph 230 of the Complaint to the extent the allegation is related to Defendant and for all other allegations is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 230 of the

Complaint and, on that basis, Defendant denies all such allegations

231.   Paragraph 231 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant denies the allegations set forth in Paragraph 231 of the Complaint to the extent the allegation is related to Defendant and for all other allegations is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 231 of the Complaint and, on that basis, Defendant denies all such allegations

232.   Paragraph 232 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant denies the allegations set forth in Paragraph 232 of the Complaint to the extent the allegation is related to Defendant and for all other allegations is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 232 of the Complaint and, on that basis, Defendant denies all such allegations.

a.    Paragraph 232(a) of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant denies the allegations set forth in Paragraph 232(b) of the Complaint to the extent the allegation is related to Defendant and for all other allegations is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 232(a) of the Complaint and, on that basis, Defendant denies all such allegations

b.    Paragraph 232(b) of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

c.    Paragraph 232(c) of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant denies the allegations set forth in Paragraph

232(c) of the Complaint to the extent the allegation is related to Defendant and for all other allegations is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 232(c) of the Complaint and, on that basis, Defendant denies all such allegations.

d.   Paragraph 232(d) of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant denies the allegations set forth in Paragraph 232(d) of the Complaint to the extent the allegation is related to Defendant and for all other allegations is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 232(d) of the Complaint and, on that basis, Defendant denies all such allegations.

e.   Paragraph 232(e) of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant denies the allegations set forth in Paragraph 232(e) of the Complaint to the extent the allegation is related to Defendant.

233.   Paragraph 233 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant denies the allegations set forth in Paragraph 233 of the Complaint to the extent the allegation is related to Defendant and for all other allegations is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 233 of the Complaint and, on that basis, Defendant denies all such allegations

234.   Paragraph 234 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required. Defendant denies the allegations set forth in Paragraph 234 of the Complaint to the extent the allegation is related to Defendant and for all other allegations is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 234 of the

LARSON
LOS ANGELES

PAUL G. METCHIK'S ANSWER TO COMPLAINT

Complaint and, on that basis, Defendant denies all such allegations

235.   Paragraph 235 of the Complaint contains opinions, legal conclusions and/or interpretations of facts and/or law rather than allegations to which a response is required.

## PRAYER FOR RELIEF

WHEREFORE, Defendant denies that Plaintiffs have been injured or damaged in any amount, or at all and that Plaintiffs are entitled to any remedy.

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the affirmative defenses set forth below. By stating these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. These defenses are pled in the alternative and do not constitute an admission of liability or an admission as to whether Plaintiffs are entitled to any relief. Defendant also affirms that he may have additional defenses or claims available to him, of which he is not now aware and which he does not waive by asserting the following affirmative defenses. Defendant reserves the right to assert additional defenses or claims that may be revealed through discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations. Furthermore, Plaintiffs' claims are not saved by equitable tolling, equitable estoppel, or any purported fraudulent concealment.

## THIRD AFFIRMATIVE DEFENSE
### (No Legal Cause)

Plaintiffs' claims are barred, in whole or in part, because no conduct by

Defendant was the legal cause of any alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs' claims are barred, in whole or in part, because of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' claims are barred, in whole or in part, because of laches.

### SIXTH AFFIRMATIVE DEFENSE

### (Lack of Standing – no injury)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing as they have not suffered a legally cognizable injury.

### SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing – no assignment)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert civil RICO claims of East West Bank and/or Insurance Company of the West as Plaintiffs have admitted that they have not been assigned any civil RICO Claims in this action.

### EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiffs' causes of action, and each of them, are barred, in whole or in part, by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

### (Collateral Estoppel)

Plaintiffs' causes of action, and each of them, are barred, in whole or in part, by the doctrine of collateral estoppel. Plaintiffs are attempting to relitigate issues that they could have raised in prior proceedings but failed to do so.

## TENTH AFFIRMATIVE DEFENSE

### (Res Judicata)

Plaintiffs' causes of action, and each of them, are barred, in whole or in part, by the doctrine of res judicata.

## ELEVENTH AFFIRMATIVE DEFENSE

### (*Noerr-Pennington* Doctrine)

Plaintiffs' causes of action, and each of them, are barred whole or in part, by the *Noerr-Pennington* Doctrine. No sham exception to *Noerr-Pennington* applies to the complained of conduct.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' causes of action, and each of them, are barred, in whole or in part, by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Privilege/Justification)

Defendant's acts or omission, if any, were justified and/or privileged under applicable statutory and/or common law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate damages)

Plaintiffs' claims are limited by their failure to exercise a reasonable effort to mitigate their claimed damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Plaintiffs' claims are barred, in whole or in part, because of Plaintiffs' assumption of risk. Plaintiffs knowingly and voluntarily became assignees of junior uncollected judgments, which included the risks inherent in judgment collection. By doing so, Plaintiffs assumed the risk of any alleged injury stemming from the very judgments they were assigned and is now barred from recovery.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Third-Party Fault)

Plaintiffs' damages claims are barred to the extent that Plaintiffs' damages, if any damages exist, are the proximate result of the acts or omissions of third parties over which Defendant has no control, including, but not limited to, co-defendants and nonparties.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Join an Indispensable Party/ies)

Plaintiffs' causes of action, and each of them, are barred, in whole or in part, because Plaintiffs failed to join an indispensable party/ies.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiffs' causes of action, and each of them, are barred in whole or in part because Plaintiffs would be unjustly enriched if allowed to recover.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Contributory Negligence/Comparative Fault)

Plaintiffs' causes of action, and each of them, are barred, in whole or in part, because Plaintiffs were contributorily negligence and/or comparatively at fault. Plaintiffs did not exercise ordinary care, caution and prudence in connection with the transactions and events alleged within the Complaint, and plaintiffs are therefore barred entirely from recovery against defendant or alternatively, plaintiffs should have the recovery, if any, reduced proportionately.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiffs' causes of action, and each of them, are barred, in whole or in part, because Plaintiffs have not incurred any actual or present damages as a direct and proximate result of Defendant's conduct.

LARSON
LOS ANGELES

60

PAUL G. METCHIK'S ANSWER TO COMPLAINT

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Misrepresentation or Concealment)

Defendant's acts or omission, if any, did not constitute misrepresentations or concealment as alleged in the Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Duty)

Plaintiffs' causes of action, and each of them, are barred, in whole or in part, because Defendant owed no legal duty, and did not breach a legal duty to Plaintiffs.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendant hereby gives notice that he may rely on other defenses if and when such defenses become known during the course of the litigation, and hereby reserves the right to amend his answer and to assert any additional defenses, crossclaims, counterclaims, and third-party claims as they become known or available.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1. That the Complaint be dismissed with prejudice and Plaintiffs recover nothing thereby;

2. That Defendant be awarded their costs incurred herein; and

3. That the Court award such other and further relief as it deems just and equitable.

Dated: June 24, 2026          LARSON LLP

By: _____ */s/ A. Alexander Lowder*
Stephen G. Larson
A. Alexander Lowder
Elizabeth Christianson
Attorneys for Defendant PAUL G. METCHIK

/ / /

/ / /

/ / /

LARSON
LOS ANGELES

61

## JURY DEMAND

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Defendant demands a trial by jury on all issues.

Dated:  June 24, 2026                    LARSON LLP


                                         By:      */s/ A. Alexander Lowder*
                                                  Stephen G. Larson
                                                  A. Alexander Lowder
                                                  Elizabeth Christianson
                                         Attorneys for Defendant PAUL G. METCHIK

LARSON
LOS ANGELES

PAUL G. METCHIK'S ANSWER TO COMPLAINT